## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Don's Hydraulics, Inc.** | : | |
| **Plaintiff** | : | **Civil Action No.:  04-1275** |
| | : | |
| **vs.** | : | |
| | : | |
| **Colony Insurance Company and** | : | |
| **Truck Tech Industries, Inc., and** | : | |
| **Tipco Technologies, Inc.** | : | |

### DEFENDANT, COLONY INSURANCE COMPANY'S
### MOTION FOR SUMMARY JUDGMENT

Defendant, Colony Insurance Company, by and through its undersigned attorney, hereby moves this Honorable Court to enter an order granting Summary Judgment against Plaintiff and in favor of Defendant, Colony Insurance Company, and in support thereof aver the following:

1.      In September 2003, Plaintiff, Don's Hydraulics ("Don's"), performed work on a hydraulic power unit for Fieldale Farms, located in Gainesville, Georgia.

2.      At the time the work was performed, Don's was covered by a Commercial General Liability Insurance Policy ("the policy") issued by Defendant, Colony Insurance Company ("Colony").  The policy (Policy No. GL 123393) was in effect from July 28, 2003 until July 28, 2004.  Exhibit "A".

3.      As part of the work for Fieldale Farms, Don's purchased twenty suction hoses from Truck Tech Industries, Inc. ("Truck Tech").  See Response to Interrogatory number 2, attached hereto as Exhibit "B".

4.      These hoses, manufactured by Tipco Technologies, Inc. ("Tipco"), were inspected by Don's and returned on two different occasions due to concerns by Don's

that the internal stems turned on the inside of the hoses.  See Response to Interrogatory number 2, attached hereto as Exhibit "B".

5.     One day before Don's pumps and hoses were due to be shipped to Fieldale Farms, Don's received from Truck Tech a third set of hoses.  After examining the hoses, Don's felt these hoses were suitable for the job and accepted them.  See Response to Interrogatory number 2, attached hereto as Exhibit "B"

6.     Upon installation of the pumps and hoses at the Fieldale Farms project, Don's noticed a lot of air in the system and feared it was due to the hoses.  See Response to Interrogatory number 2, attached hereto as Exhibit "B".

7.     Attempts to repair the situation failed and the leaks in the hoses eventually allowed air into the pumps resulting in damage to the hoses, pumps and hydraulic power unit.  See Response to Interrogatory number 2, attached hereto as Exhibit "B"

8.     As a result of the damages incurred by the faulty hoses, Don's incurred over $200,000 in damages.  After unsuccessful attempts to collect the damages from Truck Tech and Tipco, Don's now seeks reimbursement under the commercial general liability insurance policy issued by Colony.  Exhibit "C".

9.     Specifically, Don's seeks to recover, $92,168.52[1] plus interest for costs to perform repairs to the hydraulic power unit, $100,774.50 for costs incurred by Fieldale Farms for having to shut down the plant for necessary repairs, and $15,357.74 for the cost to replace the defective pumps.  Exhibit "D"

10.     Of the $100,774.50 cost incurred by Fieldale Farms for having to shut down the plant during the repair, Colony has paid $16,569.60 under the policy.  Exhibit "E".  This amount represents the cost to clean up the oil spill that resulted from the

---

[1] The itemized list attached to Mr. Tighe's February 12, 2004 letter, attached hereto as Exhibit "D", and referenced in the letter totals $94,229.05, which is $2,060.53 greater than the amount demanded by Mr. Tighe in his letter.

pumps failure. Coverage for the oil spill clean up is provided for by the policy. However, the $84,204.90 cost to Fieldale Farms for the plant shutdown is excluded as damage to property under Section I, 2, j, (6) of the policy. This section excludes damages incurred to restore, repair or replace tangible property that is physically injured or damages incurred as a result of loss of use of tangible property due to work which was incorrectly performed by Don's.

11.    Recovery for the remaining damages sought by Don's is expressly excluded by the terms of the insurance policy at issue.

12.    Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, "a party against whom a claim ... is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

13.    Summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.C.P. 56(c).

14.    When deciding summary judgment motions, the court cannot weight evidence or make credibility determinations. The court must only determine whether there is a genuine issue of fact for trial. *Anderson et al. v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.")

15.    To defeat summary judgment the adverse party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*

*Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

16.     The Third Circuit has held the construction of an insurance policy is a question of law for the court to decide.  *J.C. Penney Life Ins. Co. v. Christian J. Pilosi*, 393 F.3d 356 (3rd Cir. 2004)("The interpretation of the scope of coverage of an insurance contract is a question of law properly decided by the court...."); *CIGNA Ins. Co., v. Didimoi Property Holdings*, 110 F. Supp. 2d 259 (2000)("The interpretation of insurance contracts is a question of law.")

17.     The rights and responsibilities of the parties under the policy are dictated by the terms of the policy.  *CIGNA Ins. Co., v. Didimoi Property Holdings*, 110 F. Supp. 2d 259, 264 (2000).

18.     The terms of the policy at issue clearly and unambiguously exclude from coverage the type of damages Don's is attempting to recovery from Colony.

19.     The policy provides, "We [Colony] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  Exhibit "A"

20.     The insurance policy expressly excludes:

> **2.     Exclusions**
> This insurance does not apply to:
>
> **j.     Damage To Property**
> "Property damage" to:
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> **k.     Damage To Your Product**
> "Property damage" to "your product" arising out of it or any part of it.
>
> **l.     Damage To Your Work**

4

"Property damage" to "your work" arising
out of it or any part of it and included in the
"products-completed operations hazard".
*See* Section I (2) of Exhibit "A".

21.    Property Damage is defined as  "[p]hysical injury to tangible property,

including all resulting loss of use of that property," or "[l]oss of use of tangible property

that is not physically injured."  *See* Section V (17) of Exhibit "A".

22.    Your Product is defined as "(1) Any goods or products, other than real

property, manufactured, sold, handled, distributed or disposed of by: (a) You; (b) Others

trading under your name; or (c) A person or organization whose business or assets you

have acquired...."  *See* Section V (21) of Exhibit "A".

23.    Your Work is defined as "(1) Work or operations performed by you or on

your behalf; and (2) Materials, parts or equipment furnished in connection with such

work or operations."  *See* Section V (22) of Exhibit "A"

24.    The damages Don's is attempting to recover are clearly and

unambiguously excluded under the insurance policy as "Damage To Property",

"Damage To Your Product", and "Damage To Your Work".

**WHEREFORE**, Defendant, Colony Insurance Company, respectfully requests

this Honorable Court enter the attached Order granting Defendant, Colony Insurance

Company's, Motion for Summary Judgment against Plaintiff, Don's Hydraulics.


ATTORNEYS FOR COLONY INSURANCE

Anthony A. Figliola, Jr. (I.D. # 957)
FIGLIOLA & FACCIOLO
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460

Joseph M. Toddy
ZARWIN BAUM DeVITO KAPLAN
SCHAER TODDY
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 569-2800

5