FC 6652

# TIGHE, COTTRELL & LOGAN, P.A.

*Attorneys at Law*

704 NORTH KING STREET, SUITE 500
P.O. BOX 1031
WILMINGTON, DELAWARE 19899
Telephone Number: (302) 658-6400
Telecopier Number: (302) 658-9836
Toll Free: (800) 645-6401
WRITER'S EMAIL: m.tighe@lawtcl.com

BRANCH OFFICES:

19 WEST AVENUE
P.O. BOX 303
WOODSTOWN, NJ 08098

110 WEST ROAD
SUITE 245
TOWSON, MD 21204

2017 SPRING GARDEN STREET
PHILADELPHIA, PA 19130-3804

February 12, 2004

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Lisa Lackovitch
Claims Adjuster
Argonaut Group
9201 Forest Hill Avenue
Suite 200
Richmond, VA 23235

  RE: Claim No. 25945
    DOL: 9/15/03
    Insured: Don's Hydraulics
    Claimants: Fieldale Farms
    Our File No. 6652

Dear Ms. Lackovitch:

  This firm represents your insured regarding the above referenced claim. As you are aware, Don's Hydraulics entered into a contract with Fieldale Farms to manufacture a hydraulic power unit for Fieldale Farms. The suction hoses were defective and caused all of the pumps to fail. The hoses were manufactured by Tipco Technologies, Inc. for Truck Tech, Inc. Don Cathall, owner and President of Don's Hydraulics, purchased the hoses from Truck Tech, Inc. As a result of the defective hoses, twenty pumps were destroyed and 4,200 gallons of hydraulic oil were contaminated.

  Further, Don's Hydraulics had to repair the hydraulic power unit. Don's expended $92,168.52 to perform the repairs. Don's was forced to put the majority of these expenses on two credits which has resulted in interests charges of $9.22 and $5.75 per day on each card. A breakdown of these expenses is attached hereto. Further, Fieldale Farms was forced to shut down the plant during

Page 2
Lisa Lackovitch
Don's Hydraulics
February 12, 2004

the repair. Fieldale submitted an invoice to Don's Hydraulics in the amount of $100,774.50, a copy of which is attached. Finally, Don's Hydraulics has received an invoice from Livingston & Haven for the amount still owed for the replacement of the defective pumps in the amount of $15,357.74. Livingston & Haven has demanded payment in full within 90 days. A copy of this correspondence is attached.

As you can see, time is of the essence. Don's Hydraulics made its initial demand to you over 4 months ago, at which time Don's Hydraulics provided you with materials for your review and inspection. Please return those materials.

Don's Hydraulics demands full payment of these claims under Policy No. GL123393 issued within ten (10) days of the date of receipt of this letter. I have been authorized by my client to institute a lawsuit if these claims are not paid with in the time limit.

Very truly yours,

MICHAEL K. TIGHE

MKT
Enclosures

cc: Don Cathall

**Don's Hydraulics, Inc.**
R.R. 7 Box 223C Georgetown DE 19947
Phone # (302)856-1545   Fax # (302)856-1874

| | | |
|---|---|---|
| Sept. 17, 2003 | | |
| 3-Men (D.H.I.) | $1,000.00 Per Man/Per Day | $3,000.00 |
| 60 Miles Travel (D.H.I.) | $   .85 | $     51.00 |
| 2 Motel–Greg Knowles | $ 59.93+70.16 | $   130.09 |
| 1 Motel- Al Collins | $ 59.93 | $     59.93 |
| 1-Motel- Don Cathell | $ 59.93 | $     59.93 |
| Meals, phone, etc. | | $   190.00 |
| 300 –Miles Travel-Charlotte, N.C. | $   .85 | $   255.00 |
| Sept. 18, 2003 | | |
| 3-Men (D.H.I.) | $1,000.00 Per Man/Per Day | $3,000.00 |
| 60 Miles Travel (D.H.I.) | $   .85 | $     51.00 |
| 1-Laundry (3 men) | | $   110.00 |
| 1-Motel- Greg Knowles | $ 59.93 | $     59.93 |
| 1-Motel- Al Collins | $ 59.93 | $     59.93 |
| 1-Motel- Don Cathell | $ 59.93 | $     59.93 |
| Meals, phone, etc. | | $   190.00 |
| 300-Miles Charlotte, NC | $   .85 | $   255.00 |
| Sept. 19, 2003 | | |
| 3-Men (D.H.I.) | $1,000.00 Per Man/Per Day | $3,000.00 |
| 60 Miles Travel (D.H.I.) | $   .85 | $     51.00 |
| 1-Motel- Al Collins | $ 59.93 | $     59.93 |
| 1-Motel- Don Cathell | $ 59.93 | $     59.93 |
| Meals, phone, etc. | | $   196.30 |
| Parts & Tools | | $     44.70 |
| Sept. 20, 2003 | | |
| 6-Men (D.H.I./R.H.I.) | $1,000.00 Per Man/Per Day | $6,000.00 |
| 60 Miles Travel (D.H.I.) | $   .85 | $     51.00 |
| 1-Motel-Al Collins | $ 59.93 | $     59.93 |
| 1-Motel-Don Cathell | $ 59.93 | $     59.93 |
| Meals, phone, etc. | | $   380.00 |
| Sept. 21, 2003 | | |
| 6-Men (D.H.I./R.H.I.) | $1,000.00 Per Man/Per Day | $6,000.00 |
| 60 Miles Travel (D.H.I.) | $   .85 | $     51.00 |
| 1-Motel-Al Collins | $ 59.93 | $     59.93 |
| 1-Motel-Don Cathell | $ 59.93 | $     59.93 |
| Meals, phone, etc. | | $   360.00 |
| Sept. 22, 2003 | | |
| 1,150 Miles Travel (R.H.I.) | $  1.10 | $1,265.00 |
| 6-Men (D.H.I./R.H.I.) | $1,000.00 Per Man/Pr Day | $6,000.00 |
| 60 Miles Travel (D.H.I.) | $   .85 | $     51.00 |
| 1-Motel- Don Cathell | $ 59.93 | $     59.93 |
| 1-Motel-Al Collins | $ 59.93 | $     59.93 |

