**TABLE OF CONTENTS**

Table of Citations . . . . . . . . . . . . . . . . . . . ii

Statement of the Nature and Stage of Proceeding . . . iv

Summary of the Argument . . . . . . . . . . . . . . . . . v

Statement of Facts . . . . . . . . . . . . . . . . . . . vi

Argument . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   Summary Judgment Standard . . . . . . . . . . . . 1

II.  Argument . . . . . . . . . . . . . . . . . . . . . 2

A.   As a matter of law, summary judgment should be granted in favor of Don's because the "Insuring Agreement" expressly covers 1) Don's' repair and replacement costs for the destroyed pumps, including consequential damages flowing therefrom, and 2) damages suffered by Fieldale Farms due to loss of use of its plant, labor fees, and freight and oil filtering expenses. . . . . . . . . . . . . 2

1.   The "Insuring Agreement" clearly covers Don's' repair and replacement costs for the destroyed pumps, including consequential damages flowing therefrom. . . . . . . . . . . . . . . . . . . . . 2

2.   The "Insuring Agreement" clearly covers damages suffered by Fieldale Farms due to loss of use of its plant, labor fees, and freight and oil filtering expenses. . . . . . . . . . . . . . . . 4

B.   As a matter of law, summary judgment should be granted in favor of Don's because the Policy's exclusions do not preclude coverage for the claimed damages. . . . . . . . . . . . . . . . . . 6

1.   Exclusion j expressly includes coverage for the claimed damages. . . . . . . . . . . . . . . . . . 6

2.   Exclusion k does not preclude coverage for the claimed damages because it is ambiguous. . . . . . 7

3.   Exclusion l expressly includes coverage for the claimed damages. . . . . . . . . . . . . . . . . . 8

III. Conclusion . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF CITATIONS**

**CASES**                                                                     **PAGE**

AE-Newark Associates, L.P. v. CNA, No. Civ.A.
00C-05-186JEB 2001 WL 1198930, at *3-4
(Del. Super. Oct. 2, 2001). . . . . . . . . . . . . . . . . . . . 8

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 254,
91 L.Ed.2d 265 (1986) . . . . . . . . . . . . . . . . . . . . . 1

Chesapeake Utils. Corp. v Am. Home Assurance Co.,
704 F. Supp. 551, 564 (Del. 1989) . . . . . . . . . . . . . . 7

Coulter v. CIGNA Prop. & Cas. Cos., 934 F. Supp. 1101,
1122-23 (N.D. Iowa 1996). . . . . . . . . . . . . . . . . . . 5

Eck v. Birthright of Delaware, Inc., 559 A.2d 1227
(Del.Supr. 1989) . . . . . . . . . . . . . . . . . . . . . . . 2

Erie v. Tompkins, 304 U.S. 64, 58 S.Ct.817 (1938). . . . . . 1

Hauenstein v. St. Paul-Mercury Idem. Co.,65 N.W.2d 122,
125 (Minn. 1954) . . . . . . . . . . . . . . . . . . . . . . . 3

Heldor Industries v. Atlantic Mutual Ins. Co.,
229 N.J. Super. 390,551 A.2d 1001 (1988) . . . . . . . . . . 4

Hudson v. State Farm Mut. Ins. Co., 569 A.2d 1168,
1170 (Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . 1

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d
538 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**TABLE OF CITATIONS CONTINUED**

**CASES** **PAGE**

Missouri Terrazzo Co. v. Iowa National Mutual Ins. Co.,
740 F.2d 647, 650 n. 4(8th Cir. 1984). . . . . . . . . . . . . 3

New Castle County v. Hartford Acc. and Indem. Co.,
933 F.2d 1162, 1188 (3rd Cir. 1991) . . . . . . . . . . . . . . 3

Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co.,
484 F.Supp. 1375, 1383 (Del. 1980) . . . . . . . . . . . . . . 7

Pellaton v. Bank of NY, 592 A.2d 473, 478 (Del. 1991). . . . 1

Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231,
(3d Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . 1

Snug Harbor, LTD v. Zurich, Ins., 968 F.2d 538,
544 n.4 12 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . 4


**OTHER AUTHORITIES**
Federal Rule of Civil Procedure (56) . . . . . . . . . . . . 1

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

This is the Opening Brief of the plaintiff, Don's Hydraulic's, Inc. (hereinafter "Don's") in support of its Motion for Summary Judgment and Against Defendant Colony Insurance Company.

Don's filed the instant action in the Superior Court in New Castle County, Delaware on July 9, 2004 for damages arising out of defective hoses which failed on a hydraulic pump constructed by Don's for Fieldale Farms (hereinafter "Fieldale").[1] Don purchased the hoses from Truck Tech, Inc. (hereinafter "TTI") and manufactured by Tipco Technologies, Inc. hereinafter "Tipco").[2] Colony Insurance Company (hereinafter "Colony") provided a Commercial General Liability policy to Don's for the applicable period.[3] On September 24, 2005, Colony removed the matter to the United States District Court for the District of Delaware.

