**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

DON'S HYDRAULICS, INC.           **:**

                                **:**

           Plaintiff,          **:**     Civil Action No.:  04-1275 (KAJ)

                                **:**

          v.                   **:**

                                **:**

COLONY INSURANCE COMPANY,   **:**

TRUCK TECH INDUSTRIES, INC.,    **:**

and TIPCO TECHNOLOGIES, INC.     **:**

                                **:**

          Defendants      **:**

**ANSWERING BRIEF OF DEFENDANT, TIPCO TECHNOLOGIES, INC.'S**
**IN RESPONSE TO CROSS-MOTION FOR SUMMARY JUDGMENT OF**
**PLAINTIFF, DON'S HYDRAULICS, INC. AND IN OPPOSITION TO**
**DEFENDANT, COLONY INSURANCE COMPANY'S**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

 

GOLDFEIN & JOSEPH

  /s/ Gary H. Kaplan
_____

Gary H. Kaplan – I.D. # 2965
222 Delaware Avenue, Suite 1110
P.O. Box 2206
Wilmington, DE   19899
(302) 656-3301
Attorney for Defendant Tipco
    Technologies, Inc.

Dated: June 24, 2005

**TABLE OF CONTENTS**

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [ ii ]

Statement of the Nature and Stage of Proceeding . . . . . . . . . . . . . . . . . . . . . . . . .[ iv ]

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [ vi ]

Counter Statement of Facts  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .[ vii ]

Argument:

I.  Legal Standard  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .[ 1 ]

II.  Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [ 2 ]

        A.       Summary judgment, as a matter of law, should be denied as to
                both Don's and Colony as premature. . . . . . . . . . . . . . . . . . . . . .[ 2 ]

        B.       Alternatively, summary judgment, as a matter of law, should be
                granted in favor of Don's and against Colony because the CGL
                Policy expressly covers the "Property Damage" resulting to the
                hydraulic system including Don's repair and replacement costs
                for the pumps and the consequential damages therefrom, as well
                as the damages suffered by Fieldale Farms due to the loss of use
                of its plant, labor fees, freight and oil filtering expenses. . . . . . . . [ 3 ]

        C.       Don's is entitled to summary judgment, as a matter of law, with
                respect to the insurance coverage issue, because the CGL Policy's
                exclusions do not apply to the damages claimed in the present
                lawsuit where application of any of the exclusions claimed by
                Colony would vitiate the purpose of the Policy. . . . . . . . . . . . . . [ 5 ]

III. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [ 8 ]

# TABLE OF CITATIONS

**CASES** _____ **PAGE**

Advanced Medical Optics, Inc. v. Alcon, Inc., 361 F.Supp.2d, 404,
408 (D. Del. 2005) ………………………………………………… [ 1 ]

Aetna Cas. & Surety Co. v. Kenner, 570 A.2d 1172, 1774 (Del. 1990) …………  [ 1 ]

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) ……………………………[ 1 ]

Cigna Inc. Co. v. Didimoi Property Holdings, 110 F.Supp.2d 259, 264
(D. Del. 2000) ……………………………………………………………[ 4 ]

Collins v. State Farm Mut. Auto. Ins. Co., 830 A.2d 1241, 1245 n. 10
(Del. Super. 2003) ………………………………………………………..[ 1 ]

Coulter v. Cigna Prop. & Cas. Co., 934 F. Supp. 1101, 1122-23
(N.D. Iowa 1996) ………………………………………………………… [ 4 ]

E.I. Du Pont De Nemours & Co. v. Allstate Inc. Co., 686 A.2d 152, 155
(Del. 1996) ………………………………………………………………… [ 1 ]

E.I. Du Pont De Nemours & Co. v. Allstate Inc. Co., 686 A.2d 152, 155-56
(Del. 1996) ………………………………………………………………… [ 3 ]

Erie R.R. v. Tompkins, 304 U.S. 64, 78 58 S. Ct. 817,82 L. Ed. 1188 (1938)……..[ 1 ]

