FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2004 OCT 28 PM 3: 26

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DON'S HYDRAULICS, INC., | : |
| | : C.A. No.: 04-1275 KAJ |
| Plaintiff, | : |
| v. | : |
| | : |
| COLONY INSURANCE COMPANY, | : |
| TRUCK TECH INDUSTRIES, INC., | : |
| and TIPCO TECHNOLOGIES, INC., | : |
| | : |
| Defendants. | : |

### ANSWER OF DEFENDANT TIPCO TECHNOLOGIES, INC. TO PLAINTIFF'S COMPLAINT

Defendant, Tipco Technologies, Inc., by and through its attorneys, Goldfein & Joseph, hereby responds to plaintiff's Complaint as follows:

1-3. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs.

4. Admitted.

### BACKGROUND

5. Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 4 of plaintiff's Complaint as fully as though the same were set forth herein at length.

6. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

8. Denied as stated. By way of further response, it is admitted that Tipco manufactured suction hoses which were sold to TTI.

9. Denied. Moreover, it is specifically denied any hoses manufactured by Tipco were defective.

10. Denied as stated. It is admitted that plaintiff has demanded payment for alleged damages. It is further admitted that Tipco has made no payment to either TTI or plaintiff as its suction hoses were not defective.

11. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

12. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

13. Denied.

## COUNT I - COLONY INSURANCE

14. Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 13 of plaintiff's Complaint as fully as though the same were set forth herein at length.

15-18. Denied. The allegations contained in these paragraphs are directed to co-defendants and require no response by answering defendant.

## COUNT II - TRUCK TECH INDUSTRIES

19. Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 18 of plaintiff's Complaint as fully as though the same were set forth herein at length.

20-25. Denied. The allegations contained in these paragraphs are directed to co-defendants and require no response by answering defendant.

## COUNT III - TIPCO INDUSTRIES

26. Answering defendant hereby incorporates by reference its responses to paragraphs 1 through 25 of plaintiff's Complaint as fully as though the same were set forth herein at length.

27. Denied. Moreover, it is specifically denied that Tipco negligently manufactured and/or designed hoses; that it breached any express warranty; and, that it breached any implied warranty of merchantability and fitness for a particular purpose in violation of 6 Del. C. Section 2532.

28. Denied. By way of further response, it is specifically denied that any hose manufactured by Tipco contained a design defect.

29. Denied. By way of further response, it is specifically denied that Tipco failed to exercise reasonable care in manufacturing hoses and that any such hoses contained a manufacturing defect.

30. Denied as stated. Tipco expressly warranted that hoses which it manufactured would conform to the verbal specifications which it was provided. By way of further response, all hoses which were shipped were tested and found to conform to the specifications verbally provided prior to being shipped by Tipco.

31. Denied as stated. By way of further response, Tipco did warrant that the hoses which it manufactured would be marketable and that they did conform to the verbal specifications which it was provided.

32. Denied. Moreover, it is further denied that answering defendant was negligent as averred in subparagraphs (a) through (f) and/or in any other manner whatsoever.

33. Denied.

WHEREFORE, answering defendant, hereby demands that plaintiff's Complaint against it be dismissed and that judgment be entered in its favor and against the plaintiff with an award of costs.

### FIRST AFFIRMATIVE DEFENSE

34. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

35. Plaintiff's claim is barred because the product was not used in the manner in which it was intended or reasonably foreseeable that it would be used.

### THIRD AFFIRMATIVE DEFENSE

36. Answering defendant extended no warranties, expressed or implied, and denies any warranties were breached.

### FOURTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred because the product was improperly used, assembled, stored and/or misused.

### FIFTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred by the economic loss doctrine.

### SIXTH AFFIRMATIVE DEFENSE

39. Answering defendant denies that the damages and losses alleged in plaintiff's Complaint were caused or contributed to for any conduct on the part of answering defendant.

### SEVENTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred in whole or in part by plaintiff's own actions or admissions, including but not limited to, failing to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

41. Damages and losses, if any, sustained by the plaintiff were caused solely or in part by the negligence of the plaintiff for which contributory or comparative negligence bars and/or limits plaintiff's recovery.

### NINTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred because there is no privity of contract between plaintiff and answering defendant.

### TENTH AFFIRMATIVE DEFENSE

43. Answering defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available or apparent during pre-trial discovery proceedings or the trial of this action and thereby reserves the right to assert any such affirmative defenses which are incorporated herein by reference as fully as though the same were set forth herein at length.

### ELEVENTH AFFIRMATIVE DEFENSE

44. The negligence of defendant Truck Tech Industries, Inc. was a superseding, intervening cause and was the proximate cause of the injuries alleged and damages claimed, if any, by plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

45. Any loss or damage suffered or recoverable by plaintiff, if any, and if proven, resulted from the acts, persons or entities other than Tipco Technologies, Inc. or from other conditions to which Tipco Technologies, Inc. is not responsible.

### CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

46. The answering defendant denies that it was negligent in any respect or that it is liable to the plaintiff in any respect. However, in the event that the answering defendant is

held liable to the plaintiff, then it cross-claims against Tech Industries, Inc. on the ground that said co-defendant's negligence was the primary cause of the accident and resulting damage and that the answering defendant, if negligent at all, was only secondarily negligent. The answering defendant therefore is entitled to indemnification from the co-defendant.

47. In the event that the answering defendant is held primarily liable to the plaintiff, then the negligence of the co-defendant is one of the proximate causes of the accident and the answering defendant is entitled to contribution in any amount which it may be required to pay to the plaintiff as a result of the co-defendants' negligence based on the relative degrees of fault pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 Del. C. 6301 and 6308.

WHEREFORE, answering defendant hereby demands that plaintiff's Complaint against it be dismissed and that judgment be entered in its favor and against the plaintiff with an award of costs.

GOLDFEIN & JOSEPH

GARY H. KAPLAN - ID# 2965
222 Delaware Avenue, Suite 1110
P.O. Box 2206
Wilmington, DE 19899
(302) 656-3301
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DON'S HYDRAULICS, INC., | : |
| | : C.A. No.: 04-1275 |
| Plaintiff, | : |
| v. | : |
| | : |
| COLONY INSURANCE COMPANY, | : |
| TRUCK TECH INDUSTRIES, INC., | : |
| and TIPCO TECHNOLOGIES, INC., | : |
| | : |
| Defendants. | : |

### CERTIFICATE OF SERVICE

I, Gary H. Kaplan, Esquire, do hereby certify that on this 28th day of October, 2004, two (2) copies of the ENTRY OF APPEARANCE were served on the following counsel by depositing same in the U.S. Mail, postage pre-paid in an envelope addressed as follows:

Michael K. Tighe, Esquire
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899-1031

Anthony A. Figliola, Jr., Esquire
Figliola & Facciolo
1813 Marsh Road, Suite A
Wilmington, DE 19810

GOLDFEIN & JOSEPH

_____
GARY H. KAPLAN - ID# 2965
222 Delaware Avenue, Suite 1110
P.O. Box 2206
Wilmington, DE 19899
(302) 656-3301
Attorney for Defendant