IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| DON'S HYDRAULICS, INC.,<br><br>     Plaintiff<br><br>vs.<br><br>COLONY INSURANCE COMPANY and<br>TRUCK TECH TECHNOLOGIES, INC.,<br>and TIPCO TECHNOLOGIES, INC.,<br><br>     Defendants. | Civil Action No.: 04-1275 |

**DEFENDANT, TRUCK TECH TECNOLOGIES ANSWER TO PLAINTIFF'S
COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS CLAIMS**

**COMES NOW**, Defendant Truck Tech Technologies, Inc. by and through their attorneys, Gilbert F. Shelsby, Jr. and **MORGAN SHELSBY & LEONI** in answer to the Complaint filed herein states:

  1.  Admitted.

  2.  Admitted.

  3.  Admitted.

  4.  Admitted.

  5.  Paragraph 5 is an incorporation paragraph and this Defendant adopts and incorporates the responses to the previous averments.

  6.  This Defendant is without sufficient information to admit the averment and therefore denies it.

  7.  Denied as stated.

  8.  Denied as stated.

9. Denied.

10. Denied.

11. This Defendant is without sufficient information to admit the averment and therefore denies it.

12. This Defendant is without sufficient information to admit the averment and therefore denies it.

13. Denied.

14. Paragraph 14 is an incorporation paragraph and this Defendant adopts and incorporates the responses to the previous averments.

15. This Defendant is without sufficient information to admit the averment and therefore, denies it.

16. This Defendant is without sufficient information to admit the averment and therefore, denies it.

17. This Defendant is without sufficient information to admit the averment and therefore, denies it.

18. This Defendant is without sufficient information to admit the averment and therefore, denies it.

19. Paragraph 19 is an incorporation paragraph and this Defendant adopts and incorporates the responses to the previous averments.

20. Denied.

21. Denied as stated.

22. Denied.

23. Denied.

24. (a) – (d) Denied.

25. Denied.

26. Paragraph 26 is an incorporation paragraph and this Defendant adopts and incorporates the responses to the previous averments.

27. This paragraph relates to a party other than this Defendant who is without sufficient information to admit the averment and, therefore, denies it.

28. This paragraph relates to a party other than this Defendant who is without sufficient information to admit the averment and, therefore, denies it.

29. This paragraph relates to a party other than this Defendant who is without sufficient information to admit the averment and, therefore, denies it.

30. This paragraph relates to a party other than this Defendant who is without sufficient information to admit the averment and, therefore, denies it.

31. This paragraph relates to a party other than this Defendant who is without sufficient information to admit the averment and, therefore, denies it.

32. (a) – (f) This paragraph relates to a party other than this Defendant who is without sufficient information to admit the averment and, therefore, denies it.

33. This paragraph relates to a party other than this Defendant who is without sufficient information to admit the averment and, therefore, denies it.

## FIRST AFFIRMATIVE DEFENSE

34. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

36. Plaintiff's claims is barred because the product was not used in the manner in which it was intended or reasonably foreseeable that it would be used.

### FOURTH AFFIRMATIVE DEFENSE

37. Answering Defendant extended no warranties, expressed or implied, and denies any warranties were breached.

### FIFTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred because the product was improperly used, assembled, stored and/or misused.

### SIXTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred by the economic loss doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

40. Answering Defendant denies that the damages and losses alleged in Plaintiff's Complaint were caused or contributed to for any conduct on the part of the answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred in whole or in part by the Plaintiff's own actions or omissions, including but not limited to, failing to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

42. Damages and losses, if any, sustained by the Plaintiff were caused solely or in part by the negligence of the Plaintiff for which contributory or comparative negligence bars and/or limits Plaintiff's recovery.

## TENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred because there is no privity of contract between Plaintiff and answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

44. Answering Defendant hereby gives notices that it intends to rely upon such other and further affirmative defenses as may become available or apparent during pre-trial discovery proceedings or the trial of this action and thereby reserves the right to assert any such affirmative defenses which are incorporated herein by reference as fully as though the same were set forth herein at length.

## TWELFTH AFFIRMATIVE DEFENSE

45. Any loss or damage suffered or recoverable by Plaintiff, if any, and if proven, resulted from the acts, persons or entities other than Truck Tech Industries, Inc. or from other conditions to which Truck Tech Industries, Inc. is not responsible.

## CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

46. The Answering Defendant denies that they are liable to the Plaintiff in any respect. However, in the event that the Answering Defendant is held to the Plaintiff, then they cross-claim against the co-defendants.

47. In the event that the Answering Defendant is held primarily liable to the Plaintiff, then the alleged wrongful acts of the co-defendants are contributing causes of the damages sustained by the Plaintiff and the Answering Defendant is entitled to contribution in any amount which they may be required to pay to the Plaintiff as a result of the co-defendants' wrongful acts, based on the relative degrees of fault determined

pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 Del. C. §§ 6301 through 6308.

**WHEREFORE**, Defendant Truck Tech Technologies, Inc., demand judgment be entered in their favor and against co-defendants, plus interest and costs of suit.

                          **MORGAN SHELSBY & LEONI**

                          Gilbert F. Shelsby, Jr., Esquire (#2833)
                          131 Continental Drive, Suite 206
                          Newark, DE  19713
                          (302) 454-7430
                          *Attorney for Defendant,*
                          *Truck Tech Technologies, Inc.*

DATED:  December 1, 2004

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| DON'S HYDRAULICS, INC.,<br><br>               Plaintiff<br><br>vs.<br><br>COLONY INSURANCE COMPANY and<br>TRUCK TECH TECHNOLOGIES, INC.,<br>and TIPCO TECHNOLOGIES, INC.,<br><br>               Defendants. | Civil Action No.: 04-1275 |

### CERTIFICATE OF SERVICE

I HEREBY SERVE NOTICE on this _____ day of December, 2004, that I served two **(2)** copies of Defendant Truck Tech Technologies, Inc. Answer to Complaint by first class, postage prepaid, mail on the following:

Michael K. Tighe, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza, Suite 500
P.O. Box 10-31
Wilmington, DE  19899

Gary H. Kaplan, Esquire
**GOLDFEIN & JOSEPH**
222 Delaware Avenue, Suite 1110
P.O. Box 2206
Wilmington, DE  19899

Anthony A. Figliola, Jr., Esquire
**FIGLIOLA & FACCIOLO**
1813 Marsh Road, Suite A
Wilmington, DE  19810

Joseph M. Toddy, Esquire
**ZARWIN, BAUM, DeVITO, KAPLAN,**
  **SCHAER & TODDY, P.C.**
1515 Market Street, Suite 1200
Philadelphia, PA  19102

**MORGAN SHELSBY & LEONI**

_____
Gilbert F. Shelsby, Jr., Esquire
131 Continental Drive, Suite 206
Newark, DE  19713
(302) 454-7430
*Attorney for Defendant,*
*Truck Tech Technologies, Inc.*