IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Don's Hydraulics, Inc. | : | |
| Plaintiff | : | Civil Action No.: 04-1275 KAJ |
| | : | |
| vs. | : | |
| | : | |
| Colony Insurance Company and | : | |
| Truck Tech Industries, Inc., and | : | |
| Tipco Technologies, Inc. | : | |
| Defendants | | |

**DEFENDANT, COLONY INSURANCE COMPANY'S ANSWERING BRIEF IN
RESPONSE TO PLAINTIFF, DON'S HYDRAULICS, INC.'S CROSS-MOTION
FOR SUMMARY JDUGMENT**

*Attorneys for Colony Insurance Company*

Anthony A. Figliola, Jr. (I.D. # 957)
FIGLIOLA & FACCIOLO
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460


Joseph M. Toddy
ZARWIN BAUM DeVITO KAPLAN SCHAER TODDY
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 569-2800


Dated: July 1, 2005

# TABLE OF CONTENTS

| | |
|---|---|
| Table of Citations ................................................................................................. | iii |
| Summary of the Argument ................................................................................... | iv |
| Statement of Facts ................................................................................................ | v |
| I. Legal Standard ................................................................................................. | 1 |
| II. Argument ........................................................................................................ | 2 |
|     A. The policy expressly excludes Don's repair and replacement costs for the destroyed pumps and the corresponding consequential damages ................. | 2 |
|     B. Colony is entitled to summary judgment because the "your product" exclusion clearly and unambiguously exclude the damage alleged by Don's ... | 4 |
|     C. Colony is entitled to summary judgment because the "damage to your work" exclusion is applicable to the present case ............................................. | 5 |
|     D. The "damage to property" exclusion is applicable to the present case ........... | 7 |
|     E. Colony is entitled to summary judgment because the policy does not cover damages alleged by Fieldale Farms ................................................. | 8 |
| III. Conclusion ..................................................................................................... | 11 |

# TABLE OF CITATIONS

**Cases**

AE-Newark Assoc. v. CNA Ins. Co., 2001 Del. Super. LEXIS 370 (2001) ....... 5, 6

Anderson et al. v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ........................ 1

Cheseroni v. Nationwide Mut. Ins. Co., 402 A.2d 1215 (De. Super. 1979) ........ 5

CIGNA Ins. Co. v. Didimoi Property Holdings, 110 F. Supp. 2d 259 (2000) ..... 2

Dover Downs, Inc. v. TIG Ins. Co., 2004 U.S. Dist. LEXIS 16365 (Dist. Del. 2004) .............................................................................................. 9, 10

J.C. Penney Life Ins. Co. v. Christian J. Pilosi, 393 F.3d 356 (3rd Cir. 2004) ...... 1

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) ... 1

XL Specialty Ins. Co. v. Envision Peripherals, Inc., 2003 U.S. Dist. LEXIS 768 (2005) .............................................................................................. 2

**Other Authorities**

Federal Rule of Civil Procedure 56(e) ................................................. 1

# SUMMARY OF THE ARGUMENT

I. LEGAL STANDARD

II. ARGUMENT

    A. The Policy expressly excludes Don's repair and replacement costs for the destroyed pumps and the corresponding consequential damages.

    B. Colony is entitled to summary judgment because the "your product" exclusion clearly and unambiguously exclude the damages alleged by Don's.

    C. Colony is entitled to summary judgment because the "damage to your work" exclusion is applicable to the present case.

    D. The "damage to property" exclusion is applicable to the present case.

    E. Colony is entitled to summary judgment because the policy does not cover the damages alleged by Fieldale Farms.

III. CONCLUSION

## STATEMENT OF FACTS

In 2003, Don's Hydraulic, Inc., ("Don's") entered into a contract with Fieldale Farms to build a hydraulic power unit for Fieldale Farm's poultry plaint in Gainesville, Georgia. At the time the work was performed, Don's was covered by a Commercial General Liability Insurance Policy ("the Policy") issued by Defendant, Colony Insurance Company ("Colony"). The policy was in effect from July 28, 2003 until July 28, 2004. The building of the hydraulic power unit required Don's to purchase hoses, fittings and pumps from outside vendors. As a result Don's purchased twenty hoses from Truck Tech Industries, Inc. ("Truck Tech"). These hoses were to be used as pump suction hoses for the Fieldale Farms project. The hoses were manufactured by Tipco Technologies, Inc. ("Tipco") at the request of Truck Tech. Upon receiving the first set of hoses from Truck Tech, Don's became concerned when it was discovered that the internal stems would turn inside the hoses. Concerned that the hoses would leak and destroy the hydraulic power unit, Don's returned the hoses to Truck Tech and waited for replacement hoses. At a later point Truck Tech provided replacement hoses to Don's. These hoses were installed in the hydraulic power unit, and the unit was shipped to Fieldale Farm's plant for installation.

