IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Don's Hydraulics, Inc.
       Plaintiff        :    Civil Action No.: 04-1275 KAJ

vs.

Colony Insurance Company and
Truck Tech Industries, Inc., and
Tipco Technologies, Inc.
       Defendants

**DEFENDANT, COLONY INSURANCE COMPANY'S ANSWERING BRIEF IN RESPONSE TO DEFENDANT, TIPCO TECHNOLOGIES, INC.'S <u>OPPOSITION TO SUMMARY JDUGMENT</u>**

*Attorneys for Colony Insurance Company*

Anthony A. Figliola, Jr. (I.D. # 957)
FIGLIOLA & FACCIOLO
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460

Joseph M. Toddy
ZARWIN BAUM DeVITO KAPLAN SCHAER TODDY
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 569-2800

Dated: July 8, 2005

## TABLE OF CONTENTS

Table of Citations .................................................................................... iii

Summary of the Argument ...................................................................... iv

Statement of Facts ................................................................................... v

I. Legal Standard .................................................................................... 1

II. Argument ........................................................................................... 2

    A. Summary judgment in favor of Colony is proper since the damages were not covered under the Policy and no issue of material fact exists as to whether the damages suffered by Don's were covered under the Policy. ....................... 2

    B. Summary judgment in favor of Colony should be granted since the damages suffered by Don's are either not cover under the Policy or are specifically excluded from coverage by the clear and unambiguous terms of the Policy.... 3

    C. Don's is not entitled to summary judgment as a matter of law because the Policy exclusions are clear and unambiguous and are valid exclusions......... 4

III. Conclusion ......................................................................................... 5

# TABLE OF CITATIONS

**Cases**

| | |
|---|---|
| AE-Newark Assoc. v. CNA Ins. Co., 2001 Del. Super. LEXIS 370 (2001) ....... | 5, 6 |
| Anderson et al. v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ....................... | 1 |
| Cheseroni v. Nationwide Mut. Ins. Co., 402 A.2d 1215 (De. Super. 1979) ........ | 4 |
| CIGNA Ins. Co. v. Didimoi Property Holdings, 110 F. Supp. 2d 259 (2000) ..... | 2 |
| Hallowell v. State Farm Mutual Automobile Ins. Co., 443 A.2d 925 (Del. 1982). | 4, 5 |
| J.C. Penney Life Ins. Co. v. Christian J. Pilosi, 393 F.3d 356 (3rd Cir. 2004) ...... | 1 |
| Mass. Bay Ins. Co. v. Bushmaster Firearms, Inc., 324 F. Supp. 2d 110 (D. Maine 2004) ............................................................................. | 5 |
| Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) ... | 1 |
| Modern Equipment Co. v. Continental Western Ins. Co., 355 F.3d 1125 (8th Cir. 2004) ............................................................................. | 5 |
| Regis Ins. Co. v. Graves, 2005 De. Super. LEXIS 27 (Del. Super. 2005) .......... | 4 |
| Sexton v. State Farm Fire and Casualty Co., 203 Del. Super. LEXIS 430 (Del. Super. 2003) ............................................................................ | 4 |
| Terra Nova Ins. Co., Ltd. v. Nanticoke Pines, Ltd., 743 F. Supp. 293 (D. Del. 1990)..................................................................................... | 4 |
| Toll Brothers, Inc. v. General Accident Ins. Co., 1999 Del. Super. LEXIS 313 (Del. Super. 1999) ....................................................................... | 2 |
| XL Specialty Ins. Co. v. Envision Peripherals, Inc., 2003 U.S. Dist. LEXIS 768 (2005) ..................................................................................... | 2 |

**Other Authorities**

| | |
|---|---|
| Federal Rule of Civil Procedure 56(e) ............................................... | 1 |

## SUMMARY OF THE ARGUMENT

I.    LEGAL STANDARD

II.   ARGUMENT

    A.    Summary judgment is favor of Colony is proper since the damages were not covered under the Policy and no issue of material fact exists as to whether the damages suffered by Don's were covered under the Policy.

    B.    Summary judgment in favor of Colony should be granted since the damages suffered by Don's are either not covered under the Policy or are specifically excluded from coverage by the clear and unambiguous terms of the Policy.

    C.    Don's is not entitled to summary judgment as a matter of law because the Policy exclusions are clear and unambiguous and are valid exclusions.

III.  CONCLUSION

## STATEMENT OF FACTS

In 2003, Don's Hydraulic, Inc., ("Don's") entered into a contract with Fieldale Farms to build a hydraulic power unit for Fieldale Farm's poultry plaint in Gainesville, Georgia. At the time the work was performed, Don's was covered by a Commercial General Liability Insurance Policy ("the Policy") issued by Defendant, Colony Insurance Company ("Colony"). The policy was in effect from July 28, 2003 until July 28, 2004. The building of the hydraulic power unit required Don's to purchase hoses, fittings and pumps from outside vendors. As a result Don's purchased twenty hoses from Truck Tech Industries, Inc. ("Truck Tech"). These hoses were to be used as pump suction hoses for the Fieldale Farms project. The hoses were manufactured by Tipco Technologies, Inc. ("Tipco") at the request of Truck Tech. Upon receiving the first set of hoses from Truck Tech, Don's became concerned when it was discovered that the internal stems would turn inside the hoses. Concerned that the hoses would leak and destroy the hydraulic power unit, Don's returned the hoses to Truck Tech and waited for replacement hoses. At a later point Truck Tech provided replacement hoses to Don's. These hoses were installed in the hydraulic power unit, and the unit was shipped to Fieldale Farm's plant for installation.

