IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DON'S HYDRAULICS, INC.,** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | C.A. NO. 04-1275 (KAJ) |
| | : | |
| **COLONY INSURANCE COMPANY,** | : | |
| **TRUCK TECH INDUSTRIES, INC.,** | : | |
| **and TIPCO TECHNOLOGIES, INC.,** | : | |
| **Defendants** | : | |

**OPENING BRIEF OF DEFENDANT, TIPCO TECHNOLOGIES, INC.
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

GOLDFEIN & JOSEPH

GARY H. KAPLAN (#2965)
222 Delaware Avenue
Suite 1110
P.O. Box 2206
Wilmington, DE  19899
(302) 656-3301
Attorneys for Defendant,
Tipco Technologies, Inc.

Date:   October 3, 2005

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES ………………………………………………… | ii |
| NATURE AND STAGE OF PROCEEDINGS ……………………………… | 1 |
| SUMMARY OF ARGUMENT ……………………………………………… | 2 |
| STATEMENT OF FACTS …………………………………………………… | 3 |
| ARGUMENT ………………………………………………………………… | 4 |
|     I.    PLAINTIFF'S CASE IS INSUFFICIENT TO PROCEED TO TRIAL BASED ON THE LACK OF EVIDENCE OF ANY DEFECT ATTRIBUTABLE TO THE HOSES SUPPLIED BY MOVING DEFENDANT ………………. | 4 |
|         A.    SUMMARY JUDGMENT STANDARD ………….. | 4 |
|         B.    DISCUSSION ……………………………………… | 4 |
| CONCLUSION ……………………………………………………………….. | 8 |

**TABLE OF AUTHORITIES**

Cases:                                                                                           Page

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248,
    91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) ………………………….. 4

Celotex Corp. v. Catrett, 477 U.S. 317, 91 L. Ed. 2d 265,
    106 S. Ct. 2548 (1986) ……………………………………………… 4

Dilenno v. Libbey Glass, 668 F.Supp. 373 (D. Del. 1987) ………………. 6

Erie R.R. v. Tompkins, 304 U.S. 64, 82 L. Ed. 1188,
    58 S. Ct. 817 (1938) ………………………………………………… 4

Kates v. Pepsi Cola Bottling Co., 263 A.2d 308 (Del.Super. 1970) …….. 6

Mazda Motor Corporation v. Lindahl, 706 A.2d 526 (Del. 1998) ………. 7

Reybold Group, Inc. v. Chemprobe Technologies, Inc.,
    721 A.2d 1267 (Del. 1998) ………………………………………… 6

Wilson v. Derrickson, 175 A.2d 400 (Del.Super. 1961) ………………… 6

Rules:

Rule 56(c), Federal Rules of Civil Procedure ……………………………. 4

**NATURE AND STAGE OF PROCEEDINGS**

Plaintiff, Don's Hydraulics, Inc. ("Don's") proposed, designed and built a large hydraulic pumping station for Fieldale Farms. Don's contracted with Defendant Truck Tech Industries, Inc. ("TTI") to supply hoses and hose fittings; TTI subcontracted this work to moving Defendant Tipco Technologies, Inc. ("Tipco"). After testing, hoses with fittings were delivered by Tipco to TTI.

For unknown reasons, the system failed shortly after it was run on September 15, 2003. Plaintiff claims that the failure was due to hoses supplied by moving Defendant Tipco.

Don's subsequently filed suit herein against Defendants Colony Insurance Company, TTI and moving Defendant Tipco. Don's has identified its expert as Thomas W. Butler, Ph.D. Dr. Butler has been deposed as has been his associate Anthony D. Cornetto, III.

## **SUMMARY OF ARGUMENT**

Moving Defendant, Tipco Technologies, Inc. ("Tipco") requests the Court to enter summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. In a diversity case such as this, the applicable substantive law is that of the state in which the Court sits. Under the Delaware law it is necessary for Plaintiff to prove negligence and causation.

In the instant case, the sole evidence provided by Plaintiff is that three of a total of twenty hoses were tested by Plaintiff's employees and that the testing was observed by an associate of Plaintiff's proffered expert. It is claimed that the three hoses leaked on such testing. There is no evidence of any other elements of the cause of action. In particular, there is no showing as to whether the hoses were defective on delivery to Don's or, indeed, whether such alleged condition was the cause of the equipment failure alleged in this case.

As such, Plaintiff's case is incomplete and Plaintiff will be unable to establish a prima facie case at trial herein. Discovery is now complete. Summary judgment is therefore appropriate at this time.

**STATEMENT OF FACTS**

Plaintiff, Don's Hydraulics, Inc. ("Don's") proposed, designed and built a large hydraulic pumping station for Fieldale Farms. Don's contracted with Defendant Truck Tech Industries, Inc. ("TTI") to supply hoses and hose fittings; TTI subcontracted this work to moving Defendant Tipco Technologies, Inc. ("Tipco"). After testing, hoses with fittings were delivered by Tipco to TTI.

On September 12, 2003, Don's installed the hydraulic power unit and the system was operated for six hours the following day, September 14, 2003, with no signs of distress or failure. Three pumps were run for one hour and three pumps were run overnight.

On September 15, 2003 Don's started operating eight pumps. Four of the pumps failed. By Friday, September 19, 2003 Plaintiff procured twenty new hoses and retained a cleaning company to filter and cleanse the oil in the machinery. The cleaning company found "moderate amounts of metal" and "some paper" in the oil and the oil reservoir. Don's subsequently filed suit herein against Defendants Colony Insurance Company, TTI and moving Defendant Tipco.

Don's has identified its expert as Thomas W. Butler, Ph.D. Dr. Butler has been deposed as has been his associate Anthony D. Cornetto, III. Their testimony makes clear, however, that all that was done was observation of testing by Plaintiff's own employees which allegedly demonstrated leaks in three hoses.

