IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Don's Hydraulics, Inc. | : | |
|     Plaintiff | : | Civil Action No.: 04-1275 KAJ |
| | : | |
| vs. | : | |
| | : | |
| Colony Insurance Company and | : | |
| Truck Tech Industries, Inc., and | : | |
| Tipco Technologies, Inc. | : | |
|     Defendants | : | |

<u>**DEFENDANT COLONY INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO CO-DEFENDANT TRUCK TECH INDUSTRIES, INC. AND CO-DEFENDANT TIPCO TECHNOLOGIES, INC.'S MOTIONS TO PRECLUDE TESTIMONY OF THOMAS BUTLER, Ph.D.**</u>

*Attorneys for Colony Insurance Company*

Anthony A. Figliola, Jr. (I.D. # 957)
FIGLIOLA & FACCIOLO
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460


Joseph M. Toddy
ZARWIN BAUM DeVITO KAPLAN SCHAER TODDY
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 569-2800


Dated: <u>10/18/05</u>

## TABLE OF CONTENTS

Table of Citations ................................................................................... iii

Summary of the Argument ..................................................................... iv

Statement of Facts .................................................................................. v

I. Legal Standard .................................................................................... 1

II. Argument ............................................................................................ 3

    A. The Expert Testimony of Thomas Butler, Ph.D. is Relevant and Scientifically Reliable Under <u>Daubert</u> and The Federal Rules Of Evidence..................... 3

III. Conclusion ......................................................................................... 7

# TABLE OF CITATIONS

Cases

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)............... 1, 6

Other Authority

Federal Rules of Evidence 702......  ................................................... 4
Federal Rules of Evidence 401......  ................................................... 4

## SUMMARY OF THE ARGUMENT

A.   The Expert Testimony of Thomas Butler, Ph.D. Is Relevant And Scientifically Reliable Under <u>Daubert</u> and The Federal Rules Of Evidence.

## STATEMENT OF FACTS

In 2003, Plaintiff entered into a contract with Fieldale Farms to build a hydraulic power unit for Fieldale Farm's poultry processing plant in Gainesville, Georgia. The construction of the hydraulic power unit required Plaintiff to purchase hoses, fittings and pumps from outside vendors. Plaintiff purchased twenty hydraulic suction hoses from Defendant Truck Tech Industries, Inc., (hereinafter "TTI"). TTI in turn purchased the hoses from Defendant Tipco Technologies, Inc., (hereinafter "Tipco"), who assembled the hoses and fittings and provided them to TTI. Upon receipt of the first set of hoses from TTI, Plaintiff became concerned when it was discovered that the internal stems of some of the hoses could be turned by hand. Concerned that the hoses would leak and destroy the hydraulic pumps, Plaintiff returned the hoses to TTI and waited for replacement hoses. TTI returned the defective hoses to Tipco for repair. Upon repair, the hoses were returned to Plaintiff who identified one hose with a cracked sleeve. This hose was returned to Tipco for repair and subsequently returned to Plaintiff.

Upon receipt of all the hoses Plaintiff completed the hydraulic power unit and shipped it to Fieldale Farm's plant for installation. When Plaintiff installed the power unit and began operations, it was noticed that the power unit was losing pressure and several pumps went down. Plaintiff feared the problem was caused by leaking hoses that allowed air to enter into the system and destroy the pumps. In an attempt to slow the leak until replacement hoses could be ordered and installed, Plaintiff used tape around the hoses to stop any leaks. This method slowed the leaks and allowed Plaintiff time to make the necessary repairs. After repairing the unit Plaintiff tested several of the hoses on his own and found the hoses to be leaking.

Plaintiff contacted his insurance carrier, Defendant Colony Insurance Company, who retained the services of Thomas Butler, Ph.D. of SEA Ltd. to examine and test the hoses and pumps. On November 24, 2003, Dr. Butler examined the hydraulic hoses and pumps at Plaintiff's location. On February 24, 2004, Dr. Butler's assistant, Anthony Cornetto, was present and observed Plaintiff conduct a pressure test on three of the failed hoses. All three hoses were found to leak. Dr. Butler subsequently drafted a report in which he opined that the initial hoses installed on the hydraulic power unit leaked and the leaks caused the destruction of the pumps.