| | | |
|---|---|---|
| 1-Motel Rob, Buddy, Terry | | $ 266.36 |
| Meals, phone & etc. | | $ 380.00 |

Sept 23, 2003

| | | |
|---|---|---|
| 3-Men (D.H.I.) | $1,000.00 per Man/Per Day | $3,000.00 |
| 25-Miles Travel (D.H.I.) | .85 | $ 21.25 |
| 1-Motel-Greg Knowles | 20th & 23rd | $ 138.16 |
| Meals, Phone, etc. | | $ 370.00 |
| 1-Motel (Don & Al) | | $ 145.86 |

20-Hydraulic Pumps                                            $51,429.02

(Pd.on Master Card @APR 15.97%   $21,071.28 /$9.22 interest per-day
(Pd.on Master Card @APR 13.99%   $15,000.00/$5.75 interest per day
(Interest Beginning 09/20/03 )

Pump inspection meeting 10/31/03 in Georgia
| | |
|---|---|
| 5-Days @ $1,000.00 | $5,000.00 |
| 1650 Miles @.85 | $1,402.50 |
| Motel, Meals and phone | $ 614.72 |

# Fieldale Farms Invoice

**Billing Info:**

| Invoice To: | | | |
|---|---|---|---|
| Customer #: | | | |
| Bill Date: | | | 10/1/03 |

**Billing Details:**

| | | G/L # | Cost |
|---|---|---|---|
| Labor and Overhead Cost for: | | | |
| New Hydraulic System | | | |
| | | | |
| Labor over Standard (Prev. 6 weeks) | $9,388.00 | | |
| Labor over Standard (Wk End Sept 20) | $42,424.00 | | |
| Additional Labor Expense: | | | $ 40,039.00 |
| | | | |
| Production Pounds (Prev. 6 weeks) | 940,004 | | |
| Production Pounds (Wk End Sept 20) | 825,712 | | |
| Additional Overhead Expense: (Lbs x .35) | 163,982 | | $ 40,995.50 |
| | | | |
| Freight Expense: | | | |
| (Eagle Global Logistics) | | | $ 1,050.00 |
| | | | |
| Oil Filtering Expense: | | | $ 16,369.60 |
| (Cat-Puritech) | | | |
| | | | |
| Filter Expense: | | | $ 1,320.40 |
| (Don's Hydraulic) | | | |
| | | | |
| Grand Total Invoice: | | | $ 100,774.50 |



February 4, 2004

①

Mr. Don Cathell
Don's Hydraulics
Route 113, Box 223C
Georgetown, DE 19947

Dear Don:

This letter is to inform you the pumps returned for warranty inspection and consideration have been repaired to factory specifications. These pumps have been fully tested and are ready for shipment. As stated earlier, due to the large, outstanding balance on your account, L & H cannot return the pumps until satisfactory arrangements have been made.

Because L & H is willing to make every effort to continue to support Don's Hydraulics in this and future projects, we would be willing to ship the pumps currently being held in Charlotte under the following conditions:

1. You agree to pay in full all outstanding balances held with L & H within the next ninety days.
2. You sign and return the "Unconditional Guaranty" document provided.
3. You sign, have notarized and return the "Full and Final Release of All Claims" document provided.