Colony filed its Answer to the Complaint on October 22, 2004. Tipco filed its Answer on October 28, 2004. Finally, TTI filed its Answer on December 3, 2004.

On June 7, 2005, Colony filed a Motion for Summary Judgment. This is the plaintiff's Opening Brief to its Motion for Summary Judgment and Reply to Motion for Summary Judgment of the Defendant Colony Insurance Colony.

---

[1] P1-P5

[2] P6

[3] P7-P42

iv

## SUMMARY OF THE ARGUMENT

I.   SUMMARY JUDGMENT STANDARD

II.  ARGUMENT

A.   As a matter of law, summary judgment should be granted in favor of Don's because the "Insuring Agreement" expressly covers 1) Don's' repair and replacement costs for the destroyed pumps, including consequential damages flowing therefrom, and 2) damages suffered by Fieldale Farms due to loss of use of its plant, labor fees, and freight and oil filtering expenses.
1.   The "Insuring Agreement" clearly covers Don's' repair and replacement costs for the destroyed pumps, including consequential damages flowing therefrom.
2.   The "Insuring Agreement" clearly covers damages suffered by Fieldale Farms due to loss of use of its plant, labor fees, and freight and oil filtering expenses.
B.   As a matter of law, summary judgment should be granted in favor of Don's because the Policy's exclusions do not preclude coverage for the claimed damages.
1.   Exclusion j expressly includes coverage for the claimed damages.
2.   Exclusion k does not preclude coverage for the claimed damages because it is ambiguous.
3.   Exclusion l expressly includes coverage for the claimed damages.

III. CONCLUSION

**STATEMENT OF FACTS**

Don's is a small company in southern Delaware which is in the business of manufacturing hydraulic pumps. Don's is owned and run by Don Cathell (hereinafter "Cathell"), who has been in the hydraulic pump business for twenty five years.[4]  In December, 2002, Don entered into a contract with Fieldale Farms, a chicken plant, to install a complete hydraulic system.[5]

Cathell designed the Fieldale hydraulic system which would require, among other things, 2 ½ inch hoses to connect pumps to the tank containing the hydraulic oil.  On or about August 7, 2003, Cathell placed an order with Sean Swain (hereinafter "Swain") of TTI for 20 hoses to be used as pump suction hoses on the  hydraulic power unit.  Swain arrived on location with two hose ends. Cathell and Swain measured each hose length, numbering each one through ten.  At some point thereafter, Swain returned with the hoses.

Cathell and Swain began installing the hoses and discovered that the hoses were not in compliance with Don's specifications. Specifically, the internal stems would turn inside the hoses. Swain took the hoses in order to fix the defect.  Swain returned

---

[4] P44 Pg. 5 Line 11

[5] P47-P48

at a later date.  Cathell and Swain tested the hoses and they still were not working appropriately.

On August 24, 2003, Cathell received a third set of hoses. He was assured by Swain that the problem had been fixed and that the hoses would perform as required. Based on these representations, Cathell installed the hoses into the unit and shipped the unit to Fieldale, which is located in Georgia.[6]

On September 15, 2003, Cathell and his employees installed the hydraulic unit at Fieldale Farms.  After two days of running the unit Cathall observed the failure and leaking of some of the hoses.  Cathall and some other gentlemen decided to tape the ends of the hoses to stop the cavitation.  This stopped the cavitation long enough for new pumps and hoses to be installed.

During this time some additional eighteen (18) pumps were destroyed by the metal which got into the oil from the two initial pumps which had begun to disintegrate.  Fieldale had to shut down some of the lines while Cathell obtained new hoses and pumps and repaired the unit.[7]  Fieldale has demanded payment of $100,774.50 representing the expenses from the loss of use of the plant.[8]  Don's has expended approximately $42,800.00 in travel, labor, meals and lodging as a result of the failure of the hoses.

---

[6] P49-P50

[7] P57 Pg 117 Line 16 - Pg 120 Line 13

[8] P58

Additionally, he has expended approximately $51,429.00 in order to repair and replace the pumps at issue.[9]

At all times relevant, a policy of insurance (hereinafter "Policy")was executed and issued by Colony to Don's, whereby, in consideration of premiums paid by Don, Colony agreed to pay those sums that the Don's becomes legally obligated to pay as damages because of property damage.

Don's requested payment by Colony of the aforementioned damages. To date, as stated in Colony's Motion, Colony has paid $16,569.60 representing the cost of the contaminated hydraulic oil.[10] Colony has refused to pay the other sums it is legally obligated to pay under the Policy. Don's has also demanded remuneration of the damages by the TTI and Tipco. TTI and Tipco denied liability and Don's commenced the current action.

In this Motion, Don's seeks declaration that under the Policy, Colony is legally obligated to pay the remaining damages demanded by Fieldale, approximately $84,204.90, and the expenses incurred by Don, approximately, $42,800.00 in travel, labor, meals and lodging, plus attorneys fees and costs. Finally, Don's seeks recovery for the replacement pumps in the amount of $51,429.02.

---

[9] P59-P60

[10] P72