Hallowell v. State Farm Mut. Auto. Ins. Co., 443 A.2d 925, 926 (Del. 1982) …… [ 4 ]

Hauenstein v. St. Paul-Mercury Indemn. Co., 242 Minn. 354, 65 N.W.2d 122
(1954) …………………………………………………………………………[ 4 ]

Heldor Indus., Inc. v. Atlantic Mut. Ins. Co., 299 N.J. Super. 390, 551 A.2d 1001
(1988) ……………………………………………………………………………[ 5 ]

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10
(1986) ……………………………………………………………………… [ 1 ]

Missouri Terrazo Co. v. Iowa Nat. Mut. Ins. Co., 740 F.2d 647 (8th Cir. 1984) …..[ 4 ]

New Castle County v. Hartford Accident and Indemnity Co., 933 F.2d 1162,
1188 (3rd Cir. 1991), rev'd o.g., 970 F.2d 1267  (1992) ….………………………[ 4 ]

<u>Snug Harbor, Ltd. v. Zurich, Inc.</u>, 968 F.2d 538 (5th Cir. 1992) ………………… [ 4 ]

<u>Steigler v. Ins. Co. of North America</u>, 384 A.2d 398, 400 (Del. 1978) ……………[ 4 ]

<u>Williams v. Chrysler Corp.</u>, 163 F.3d 183, 186 (3rd Cir. 1998) ……………………[ 1 ]

<u>XL Specialty v. Envision Peripherals, Inc.</u>, 2003 WL 145407, at *3
(D. Del. 2003)………………………………………………………………………[ 4 ]

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Defendant, Tipco Technologies, Inc. ("Tipco") submits its Answering Brief in support of its response and opposition to both plain1tiff, Don's Hydraulics Inc.'s Cross-Motion for Summary Judgment and defendant, Colony Insurance Company's Motion for Summary Judgment on the issue of insurance coverage.

On July 9, 2004, Don's Hydraulics, Inc. ("Don's") instituted the present action in the Superior Court of New Castle, Delaware, against defendants, Colony Insurance Company ("Colony"), Truck Tech, Inc. ("TTI") and Tipco Technologies, Inc. ("Tipco") for damages arising out of allegedly defective hoses that purportedly caused hydraulic pump failure in a hydraulic system constructed by Don's for Fieldale Farms.[1]  Don's purchased the hoses from TTI and the hoses were manufactured by Tipco.  Colony provided a Commercial General Liability Policy, Policy No. GL123393 ("CGL Policy") for July 28, 2003 to July 28, 2004, the applicable period of this incident.[2]  On September 24, 2005, Colony moved to remove this matter to the United States District Court for the District of Delaware.

On October 22, 2004, Colony filed its Answer to the Complaint.  Tipco filed its Answer to the Complaint on October 28, 2004 and TTI filed its Answer to the Complaint on December 3, 2004.  Each defendant denied its respective liability as alleged in the Complaint.[3]

---

[1] See Plaintiff's Complaint, attached at Plaintiff's Appendix to Cross-Motion at P1-P5.  Pursuant to Local Rule 7.1.3(d), Tipco is not attaching duplicate copies of items of record already attached to Plaintiff's cross-motion for summary judgment or Defendant Colony's motion for summary judgment.
[2] See CGL Policy, attached at Plaintiff's Appendix to Cross-Motion at P7-P42, and Defendant Colony's Motion for Summary Judgment at Exhibit A.
[3] See Answer of Tipco to Plaintiff's Complaint; Answer of Colony to Plaintiff's Complaint; and Answer of TTI to Plaintiff's Complaint, attached hereto as Exhibits "A", "B" and "C", respectively.

On June 7, 2005, Colony filed its Motion for Summary Judgment. On June 17, 2005, Don's filed its Cross-Motion for Summary Judgment. Discovery is in its early stages: plaintiff's representative's deposition only recently took place on May 26-27, 2005 and the depositions of Tipco's representative and TTI's representative are scheduled for the end of June, 2005.