When Don's installed the hydraulic power unit he noticed a lot of air in the system and feared it was due to the hoses. As it turned out, the hoses were found to be leaking causing air to enter into the hydraulic power unit resulting in damage to all twenty pumps of the unit. The damage caused by the leaking hoses resulted in a reduction in production at the Fieldale Farms plant. As a result of the damages caused by the leaking hoses, Don's seeks recovery of expenses incurred on behalf of itself and

Fieldale Farms. However, the damages sought by Don's are either not covered under the policy or specifically excluded by the terms of the policy. As such, Colony has no liability to Don's and summary judgment in favor of Colony is proper.

I.  **LEGAL STANDARD**

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, "a party against whom a claim ... is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.C.P. 56(c). When deciding summary judgment motions, the court cannot weight evidence or make credibility determinations. The court must only determine whether there is a genuine issue of fact for trial. Anderson et al. v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.") To defeat summary judgment the adverse party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Under Rule 56(e) an adverse party "may not rest upon the mere allegations or denial of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. Rule Civ. Proc. 56(e). Therefore, a mere scintilla of evidence in support of the non-moving party is insufficient, and a court may not deny summary judgment. Anderson et al. v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Regarding disputes involving insurance policies, the Third Circuit has held the construction of an insurance policy is a question of law for the court to decide. J.C. Penney Life Ins. Co. v. Christian J. Pilosi, 393 F.3d 356 (3rd Cir. 2004)("The interpretation of the scope of

1

coverage of an insurance contract is a question of law properly decided by the court...."); CIGNA Ins. Co., v. Didimoi Property Holdings, 110 F. Supp. 2d 259 (2000)("The interpretation of insurance contracts is a question of law.") The purpose of interpreting an insurance contract "is to give effect to the mutual intention of the parties." XL Specialty Ins. Co. v. Envision Peripherals, Inc., 2003 U.S. Dist. LEXIS 768, *8 (2005). When interpreting an insurance contract the court must "construe the policy as a whole, and its provisions in their full context." Id. The rights and responsibilities of the parties under the policy are dictated by the terms of the policy. CIGNA Ins. Co., v. Didimoi Property Holdings, 110 F. Supp. 2d 259, 264 (2000).

## II. ARGUMENT

### A. The Policy Expressly Excludes Don's Repair and Replacement Costs For The Destroyed Pumps and The Corresponding Consequential Damages

Plaintiff's argument that the repair and replacement costs for the pumps are covered under the Policy is clearly wrong because Plaintiff completely overlooks the clear and unambiguous exclusions set forth in the Policy. The Policy provides:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" <u>to which this insurance applies</u>.

(Emphasis added.)[1] The "to which this insurance applies," phrase indicates limitations on the coverage provided by the policy. These limitations are found in the exclusions portion of the policy, which provides[2]:

---

[1] C9.
[2] C10-C13.

2

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

2. **Exclusions**
   This insurance does not apply to:
   j. **Damage To Property**
      "Property damage" to:
      (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

   k. **Damage To Your Product**
      "Property damage" to "your product" arising out of it or any part of it.

   l. **Damage To Your Work**
      "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

The costs incurred to repair and replace the pumps are excluded from coverage under the damage to your product exclusion. As the Plaintiff admits in it Cross Motion for Summary Judgment, there is no dispute that the damage to the pumps constitutes property damage as defined by the Policy. There can also be no dispute that the pumps in question satisfy the definition of "your product" as set forth in the Policy. Under the Policy, "your product" is defined as "Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by: (a) You".[3] The pumps were goods or products that were sold, handled, distributed or disposed of by Don's Hydraulics in manufacturing the hydraulic power plant. The pumps were a part installed by Don's into the hydraulic power unit manufactured and sold by Don's to Fieldale Farms. Thus, Don's sold, handled, distributed or disposed of the pumps.