When Don's installed the hydraulic power unit he noticed a lot of air in the system and feared it was due to the hoses. As it turned out, the hoses were found to be leaking causing air to enter into the hydraulic power unit resulting in damage to all twenty pumps of the unit. The damage caused by the leaking hoses resulted in a reduction in production at the Fieldale Farms plant. As a result of the damages caused by the leaking hoses, Don's seeks recovery of expenses incurred on behalf of itself and

Fieldale Farms. However, the damages sought by Don's are either not covered under the policy or specifically excluded by the terms of the policy. As such, Colony has no liability to Don's and summary judgment in favor of Colony is proper.

I.  **LEGAL STANDARD**

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, "a party against whom a claim ... is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.C.P. 56(c). When deciding summary judgment motions, the court cannot weight evidence or make credibility determinations. The court must only determine whether there is a genuine issue of fact for trial. Anderson et al. v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.") To defeat summary judgment the adverse party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Under Rule 56(e) an adverse party "may not rest upon the mere allegations or denial of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. Rule Civ. Proc. 56(e). Therefore, a mere scintilla of evidence in support of the non-moving party is insufficient, and a court may not deny summary judgment. Anderson et al. v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Regarding disputes involving insurance policies, the Third Circuit has held the construction of an insurance policy is a question of law for the court to decide. J.C. Penney Life Ins. Co. v. Christian J. Pilosi, 393 F.3d 356 (3rd Cir. 2004)("The interpretation of the scope of

1

coverage of an insurance contract is a question of law properly decided by the court...."); CIGNA Ins. Co., v. Didimoi Property Holdings, 110 F. Supp. 2d 259 (2000)("The interpretation of insurance contracts is a question of law.") The purpose of interpreting an insurance contract "is to give effect to the mutual intention of the parties." XL Specialty Ins. Co. v. Envision Peripherals, Inc., 2003 U.S. Dist. LEXIS 768, *8 (2005). When interpreting an insurance contract the court must "construe the policy as a whole, and its provisions in their full context." Id. The rights and responsibilities of the parties under the policy are dictated by the terms of the policy. CIGNA Ins. Co., v. Didimoi Property Holdings, 110 F. Supp. 2d 259, 264 (2000).

## II.  ARGUMENT

### A  Summary judgment in favor of Colony is proper since the damages were not covered under the Policy and no issue of material fact exists as to whether the damages suffered by Don's were covered under the Policy

Defendant, Tipco argues against summary judgment in favor of Colony alleging the existence of issues of material fact. One such issue alleged by Tipco is whether the hoses sold by Truck Tech and manufactured by Tipco were defective, or whether Don's negligently installed the hoses, pumps or other parts of the hydraulic power unit, thus resulting in the damage which occurred. While these questions may involve issues of material facts, they only involve issues between Tipco, Truck Tech and Don's and raise no issue of whether the damages alleged by Don's are covered under the Policy.

Colony's involvement in this case depends on whether the Policy at issue provides coverage for the damages alleged in Plaintiff's complaint. Since the interpretation of an insurance policy is a question of law for the courts to decide, there is no issue of material facts that would prevent this Court from issuing summary judgment in favor of Colony. See Toll Brothers, Inc. v. General Accident Ins. Co., 1999 Del. Super. LEXIS 313, *9 (Del. Super. 1999)

2

("The interpretation of an insurance contract, like any other contract, is a question of law to be decided by the Court.") Whether Colony is a proper party to this case depends on whether the Policy provides for coverage or whether the exclusions in the Policy specifically prevent coverage for the damages claimed by Don's. Therefore, the answer to the factual issues raised by Tipco will have no impact on Colony's summary judgment motion.

As stated in Colony's Motion for Summary Judgment and Response to Plaintiff's Cross-Motion, the damages alleged by Don's are not recoverable under the Policy because the damages are either not covered under the Policy or the damages are specifically excluded from coverage by the terms of the Policy. Because the issues involving Colony's presence in this case center on the interpretation of an insurance policy and the plain meaning of the Policy clearly establish no coverage for the damages alleged in this case, summary judgment in favor of Colony is proper.