**ARGUMENT**

I. PLAINTIFF'S CASE IS INSUFFICIENT TO PROCEED TO TRIAL BASED ON THE LACK OF EVIDENCE OF ANY DEFECT ATTRIBUTABLE TO THE HOSES SUPPLIED BY MOVING DEFENDANT.

    A.    SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

Once the moving party identifies evidence that demonstrates the absence of material fact, the nonmoving party must make a sufficient showing to establish the existence of every element necessary to its case and on which it will bear the burden of proof at trial. See, Celotex Corp. v. Catrett, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

    B.    DISCUSSION

In analyzing the legal issues, a federal court sitting in a diversity action will apply the substantive law of the state in which it sits. Erie R.R. v. Tompkins, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938). In this case, applicable Delaware law establishes that Plaintiff will be unable to establish a prima facie case at trial.

Don's contention has been that the hoses leaked. The sole support for such contention is that testing was performed on three of twenty allegedly leaking hoses. This testing was done on February 24, 2004. It was done by employees of the Plaintiff in the presence of Anthony D. Cornetto, III, an employee or associate of Plaintiff's designated expert Thomas W. Butler, Ph.D.

Dr. Butler has been deposed. His report and deposition testimony reveal that he merely adopted the results of the February 24, 2004 testing and is of the opinion that "we had hoses that leaked." (A - 83). He was neither retained to nor did he ever determine the cause of the leakage (A - 84). Although Dr. Butler in his deposition cited a number of possible causes for failure of hydraulic pumps, he ruled out none of the other possible causes except, possibly, overheating (A - 91). The pumps themselves were never tested by him. (A – 91, 92).

Therefore, in this case there is at best merely evidence that three of twenty hoses were tested after the fact. The testing was done by Plaintiff's personnel in the presence of Dr. Butler's associate Mr. Cornetto. Mr. Cornetto acknowledged in his deposition, however, that he undertook no investigation into any of the equipment used in the testing to assure the accuracy, calibration, operation or "anything like that" involved in the February 24, 2003 procedure. (A - 138). In fact, even though the system was designed as a vacuum system, positive pressure testing was done because neither Dr. Butler's organization nor the Plaintiff had available equipment to do a vacuum test. (A - 170). Mr. Cornetto acknowledged that a vacuum test would have been preferable. (A – 170, 171). Indeed, Mr. Cornetto testified that he, too, never drew any conclusion as to why

5

the hoses leaked in the testing. (A - 167). In fact the fittings used in the testing were not the same ones used when the system failed leading to this litigation. (A - 173).

"Negligence is never presumed. It must be proven." <u>Wilson v. Derrickson</u>, 175 A.2d 400 (Del.Super. 1961). In order to prevail, Plaintiff must prove all of the elements of its claim by a preponderance of the evidence. <u>Reybold Group, Inc. v. Chemprobe Technologies, Inc.</u>, 721 A.2d 1267 (Del. 1998). To recover herein, Plaintiff must show that the product was defective. <u>Id.</u> Plaintiff must present evidence of a manufacturing defect in the hoses at the time of delivery. <u>Id.</u> <u>Kates v. Pepsi Cola Bottling Co.</u>, 263 A.2d 308 (Del.Super. 1970). There must be an explanation of what the defect involved. <u>Dilenno v. Libbey Glass</u>, 668 F.Supp. 373 (D.Del. 1987).

In <u>Reybold Group, Inc.</u>, <u>supra</u>, Plaintiff was the owner of a commercial building divided into office suites. A water repellant product manufactured by the Defendant was applied to an exterior wall of the building. On the day that the product was applied, Plaintiff's building developed an offensive and noxious odor which forced the building to be evacuated. The Supreme Court affirmed Superior Court's grant of summary judgment in favor of the Defendant. The Superior Court held, and the Supreme Court affirmed, that Plaintiff had failed to make a prima facie showing of a defect in the product which precluded the matter from being submitted to a jury.

The Superior Court wrote:

> [Plaintiff] presented no direct expert evidence that [the] product was either defective or the proximate cause of its injury. The record reflects that [Plaintiff] failed to establish a prima facie case through circumstantial evidence of a defect, by negating other reasonable causes for the injury it sustained. Accordingly, without either circumstantial evidence or expert testimony [Plaintiff] failed to establish an essential element of its cause of action. …

6

To like effect is the Supreme Court's decision in <u>Mazda Motor Corporation v. Lindahl</u>, 706 A.2d 526 (Del. 1998), wherein the Supreme Court more directly addressed the question of proximate cause in a defect case.  In <u>Lindahl</u>, Plaintiff brought a design defect claim under the Crashworthiness Doctrine against a motor vehicle manufacturer.  The issue in <u>Lindahl</u> revolved around proximate cause, defined by the Court as "that direct cause without which the accident would not have occurred."  Adopting a "but for" test, the Court held that there must be some evidence of causation.

In the case at bar, Plaintiff has established and indeed offers no such evidence.  It requires more than the February 24, 2004 demonstration of leaky hoses to show that any such condition caused the system failure months before in September 2003.

## **CONCLUSION**

For all the foregoing reasons, it is respectfully submitted that the motion for summary judgment should be granted.

                                            **Respectfully submitted,**

                                            **GOLDFEIN & JOSEPH**

                                            /s/ Gary H. Kaplan
**BY:** _____
                                            **GARY H. KAPLAN (#2965)**
                                            **222 Delaware Avenue**
                                            **Suite 1110**
                                            **P.O. Box 2206**
                                            **Wilmington, DE   19899**
                                            **(302) 656-3301**
                                            **Attorneys for Defendant,**
                                            **Tipco Technologies, Inc.**