I.  **LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence govern the admission of expert testimony. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliable to the facts of the case.

"The inquiry envisioned by Rule 702 is, we emphasize, a flexible one." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 594 (1993).

In Daubert the court held, "under the Rules [Federal Rules of Evidence] the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Id. at 589. Thus, Daubert empowers the judge with the responsibility of determining whether the proposed expert will testify to scientific knowledge that will assist the trier of fact in understanding a fact at issue. Id. at 592. This requires the courts to determine whether the reasoning or methodology relied upon by the expert is scientifically valid and can be applied to the facts at issue. Id. at 592-593.

The methodology relied upon by Dr. Butler is scientifically valid and can be applied to the facts at issue in order to assist the trier of fact in understanding the issues. Dr. Butler's testimony is both relevant and reliable. Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. Dr. Butler's testimony is relevant in that it will show that the hoses used by Plaintiff, and purchased from Co-Defendants TTI and Tipco, were defective and was the

1

cause of the damage to the hydraulic pumps. Furthermore, Dr. Butler's testimony is reliable in that the methods he used in arriving at his opinion is valid and has been relied upon by other experts in the hydraulic hose industry.

II. **ARGUMENT**

    A.    **The Expert Testimony of Thomas Butler, Ph.D. is Relevant and Scientifically Reliable Under <u>Daubert</u> and The Federal Rules Of Evidence**

Tipco and TTI do not question Dr. Butler's credentials as an expert. Rather, they question and dispute the methods he used in arriving at his opinion regarding the hoses and pumps used in the hydraulic power unit. In an attempt to preclude Dr. Butler's testimony, Tipco argues that the methods used by Dr. Butler to test the hoses and opine on the status of the hoses are methods that are not relied upon by other experts. Tipco even goes so far as to claim that Dr. Butler's opinions are not based upon any methodology at all. Tipco's brief at 5. In support of this argument, Tipco relies on the following allegations; Don Cathell contended that the hoses leaked and Dr. Butler simply relied upon this conclusion, Dr. Butler's assistant, Anthony Cornetto, was present during the testing of the hoses, Dr. Butler merely adopted the results of the test and Dr. Butler did not opine on the cause of the leakage. None of the reasons relied upon by Tipco is sufficient to preclude Dr. Butler's testimony at trial.

Dr. Butler's theory is that hydraulic hoses that leak while being either pressure tested or vacuum tested will result in air entering the unit and ultimately destroying hydraulic pumps. Dr. Butler's theory, as well as the technique used in testing the hoses and arriving at his opinion can be and has been used by experts in the particular field.

Testing hydraulic hoses may be done either by pressure or vacuum testing. Jim Biggs, Sean Swain and Don Cathell, all individuals with many years experience in the hydraulic hose industry, have testified this to. Jim Biggs, who has 20 years in the hydraulic industry testified to the method used in to test hydraulic hoses. Exhibit "A", pp.

3

25-26, 62-64. The method described by Mr. Biggs is the exact same method used by Plaintiff and Mr. Cornetto during the February 24, 2004 test that Dr. Butler relied upon in forming his opinions. Sean Swain, who has many years of experience in the hydraulic industry, five of which is with Truck Tech., testified that hoses may be either pressure or vacuum tested. Exhibit "B", pp. 7-10, 41. Don Cathell, who has over 20 years in the hydraulic industry testified that the only way to test hydraulic hoses is by pressure or vacuum testing. Exhibit "C", pp. 64, 71-72. Thus, the method used to test the hoses in this case, pressure testing, and that Dr. Butler based his opinion upon is based on methods and procedures recognized in the industry, and therefore, are reliable.

Additionally, Sean Swain and Don Cathell testified to the effect a leaking hose will have on a hydraulic pump. Mr. Swain testified that leaking hoses would destroy pumps. Exhibit "B", p. 36. Mr. Cathell testified that based on his years of experience building hydraulic power units the majority of times he has encountered pumps that were disintegrated internally, like the pumps in the present case, the cause was due to leaking hoses that sucked air into the pumps. Exhibit "C", pp. 106-107. Thus, Dr. Butler's opinion that the destruction of the pumps at issue in this case was caused by air which entered into the system due to leaking hoses is reliable, and therefore, admissible.