Our intention in offering this arrangement is to help facilitate your final payment from Fieldale Farms, thus allowing you pay your balance in full.

Sincerely,

David Drummond
Regional Sales Manager
L & H Technologies

② 

# UNCONDITIONAL GUARANTY

This Guaranty is executed and delivered as of _____ by Don Cathell, having an address at _____ (the "Guarantor"), to L&H Technologies, Inc. d/b/a Livingston & Haven, having an address at 11616 Wilmar Blvd., Charlotte, North Carolina 28273 (the "Holder").

For good and valuable consideration, the Guarantor hereby unconditionally guarantees to the Holder and its successors and assigns payment of the balance due on Holders' invoice number 2067092, dated September 29, 2003 of not less than $15,357.74 (the "Indebtedness").

This Guaranty is a continuing and unconditional guaranty of payment and performance and not of collection.

Guarantor agrees that, if and to the extent the Holder receives any payment on account of any of the Indebtedness (whether from Purchasers, Guarantor or a third party obligor or from the sale or other disposition of any collateral) and such payment or any part thereof is subsequently invalidated, declared to be fraudulent or preferential, set aside or required to be repaid to a trustee, receiver or any other party under any bankruptcy act, state or federal law, common law or equitable cause, then the part of the Indebtedness intended to be satisfied shall be revived and continued in full force and effect as if said payment had not been made. The foregoing provisions of this paragraph shall survive the termination or revocation of this Guaranty.

The Guarantor expressly waives: (a) notice of acceptance of this guaranty; (b) presentment and demand for payment or collection of the Indebtedness; (c) protest and notice of dishonor or of default to the Guarantor or to any other party with respect to the Indebtedness or with respect to any security therefore; (d) all other notices to which the Guarantor might otherwise be entitled; (e) demand under this Guaranty, and (f) until such time as the provision of this Guaranty are no longer in effect, any right to subrogation against the Holder and any right to subrogation, reimbursement, and indemnity against any property or other security serving at any time as collateral for any or all of the obligations hereby guaranteed.

Guarantor shall pay all of Holders' reasonable expenses and costs incurred in enforcing any rights or obligations under this Guaranty including, but not limited to, reasonable arbitration, attorneys' and experts' fees and expenses, whether incurred without commencement of a suit, in any trial, arbitration or in any appellate or bankruptcy proceeding.

Neither this Guaranty nor any term hereof may be terminated, amended, supplemented, waived, released, or modified orally, but only by an instrument in writing

③

signed by the party against which the enforcement of the termination, amendment, supplement, waiver, release, or modification is sought. This Guaranty shall in all respects be deemed to be made in, and governed by, construed and enforced in accordance with the laws of, the State of North Carolina without regard to principles of conflict of laws. If any term of this Guaranty or any obligation there under shall be held to be invalid, illegal, or unenforceable, the remainder of this Guaranty and any other application of such term shall not be affected thereby.

     IN WITNESS WHEREOF, the Guarantor has hereunto set his hand and seal, the day and year first written above.

_____ (SEAL)
Don Cathell

(4)

## FULL AND FINAL RELEASE OF ALL CLAIMS

KNOW ALL MEN BY THESE PRESENTS:

That the undersigned being of lawful age, for the sole consideration of **delivery of BoschRexroth hydraulic pump repaired under warranty**, receipt of which is hereby acknowledged, do/does hereby and for my/our/its heirs, executors, administrators, successors and assigns release, acquit and forever discharge **L&H Technologies, Inc. d/b/a/ Livingston & Haven** and its agents, servants, successors, heirs, executors, administrators and all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, cost, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which hereafter may accrue on account of or in anyway grow out of any and all known and unknown, foreseen and unforeseen bodily injury, death, or property damage and the consequences thereof resulting or to result from the events surrounding the startup and subsequent failure of hydraulic system(s) provided by Don's Hydraulics to **Fieldale Farms in Gainesville, GA** during the month of **September, 2003**.

It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the delivery of the repaired pumps is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releases deny liability thereof and intend merely to avoid litigation and buy their peace.

The undersigned hereby declare(s) and represent(s) that in making this Release it it understood and agreed, that the undersigned rely(ies) wholly upon the undersigned's judgement, belief and knowledge of the nature, extent, affect and duration of said damages and liability thereof and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives.

The undersigned further declare(s) and represent(s) that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

Signed, sealed and delivered this _____ day of _____, 20 ___.

CAUTION: READ BEFORE SIGNING BELOW

_____    X_____
         Witness                  Don Cathell, Owner
                                  Don's Hydraulics

State of _____
County of _____

On this _____ day of _____, 20 ___, before me personally appeared _____
to me known to be the person(s) named herein and who executed the foregoing Release and acknowledged to me that            voluntarily executed same.