## <u>SUMMARY OF THE ARGUMENT</u>

I.     LEGAL STANDARD

II.    ARGUMENT

     A.     Summary judgment, as a matter of law, should be denied as to both Don's and Colony as premature.

     B.     Alternatively, summary judgment, as a matter of law, should be granted in favor of Don's and against Colony because the CGL Policy expressly covers the "Property Damage" resulting to the hydraulic system including Don's repair and replacement costs for the pumps and the consequential damages therefrom, as well as the damages suffered by Fieldale Farms due to the loss of use of its plant, labor fees, freight and oil filtering expenses.

     C.     Don's is entitled to summary judgment, as a matter of law, with respect to the insurance coverage issue, because the CGL Policy's exclusions do not apply to the damages claimed in the present lawsuit where application of any of the exclusions claimed by Colony would vitiate the purpose of the Policy.

III.   CONCLUSION

## COUNTER STATEMENT OF FACTS

In December, 2002, Don's, a Delaware company, entered into a contract with Fieldale Farms ("Fieldale") to install a central hydraulic system or hydraulic power unit at Fieldale's location in Gainesville, Georgia.[4]   On or about August 7, 2003, Don's placed an order with TTI for twenty (20) hoses to be used as pump suction hoses on the hydraulic power unit.   On two different occasions, these hoses were allegedly inspected and tested for installation by Don's and returned to TTI due to concerns that the internal stems would turn inside the hoses using only one's hands.  On August 24, 2003, Don's received a third set of hoses from TTI.  After examining these hoses, Don's felt the hoses were suitable for the job and accepted them.  The hoses were due to be shipped for installation to Fieldale on August 25, 2003.[5]

Upon installation of the pumps and hoses, in September, 2003, Don's allegedly informed TTI that air appeared to be getting into the system and feared it was due to the hoses.[6]  Don's allegedly attempted a temporary repair by taping the ends of the suction hoses. In the interim, additional pumps began to malfunction because metal purportedly got into the system's oil from the two initial pumps which had begun to disintegrate. Fieldale had to shut down some of its lines while Don's obtained new hoses and pumps and repaired the system.

Don's seeks to recover over $200,000 as damages which it alleges to have incurred from the faulty hoses.  These damages are purportedly comprised by the $92,168.52 incurred by Don's for its labor, travel and lodging expenses and other

---

[4] See Don's Proposal to Fieldale Farms, attached to Plaintiff's Appendix to Cross-Motion at P-47-48.
[5] See Don's Answer to Interrogatory No. 2, attached to Plaintiff's Appendix to Cross-Motion at P-49-P55, and Defendant Colony's Motion for Summary Judgment at Exhibit B.
[6] See id.

expenses and costs to perform the repairs to the hydraulic unit,[7] as well as the

$100,774.50 that Fieldale has demanded payment from Don's for having to shut down its

plant for the necessary repairs,[8] plus $15,357.74 for the cost to replace the pumps at

issue.

 All of the events material to the instant action took place while Don's was

covered by the CGL Policy issued by Colony.  The CGL Policy, in effect from July 28,

2003 to July 28, 2004 had $500,000/$1,000,000 limits.

 Don's requested payment from both TTI and Tipco for its alleged damages. When

they declined to do so, Don's sought reimbursement from Colony under the CGL policy.[9]

To date, Colony has paid $16,569.60 for the cost of the contaminated hydraulic oil, but

Colony refuses to pay the other sums.

 Now, Don's seeks a declaration that Colony, under the CGL Policy, is legally

obligated to pay the remaining damages demanded by Fieldale and the expenses and

costs incurred by Don's for the repair and replacement of the pumps.  Colony, in contrast,

seeks summary judgment on the grounds that the CGL Policy does not cover these sums.

---

[7] See Don's Invoice, attached to Plaintiff's Appendix to Cross-Motion at P59-P60.
[8] See Fieldale's Invoice, attached to Plaintiff's Appendix to Cross-Motion at P58.
[9] See Letters to TTI, Tipco and Colony, attached as Exhibit C to Defendant Colony's Motion for Summary Judgment.