---

[3] C23.

3

### B. Colony is Entitled to Summary Judgment Because the "Your Product" Exclusion Clearly and Unambiguously Exclude the Damages Alleged by Don's

Plaintiff argues the "Damage To Your Product" exclusion is ambiguous because it is unclear whether the exclusion applies to the defective hoses or to the entire hydraulic power unit manufactured by Don's, and therefore, must be construed in favor of Don's and apply only to the defective hoses. Colony properly contends that the exclusion is not ambiguous and applies to all "damaged" parts of the hydraulic power unit since the hydraulic power unit is what Don's had contracted with Fieldale Farms to provide. As stated above damage to your product is defined as "property damage" to "your product" arising out of it or any part of it. Property damage is defined as[4]:

> 17. "Property damage" means:
>    a. Physical injury to tangible property, including all resulting loss of use of that property.
>    b. Loss of use of tangible property that is not physically injured.

Your product is defined as[5]:

> 21. "Your product":
>
>    a. Means:
>       1. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>          (a) You;
>          (b) Others trading under your name; or
>          (c) A person or organization whose business or assets you have acquired.

This exclusion could be no clearer. It unambiguously applies to property damage (i.e., physical injury to tangible property and/or loss of use of tangible property that is not physically injured) to "any goods or products, other than real property, manufactured, sold, handled,

---

[4] C23.
[5] C23-24.

4

distributed or disposed of by [Don's]." This exclusion makes no distinctions between defective parts and parts which are not defective but are damaged as a result of defective parts.

An ambiguity exists "when the contract language permits two or more reasonable interpretations." AE-Newark Assoc. v. CNA Ins. Co., 2001 Del. Super. LEXIS 370 *6, citing Cheseroni v. Nationwide Mut. Ins. Co., 402 A.2d 1215, 1217 (Del. Super. 1979). Exclusion k has only one interpretation, that being, property damage to any goods or products, manufactured, sold, handled, distributed or disposed of by Don's (i.e., the hydraulic power unit) is excluded from coverage under the Policy. Therefore, no ambiguity exists and exclusion k of the Policy must be interpreted by its ordinary and usual meaning, thus excluding coverage for the damages incurred by Don's as a result of the hose failure.

### C. Colony is Entitled to Summary Judgment Because The "Damage To Your Work" Exclusion is Applicable To The Present Case

Plaintiff argues that exclusion l, "Damage To Your Work", does not apply to this case because the hoses purchased by Don's from Truck Tech is considered work performed on Don's behalf by a subcontractor. There is no truth to this argument because Truck Tech can hardly be considered a subcontractor in this case. A subcontractor is defined as "one who takes portion of a contract from principal contractor or another subcontractor." Black's Law Dictionary 993 (6th ed. 1991). Truck Tech cannot be considered a subcontractor performing duties on behalf of Don's because it never entered into a contract to fulfill some obligation Don's owed to Fieldale Farms. What Truck Tech did was agree to provide hoses, as specified by Don's, to Don's to be used however Don's saw fit. This was simply a purchase/sale agreement between Don's and Truck Tech. Truck Tech was never a part of the contract between Fieldale Farms and Don's Hydraulics. Truck Tech never undertook to perform or fulfill any obligation on behalf of Don's to the Fieldale Farms / Don's Hydraulics contract. Plaintiff cannot make the leap that any entity

5

providing parts in their regular course of business is a subcontractor for that business's customers.

The case cited by Plaintiff to support its argument, <u>AE-Newark Associates, L.P. v. CNA</u>, 2001 Del. Super. LEXIS 370 (2001), is distinguishable from the present case. In <u>AE-Newark</u> the plaintiff sought recovery from defendant's commercial liability insurance policy for damages suffered when the roofing system installed by the defendant developed water leaks. The court held no coverage was available under the policy because the damage fell within the damage to your work exclusion of the contract.[6] The court held the exclusion applied because the roofing system installed by the defendant was manufactured, designed and engineered by a third party subcontractor. <u>Id.</u> at *2.