**B.   Summary judgment in favor of Colony should be granted since the damages suffered by Don's are either not covered under the Policy or are specifically excluded from coverage by the clear and unambiguous terms of the Policy**

Tipco's second argument in opposition to Colony's Motion for Summary Judgment is that the motion should be denied as a matter of law because the Policy expressly covers "property damage" resulting to the hydraulic system. While the damage suffered by the hydraulic system may meet the definition of "property damage", and thus appear to be covered under the Policy, Tipco overlooks, and does not address, the exclusions clearly and unambiguously set forth in the Policy. Many of the damages alleged by Don's, travel, room and board, wages, etc., do not meet the definition of "property damage" and are not covered under the Policy. Furthermore, damages that do meet the "property damage" definition are not covered under the policy pursuant to the Policy exclusions. The arguments set forth in Colony's

3

Motion for Summary Judgment and Response to Plaintiff's Cross-Motion for Summary Judgment, clearly show Don's claims are either not covered under the Policy or are specifically excluded from coverage by the terms of the Policy. Therefore, summary judgment in favor of Colony is proper.

### C. Don's is not entitled to summary judgment as a matter of law because the Policy exclusions are clear and unambiguous and are valid exclusions.

Tipco argues that enforcing the exclusions set forth in the Policy would "vitiate the intent of the Policy and could be considered a hidden trap or pitfall, or, should otherwise be deemed ambiguous when reading the Policy as a whole", and therefore, asks the Court to invoke the doctrine of reasonable expectations and interpret the Policy in Don's favor. Defendant Tipco Answering Brief in Opposition to Colony's Motion for Summary Judgment, p. 6. The doctrine of reasonable expectation is invoked only if the terms of a contract are "ambiguous or conflicting, or if the policy contains a hidden trap or pitfall...." Hallowell v. State Farm Mutual Automobile Ins. Co., 443 A.2d 925, 927 (Del. 1982). Ambiguity exists only when the contract language permits two or more reasonable interpretations. Cheseroni v. Nationwide Mut. Ins. Co., 402 A.2d 1215, 1217 (Del. Super. 1979). The exclusions set forth in the Policy are not ambiguous, as the language does not allow for more than one reasonable interpretation. Neither is the exclusions conflicting or contains hidden traps or pitfalls. The exclusions clearly and unequivocally define what damages are and are not covered under the Policy.

Neither does the fact that exclusions exist in insurance policies establish that the policy is ambiguous, conflicting or contains hidden traps or pitfalls. Exclusions in insurance policies are commonly recognized in Delaware as valid. Terra Nova Ins. Co., Ltd. v. Nanticoke Pines, Ltd., 743 F. Supp. 293 (D. Del. 1990); Sexton v. State Farm Fire and Casualty Co., 2003 Del. Super. LEXIS 430 (Del. Super. 2003) Regis Ins. Co. v. Graves, 2005 Del. Super. LEXIS 27 (Del.

4

Super. 2005). In fact, exclusions identical to the ones present in this case have been found to be unambiguous and have been applied by courts to prevent coverage. See Modern Equipment Co. v. Continental Western Ins. Co., 355 F.3d 1125 (8th Cir. 2004)(where the court held the "property damage" exclusion was valid); Mass. Bay Ins. Co. v. Bushmaster Firearms, Inc., 324 F. Supp. 2d 110 (D. Maine 2004)(where the court held "your product" exclusion was valid.)

The Delaware courts have held that an insured has a duty to read the insurance policy and is bound by the terms of the policy if the terms are clear and unambiguous. Hallowell v. State Farm Mutual Automobile Ins. Co., 443 A2d 925, 928 (Del. 1982). Mr. Cathell testified at his deposition that he had a conversation with his agent regarding the coverage provided by the Policy. See pp. 126-127 of C-36. Mr. Cathell's duty to read the Policy, as well as the opportunity he had to discuss with his agent the terms and conditions of the coverage provided by the Policy provided ample opportunity for Mr. Cathell to question and clarify any concerns he had regarding the coverage provided by the Policy. To argue now that the Policy exclusions are conflicting or contain hidden traps or pitfalls is clearly contrary to the laws of Delaware.

After review of the undisputed facts in this case and the Policy at issue, it is clear that the damages alleged by Don's are either not covered under the Policy or specifically excluded by the terms of the Policy, therefore, summary judgment in favor of Colony is proper.

## III. CONCLUSION

As stated above and in Colony's Motion for Summary Judgment and Response to Plaintiff's Cross-Motion for Summary Judgment, there are no genuine issues of material fact concerning the coverage to Don's by the Policy. The damages suffered by Don's and Fieldale Farms are either not covered under the policy or specifically excluded from coverage under the terms of the Policy.

5

WHEREFORE, answering defendant, Colony Insurance Company, respectfully requests this Honorable Court deny plaintiff, Don's Hydraulics Inc.'s Cross Motion for Summary Judgment and grant Defendant, Colony Insurance Company's Motion for Summary Judgment.

                                       **FIGLIOLA & FACCIOLO**

                                        /s/ Anthony A. Figliola
                                        Anthony A. Figliola, Jr. (I.D. # 957)
                                        1813 Marsh Road, Suite A
                                        (302) 475-0460

Dated: July 8, 2005                        Attorney for Defendant Colony Insurance Co.