Tipco also argues that Dr. Butler must be precluded from testifying regarding his findings due to the fact that Don Cathell did the testing of the hoses while Dr. Butler's assistant, Anthony Cornetto observed. ("It [testing of the hoses] was done by employees of the Plaintiff in the presence of Anthony D. Cornetto, III, an employee or associate of Plaintiff's designed expert Thomas W. Butler, Ph.D.") Tipco's brief, at 5. Rule 703 of the Federal Rules of Evidence provides: "The facts or data in the particular case upon which

4

an expert bases an opinion or inference may be those *perceived* by or *made known* to the expert at or before the hearing." (Emphasis added). There is no requirement that Dr. Butler be the individual conducting the test, or that Dr. Butler be present during the testing. So long as the method used in testing the hoses in question was based on reliable principles and methods, as it is in the present case, Dr. Butler's findings and opinions is reliable and admissible.

Tipco makes a last ditch effort to preclude Dr. Butler's testimony by arguing that any weakness in his testimony may not be overcome by cross-examination. This argument is completely baseless. Tipco had an opportunity to cross-examine Dr. Butler during his deposition and will have another opportunity to cross-examine him at trial. Furthermore, Tipco has retained an expert to provide an opinion in this case. Therefore, Tipco has the ability to attack Dr. Butler's opinion and credibility on cross-examination and through their expert. As such, Tipco's argument to preclude Dr. Butler from testifying at trial must be denied.

TTI rightfully admits that Dr. Butler may be allowed to testify regarding the results of the testing on the hoses. TTI brief, at 12. However, TTI argues that Dr. Butler must be precluded from testifying to the cause of the damage to the pumps. The basis of this argument is that Dr. Butler did not perform any testing on the pumps and that there are other possible causes for the pump damage.

Dr. Butler did examine the damaged pumps. Based on this examination of the pumps and the result of the tests conducted on the hoses, Dr. Butler opined that the leaking hoses caused the damage to the pumps. Exhibit "D". This conclusion is supported by the industry as is evident by Sean Swain and Don Cathell's testimony that leaking hoses will

5

result in air entering into the hydraulic power unit, which will destroy hydraulic pumps. Exhibit "B", p. 41, Exhibit "C", pp. 64, 71-72. While Truck Tech. argues there are other causes for the destruction of the pumps, it is Dr. Butler's profession opinion that the leaking hoses in this case destroyed the pumps. It is apparent that Co-Defendants Tipco and Truck Tech. are not pleased with Dr. Butler's opinion; however, their displeasure is not a reason to preclude Dr. Butler's testimony. Both Co-Defendants had an opportunity to retain an expert to test the hoses and pumps at issue. However, only Tipco chose to retain an expert in this case, and their expert conducted no tests on the hoses or pumps. Truck Tech., for whatever reason, chose not to retain an expert. Given that Co-Defendants Tipco and Truck Tech are displeased with Dr. Butler's opinion, the proper method of attacking his opinion is not by precluding his testimony, but rather through cross-examination at trial. Dr. Butler's testimony must not be precluded from trial as it is relevant and reliable.

The basis of admissibility of an expert opinion is whether the evidence is relevant and reliable. Daubert, at 589. There is no requirement that Dr. Butler opine on every possible cause for the pump damage. As stated above, Dr. Butler's opinion and testimony is relevant in that it goes to the cause of the hydraulic power unit failure and damages suffered by Plaintiff, and reliable, in that the methods of arriving at the opinion are supported by the engineering and hydraulic community. As such, Dr. Butler's testimony must not be precluded from trial, and Co-Defendants' Motions *in Limine* must be denied.

## II. CONCLUSION

For the reasons set forth above, Defendant Colony Insurance Company respectfully requests this Court deny Co-Defendants Tipco Technologies, Inc. and Truck Tech Industries, Inc's Motions *in Limine* to Preclude Thomas Butler, Ph.D. from testifying as an expert in this action.

Dated: 10-18-05

**Respectfully Submitted**

FIGIOLA & FACCIOLO

Anthony A. Figiola, Jr. (I.D. # 957)
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460
Attorney for Defendant Colony
Insurance Company


ZARWIN, BAUM, DEVITO,
KAPLAN, SCHAER & TODDY, P.C.


Joseph M. Toddy (PA I.D. # 42484)
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 569-2800
Attorney for Defendant Colony
Insurance Company

7