I.    **LEGAL STANDARD**

Summary judgment is appropriate if there are no genuine issues of material fact presented and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The moving party bears the burden of proving that no genuine issues of material fact exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986).  The court must review the facts and all reasonable inferences in the light most favorable to the non-moving party. Williams v. Chrysler Corp., 163 F.3d 183, 186 (3rd Cir. 1998); Advanced Medical Optics, Inc. v. Alcon, Inc., 361 F.Supp.2d 404, 408 (D.Del. 2005).  If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 322.

Further, a federal court sitting in diversity must apply state substantive law and federal procedural law.  See Erie R.R. v. Tompkins, 304 U.S. 64, 78 58 S.Ct. 817, 82 L.Ed. 1188 (1938).  This case is substantively governed by the law of the State of Delaware – where Don's is located, where Don's entered into the CGL Policy and where Don's initiated the underlying contract with Fieldale.

It is also well-settled that the interpretation and construction of an insurance contract is a matter of law for the court to determine.  E.I. Du Pont De Nemours & Co. v. Allstate Ins. Co., 686 A.2d 152, 155 (Del. 1996); Aetna Cas. & Surety Co. v. Kenner, 570 A.2d 1172, 1174 (Del. 1990).  See also, Collins v. State Farm Mut. Auto. Ins. Co., 830 A.2d 1241, 1245 n. 10 (Del. Super. 2003)("Absent a factual dispute regarding the

underling action, interpretation of an insurance contract is a matter of law for the Court.").

II.     **ARGUMENT**

    A.    **Summary judgment, as a matter of law, should be denied as to both Don's and Colony is Premature**

Here, both Colony's Motion for Summary Judgment and Don's Cross-Motion for Summary Judgment raise the issue of whether the CGL Policy covers the damages claimed by Don's. While this issue involves an issue of construction of an insurance policy, the case is in its early stages and several issues of material fact exist which affect the underlying dispute. Accordingly, both motions are not ripe and should be denied as premature.

The CGL Policy provides, in pertinent part, that:

> [Colony] will pay those sums that the insured [Don's] becomes **legally obligated** to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for . . . "property damage" to which this insurance does not apply.

Section I – Coverages, ¶ 1(a) (emphasis added).

It has yet to be determined whether Don's is "legally obligated" to pay in whole or in part all of the damages it claims in the present suit. One of the ultimate questions in this suit relates to the cause of the alleged damages; i.e., whether the hoses sold by TTI and manufactured by Tipco were in fact defective, as contended by Don's, or whether Don's negligently installed these hoses, the pumps or some other part of the hydraulic system in Fieldale's plant, or whether the cause of the pump malfunction was attributable to contaminated oil. All of these questions are disputed by Tipco and/or TTI and may

only be resolvable after further discovery and expert review has been conducted.  Indeed,

Don's has not been adjudicated as legally obligated to pay the sums expended for the

alleged property damage.  In addition, discovery has only recently commenced and

additional discovery is required as to Don's reasonable expectations of its insurance

coverage with Colony, as well as the cause of the damages.  Indeed, the plaintiff's

representative's deposition only recently took place on May 26-27, 2005 and the

depositions of Tipco's representative and TTI's representative is scheduled for the end of

June, 2005.

Moreover, the extent of the alleged damages – both directly to Don's and

consequential damages from the shutdown of Fieldale's plant – has also not been

determined, other than certain invoices and summaries of expenses attached to both

Don's and Colony's motions.

For these reasons alone, both motions should be denied as premature.