Unlike the present case, the subcontractor in <u>AE-Newark</u> was a true subcontractor. He was retained to manufacture, design and engineer a new roofing system for the defendant to install. This manufacture, design and engineering of a new roofing system were tasks required to fulfill an obligation of defendant. In the present case, Truck Tech, in providing the hoses requested by Don's did not fulfill an obligation of Don's to Fieldale Farms. Don's had contracted with Fieldale Farms to build and install a hydraulic power plant. Truck Tech merely sold hoses to Don's to be used in the construction of the hydraulic power plant. Truck Tech was not involved in any way in the design, manufacture or engineering of the actual hydraulic power unit, and therefore, is not a subcontractor. Because Truck Tech is not a subcontractor in the present case, the Damage To Your Work exclusion is applicable and the damages sought by Don's may not be recovered under the Policy.

---

[6] The damage to your work exclusion in AE-Newark states "This insurance does not apply to: 'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.' This exclusion does not apply if the damage work or the work out of which the damage arises was performed on your behalf by a subcontractor." This definition is identical to the your work exclusion in the present case.

6

## D. The "Damage to Property Exclusion" is Applicable to the Present Case

Damage to property that must be restored, repaired or replaced because Don's work was incorrectly performed is excluded from coverage under exclusion j (Damage to Property). This exclusion does not apply to property damage included in the products-completed operation hazards which is defined as[7]:

> 16. "Products-completed operations hazard":
>
>   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" <u>except</u>:
>
>     (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>
>       (a) When all of the work called for in your contract has been completed.
>       (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site
>       (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

(Emphasis added.) Property damage arising out of Don's work, but occurring away from premises owned or rented by Don's in not included in the products-completed operations hazard if the work has not yet been completed or abandoned by Don's at the time of the property damage.

The products-completed operations hazards does not apply because Don's had not completed or abandoned his work at Fieldale Farms by the time the incident resulting in the damages occurred. While the work performed by Don's, which resulted in the property damage,

---

[7] C23.

7

occurred at Fieldale Farms and away from premises owned by Don's, the work had not been completed or abandoned by Don's. Thus, the products-completed operations hazards exception to exclusion j does not apply. Don's began the installation of the hydraulic power unit on September 12, 2003 and continued for several days[8]. On September 13, 2003, oil was pumped into the reservoir of the hydraulic power unit[9]. On September 14, 2003, Don's checked the rotation on each pump unit and proceeded to start each unit one by one[10]. On Monday, September 15, 2005, Don's returned to start the remaining pumps to operate the plant. It was at this time that Don's noticed the problem with the hydraulic power unit[11]. As Don Cathell testified his work as called for in the contract with Fieldale Farms was not completed at the time the failure occurred. Neither was the job site put to its intended use at the time the failure occurred. Therefore, the products-completed operations hazard exception to the damage to property exclusion (exclusion j) does not apply and the damage to property suffered by Don's and Fieldale Farms are excluded from coverage under the Policy.

### E. Colony is Entitled to Summary Judgment Because The Policy Does Not Cover Damages Alleged By Fieldale Farms

Whether the damages incurred by Fieldale Farms are covered under the Policy depends on whether Don's is: (1) legally obligated to pay the damages, and (2) the damages are payable because of property damage[12]. The damages claimed by Don's as losses suffered by Fieldale Farms include: $40,039.00 for labor and overhead; $40,995.50 for lost profits to Fieldale Farms; $1,650.00 for freight expense for the pumps and $1,520.00 for filter expense. Contrary to Plaintiff's argument, these damages are not covered under the Policy. To begin with, no

---

[8] C26.
[9] C27.
[10] C27-28.
[11] C30-32 and C33-34.
[12] C9.

8

coverage is available for the costs incurred by Fieldale Farms because Don's is not "legally obligated to pay as damages" these costs. As stated above, the Policy covers only the "sums that the insured becomes legally obligated to pay as damages. Don testified in his deposition that Fieldale Farms has made no attempt to collect this outstanding sum from him. Neither has Fieldale Farms initiated suit against Don's in an attempt to collect this sum[13]. Therefore, because Don's is not legally obligated to pay this expense, there is no coverage under the Policy.