**B.      Alternatively, summary judgment, as a matter of law, should be
granted in favor of Don's and against Colony because the CGL Policy
expressly covers the "Property Damage" resulting to the hydraulic
system including Don's repair and replacement costs for the pumps
and the consequential damages therefrom, as well as the damages
suffered by Fieldale due to the loss of use of its plant, labor fees,
freight and oil filtering expenses.**

Generally, when resolving a language interpretation dispute between parties to an

insurance contract, courts seek to determine contractual intent from the language of the

insurance contract itself.  E.I. Du Pont De Nemours & Co. v. Allstate Insurance Co., 686

A.2d 152, 155-56 (Del. 1996).  "Where the parties differ concerning the meaning of an

insurance contract, the court will be guided by 'a reasonable reading of the plain

language of the policy'."  Id. at 156 (citation omitted).  In interpreting the policy, a court

must construe the policy as a whole, and all relevant portions in their full context.  Cigna
Ins. Co. v. Didimoi Property Holdings, 110 F.Supp.2d 259, 264 (D.Del. 2000); XL
Specialty v. Envision Peripherals, Inc., 2003 WL 145407, at *3 (D.Del. 2003).

Further, as a basic principle, an insurance contract is construed strongly against
the insurer, and in favor of the insured, because the insurer drafted the language that is
interpreted.  Hallowell v. State Farm Mut. Auto. Ins. Co., 443 A.2d 925, 926 (Del.
1982); Steigler v. Ins. Co. of North America, 384 A.2d 398, 400 (Del. 1978).  All
ambiguities are resolved in favor of the insured.  Steigler, 384 A.2d at 400-01.  An
ambiguity exists when language in an insurance contract permits two or more reasonable
interpretations.  Hallowell, 443 A.2d at 926.  The courts in Delaware will look to the
reasonable expectations of the insured with respect to coverage if the policy terms are
ambiguous or conflicting, or if the policy contains a hidden trap or pitfall, or if the fine
print purports to take away what is written in large print.  Id. at 928.

As noted correctly by plaintiff, Don's, in its opening brief, courts are bound to
apply the ordinary, usual meaning of the term "damages" and said term should be
interpreted broadly in the context of a standard CGL policy.  New Castle County v.
Hartford Accident and Indemnity Co., 933 F.2d 1162, 1188 (3rd Cir. 1991), rev'd o.g.,
970 F.2d 1267 (1992).[10]

Applying these principles here, the plain language of the CGL Policy should be
held to cover all or part of the damages claimed by Don's including its repair and

---

[10] It appears that plaintiff's reliance on out-of state cases is on account of the lack of Delaware state or
federal cases addressing a similar factual scenario.  Nonetheless, those cases demonstrate that coverage
may be had because of loss of use of physical, tangible property, along with consequential damages from
the cost of removing said property.  See, Snug Harbor, Ltd. v. Zurich, Inc., 968 F.2d 538 (5th Cir. 1992);
Missouri Terrazo Co. v. Iowa Nat. Mut. Ins. Co., 740 F.2d 647 (8th Cir. 1984); Coulter v. Cigna Prop. &
Cas. Co., 934 F.Supp. 1101, 1122-23 (N.D. Iowa 1996); Hauenstein v. St. Paul-Mercury Indemn. Co., 242

replacement costs for the destroyed pumps, including the consequential damages therefrom, as well as the damages suffered by Fieldale due to the loss of use of its plant, labor fees, freight and oil filtering expenses.  The CGL Policy covers Don's for all sums it becomes legally obligated to pay because of "property damage" to which the insurance applies.  Section I – Coverages, ¶ 1(a).  Under the CGL Policy, "Property damage" is defined as

> a.    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it.

Section V – Definitions, ¶ 17.

Under the plain language and ordinary meaning of property damage, the damages alleged to have been suffered by Don's should be covered by the CGL policy.  Further, contrary to Colony's position, none of the exclusions cited by Colony should be held to apply.  However, contrary to Don's position, the cause of these alleged damages is disputed as discussed in Section A of this Brief, *supra*.