Should Don's become legally obligated to pay this expense, there is no coverage under the Policy because the damages do not meet the definition of "property damage" under the Policy. As stated above property damage is defined as "physical injury to <u>tangible property</u>" or "loss of use of <u>tangible property</u> that is not physically injured." (Emphasis added.) Thus, the Policy covers only "tangible property." In <u>Dover Downs, Inc. v. TIG Ins. Co.</u>, this Court held tangible property to be "property that has physical form and characteristics." 2004 U.S. Dist. LEXIS 16365, *18 (Dist. Del. 2004) (quoting Black's Law Dictionary 988 (7th ed. 2000).) The Policy covers only the "sums that the insured becomes legally obligated to pay because of "property damage". None of the items appearing of the Fieldale Farms invoice qualify as "property damage". For example, the $40,995.00 invoiced from Fieldale Farms as additional overhead expense represents lost profits to Fieldale Farms[14]. Lost profits are not considered "property damage" because it is not a "tangible property," thus no coverage is available under the Policy[15]. <u>Dover Downs, Inc. v. TIG Ins. Co.</u>, 2004 U.S. Dist. Lexis 16365, *18 (Dist. Del. 2004). In <u>Dover Downs</u> the plaintiffs argued that loss profits were covered under a general liability policy as property damage. The definition of property damage in <u>Dover Downs</u>

---

[13] C30.
[14] C29.
[15] Under the Policy, property damage includes "a. Physical injury to tangible property ... b. Loss of use to tangible property that is not physically injured."

9

includes "physical injury to tangible property, including all resulting loss of use of that property, or loss of use of tangible property that is not physically injured." Id. at *5. This definition of property damage is identical to the definition in the present case. Finding that tangible property is property that has physical form and characteristics, the court held that in order to qualify for coverage as property damage, the plaintiffs must have suffered loss of use of property with physical form. Id. at *18-19. The court held loss profits fail to qualify as property damage and thus was excluded from coverage under the policy. Id. at *19. Like Dover Downs, this court must find that no coverage exists for lost profits incurred by Fieldale Farms under the Policy because such losses do not meet the definition of "property damage" under the Policy, and grant summary judgment in favor of Colony Insurance.

Like loss profits, the remaining damages alleged by Don's to have been suffered by Fieldale Farms; labor and overhead, freight expense and filter expense, do not meet the definition of tangible property as set forth by this Court. These items are not property that have physical form and characteristics, and therefore, are not covered under the Policy.

Not only are the damages alleged by Don's and Fieldale Farms not covered under the Policy, but they are also specifically excluded from coverage under Section I(A)(2)(j) of the Policy[16]. This section excludes coverage under the Policy for property damage to "That particular part of any property that must be restored repaired or replaced because 'your work' was incorrectly performed on it." This exclusion does not apply to property damage included in the products-completed operations hazard, which is property damage occurring away from premises owned or rented by Don's and arises out of Don's product (i.e., the hydraulic power unit) or Don's work (i.e., the manufacturing and installation of the hydraulic power unit). As

---

[16] C12.

10

stated above the products-completed operation hazard is not applicable to this case since Don's had not completed its work at Fieldale Farms at the time the damage occurred. Because the damages alleged by Fieldale Farms are not covered by the policy and valid exclusions are found in the policy to exclude these damages, summary judgment in favor of Colony is proper.

### III.  CONCLUSION

As stated above there is no genuine issue of material fact at issue in this case. The damages suffered by Don's and Fieldale Farms are either not covered under the policy or specifically excluded from coverage under the terms of the Policy. Because this case involves the interpretation of an insurance policy, which involves a question of law, and the facts clearly establish no coverage exists under the policy at issue, summary judgment in favor of defendant, Colony Insurance Company is proper.

WHEREFORE, answering defendant, Colony Insurance Company, respectfully requests this Honorable Court deny plaintiff, Don's Hydraulics Inc.'s Cross Motion for Summary Judgment and grant Defendant, Colony Insurance Company's Motion for Summary Judgment.

**FIGLIOLA & FACCIOLO**

/s/ Anthony A. Figliola
Anthony A. Figliola, Jr. (I.D. # 957)
1813 Marsh Road, Suite A
(302) 475-0460

Dated: July 1, 2005                Attorney for Defendant Colony Insurance Co.