> **C.    Don's is entitled to summary judgment, as a matter of law, with respect to the insurance coverage issue because the CGL Policy's exclusions do not apply to the damages claimed in the present lawsuit where application of any of the exclusions claimed by Colony would vitiate the purpose of the Policy.**

Courts in Delaware will invoke the doctrine of reasonable expectations to effectuate the reasonable expectations of the average purchaser of insurance where the terms of an insurance policy are ambiguous or conflicting, or if the policy contains a

---

Minn. 354, 65 N.W.2d 122 (1954); Heldor Indus., Inc. v. Atlantic Mut. Ins. Co., 229 N.J.Super. 390, 551 A.2d 1001 (1988).

hidden trap or pitfall, or if the fine print purports to take away what is written in large print.  Hallowell, *supra*, 443 A.2d at 928.

In this instance, Colony argues that a number of exclusions preclude coverage. However, application of any of those exclusions would vitiate the intent of the Policy and could be considered a hidden trap or pitfall, or, should otherwise be deemed ambiguous when reading the Policy as a whole.

First, Colony asserts that exclusion j(6) if Section 2 of the CGL Policy applies. This exclusion precludes coverage of "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it. "Your work" is defined as

    a.  (1) Work or operations performed by you or on your behalf; and
          (2) Materials, parts or equipment furnished in connection with such work or operations
    b.  Includes
          (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
          (2) The providing of or failure to provide warnings or instructions.

Section V- Definitions, ¶ 22.

The first assumption in application of this exclusion is that Don's work was incorrectly performed.  Whether this issue is true is a factual issue requiring additional discovery which is yet another reason why these summary judgment motions are premature.

The other problem with applying exclusion j(6) of Section 2 is that it does not apply to "property damage" included in the "products-completed operations hazard," which is includes "all … "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work"…".  The exceptions to this term,

which include products still in the insured's physical possession or work which has not been completed, do not apply.  It is also undisputed that the property damage occurred on property not owned by Don's but occurred on Fieldale's plant in connection with Don's installation of the hydraulic system.

The next exclusion which Colony relies upon is exclusion k, entitled "Damage to Your Product" excludes "'property damage' to 'your product' arising out of it or any part of it."  Section 2(k).  "Your product" is defined as "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by (a) You. . .". Section V, ¶ 21.

As argued by Don's in its Opening Brief, it is unclear whether this exclusion applies to the purportedly defective part itself or to the entire hydraulic system constructed by Don's.  Moreover, this exclusion does not take into account that the transaction and agreement between Don's and Fieldale was a mixture of goods and services.  Hence, application of this exclusion would be incorrect.

The final exclusion that Colony claims is exclusion l for "Damage to Your Work" which is "property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".  However, this "exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."  Here, it is undisputed that Don's subcontracted with TTI for the supply of the hoses which were installed by Don's in the hydraulic system.  Whether these hoses were in fact defective remains a genuine issue of fact.  Nonetheless, exclusion l does not apply where the property damage may have arisen, *arguendo*, in connection

with the work and/or product of a subcontractor – that of TTI.  Again, this issue, as well, needs to be flushed out in additional discovery.

In any event, none of the exclusions relied upon by Colony would operate to bar coverage to Don's in this instance.

**III.    CONCLUSION**

For the reasons cited above, both Don's Cross-Motion for Summary Judgment and Colony's Motion for Summary Judgment are not ripe and premature and should be denied accordingly.  In the alternative, Don's Cross-Motion for Summary Judgment, seeking a declaration that Colony is obligated to defend and indemnify Don's for costs and expenses incurred as asserted in this lawsuit, should be granted in whole or in part where the express language of the CGL Policy

WHEREFORE, answering defendant, Tipco Technologies, Inc., respectfully requests this Honorable Court to deny both the Cross-Motion for Summary Judgment of Plaintiff and the Motion of Defendant, Colony Insurance Company, or, in the alternative, to grant in whole or in part the Cross-Motion for Summary Judgment of Plaintiff.


                                        GOLDFEIN & JOSEPH

                                          /s/ Gary H. Kaplan
                                        Gary H. Kaplan – I.D. # 2965
                                        222 Delaware Avenue, Suite 1110
                                        P.O. Box 2206
                                        Wilmington, DE   19899
                                        (302) 656-3301
                                        Attorney for Defendant Tipco
Dated: June 24, 2005                        Technologies, Inc.