IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Don's Hydraulics, Inc.** | : | |
|         Plaintiff | : | Civil Action No.: 04-1275 KAJ |
| | : | |
| vs. | : | |
| | : | |
| **Colony Insurance Company and** | : | |
| **Truck Tech Industries, Inc., and** | : | |
| **Tipco Technologies, Inc.** | : | |
|         Defendants | : | |

**DEFENDANT, COLONY INSURANCE COMPANY'S ANSWERING BRIEF IN
RESPONSE TO DEFENDANT, TIPCO TECHNOLOGIES, INC.'S
<u>MOTION FOR SUMMARY JDUGMENT</u>**

*Attorneys for Colony Insurance Company*

Anthony A. Figliola, Jr. (I.D. # 957)
FIGLIOLA & FACCIOLO
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460

Joseph M. Toddy
ZARWIN BAUM DeVITO KAPLAN SCHAER TODDY
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 569-2800

Dated: <u>10/18/05</u>

# TABLE OF CONTENTS

| | |
|---|---|
| Table of Citations ............................................................................... | iii |
| Summary of the Argument ................................................................. | iv |
| Statement of Facts .............................................................................. | v |
| I. Legal Standard ................................................................................ | 1 |
| II. Argument ....................................................................................... | 1 |
| III. Conclusion ................................................................................... | 5 |

# TABLE OF CITATIONS

Cases

Anderson et al. v. Liberty Lobby, Inc. 477 U.S. 242 (1986) .......................... 1

Other Authority

Federal Rules Civil Procedure 56(b) ................................................... iv, 1
Federal Rules Civil Procedure 56(c) ................................................... iv, 1
Federal Rules Civil Procedure 56(e) ................................................... iv, 1

## **SUMMARY OF THE ARGUMENT**

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, "a party against whom a claim…is asserted or a declaratory judgment is sought may, at anytime, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To defeat a motion for summary judgment the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The evidence produced by Plaintiff sets forth specific facts establishing a genuine issue of fact for trial.

**STATEMENT OF FACTS**

In 2003, Plaintiff entered into a contract with Fieldale Farms to build a hydraulic power unit for Fieldale Farm's poultry processing plant in Gainesville, Georgia. The construction of the hydraulic power unit required Plaintiff to purchase hoses, fittings and pumps from outside vendors. Plaintiff purchased twenty hydraulic suction hoses from Defendant Truck Tech Industries, Inc., (hereinafter "TTI"). TTI in turn purchased the hoses from Defendant Tipco Technologies, Inc., (hereinafter "Tipco"), who assembled the hoses and fittings and provided them to TTI. Upon receipt of the first set of hoses from TTI, Plaintiff became concerned when it was discovered that the internal stems of some of the hoses could be turned by hand. Concerned that the hoses would leak and destroy the hydraulic pumps, Plaintiff returned the hoses to TTI and waited for replacement hoses. TTI returned the defective hoses to Tipco for repair. Upon repair, the hoses were returned to Plaintiff who identified one hose with a cracked sleeve. This hose was returned to Tipco for repair and subsequently returned to Plaintiff.

Upon receipt of all the hoses Plaintiff completed the hydraulic power unit and shipped it to Fieldale Farm's plant for installation. When Plaintiff installed the power unit and began operations, it was noticed that the power unit was losing pressure and several pumps went down. Plaintiff feared the problem was caused by leaking hoses that allowed air to enter into the system and destroy the pumps. In an attempt to slow the leak until replacement hoses could be ordered and installed, Plaintiff used tape around the hoses to stop any leaks. The tape slowed the leaks long enough for Don's to replace the hoses, however the leaking that had occurred caused air to enter into the hydraulic power unit resulting in damage to all twenty pumps in the unit. The damage caused by the

leaking hoses resulted in a reduction in production at the Fieldale Farms plant. As a result of the damage caused by the leaking hoses, Plaintiff incurred damage to all twenty hydraulic pumps used on the hydraulic power unit, as well as expenses incurred on behalf of itself and Fieldale Farms due to the reduction in the production of the plant.

I. **LEGAL STANDARD**

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, "a party against whom a claim ... is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.C.P. 56(c). When deciding summary judgment motions, the court cannot weight evidence or make credibility determinations. The court must only determine whether there is a genuine issue of fact for trial. Anderson et al. v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.") To defeat a motion for summary judgment the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). There are sufficient facts set forth in this case to overcome Defendant Tipco Technologies, Inc.'s Motion for Summary Judgment.

II. **ARGUMENT**

Tipco argues in favor of summary judgment by alleging that Plaintiff has failed to produce evidence of any defect attributable to the hoses manufactured and supplied by Tipco. This argument is completely wrong as Tipco fails to acknowledge the evidence produced by Plaintiff that supports Plaintiff's argument that the destruction to the hydraulic power unit was caused by the failure of the hoses that were manufactured and provided by Tipco.

1

In its Opening Brief in Support of Motion for Summary Judgment, Tipco argues that Plaintiff and Plaintiff's expert, Thomas Butler, Ph.D., tested only three of twenty hoses that were used on the hydraulic power unit. Tipco's Memo. p. 5 ("Therefore, in this case there is at best merely evidence that three of twenty hoses were tested after the fact.") Tipco insinuates that the result of testing only three hoses is insufficient to establish that it was the hoses that caused the problem with the hydraulic power unit. However, whether the cause of the hydraulic power unit failure was defective hoses or some other cause is a question of fact to be decided by the jury.

Plaintiff has produced sufficient evidence to establish the cause of the destroyed pumps. Don Cathell, the president and owner of Don's Hydraulics, testified that Plaintiff returned some of the hoses manufactured by Tipco several times with problems that could result in the hoses leaking. In his deposition, Mr. Cathell testified that upon receipt of the first batch of hoses he identified several hoses in the batch where the stem could be turned by hand.

> Q.  Do you have a specific recollection that's how this particular project went?
>
> A.  We started putting the first hoses on and found out that the stems were turning inside the hose. So we stopped and I gave them back to Sean.
>
> * * *
>
> Q.  Okay. How did you determine that the stems were turning in the hoses on the first set of ten hoses?
>
> A.  When we were turning them in by hand, you could turn the hose and the stem were not moving.

(A-14).

Sean Swain, general manager of Truck Tech Industries, Inc., also testified that the stem in the hoses turned and the result of turning stems.

> Q.  So the second thing that happened is that while installing the hoses, it was discovered that something was turning.

2

> A. Yes, sir.
>
> Q. Tell us again in layman's terms, if you can, what was turning.
>
> A. The hose was actually turning – take this to be the stem of the fitting (indicating).
>
> * * *
>
> Q. Tell me why that's a bad thing.
>
> A. Because you could have leaks.
>
> Q. And leaks are a bad thing?
>
> A. Yes, sir.
>
> Q. Again, I don't mean to sound like Sesame Street here, but I want to make sure everybody who reads this record understands it, and it gets a little technical. Why is it a bad thing for leaks with suction hoses in a hydraulic application?
>
> A. Well, you could have damage to your environment, damage to the product.
>
> Q. The pumps?
>
> A. The pumps.
>
> Q. How could the pumps be damaged?
>
> A. By not getting oil, I guess, or getting oil – or you could get contaminates through the – through the lines.

(B-10).

Turning stems was not the only problem experienced by Plaintiff with the hoses manufactured and supplied to Plaintiff by Tipco. Upon receipt of a batch of hoses, some of which were the original hoses that were returned by Plaintiff due to the turning stems, Mr. Cathell noticed one hose had a cracked sleeve.

3

> Q. Okay. So the next time that Sean came back with the hoses after you had sent back some of the ten whose stems were turning, did he bring your entire hose order with him the next time?
>
> A. They were sent back twice and when he brought them back after the second time, he had all of them.
>
> Q. Okay. And did you inspect the hoses that he brought back the second time?
>
> A. Yes.
>
> Q. All right. And did you see anything wrong with the hoses that he had brought back the second time.
>
> A. We had one that had a cracked sleeve onto it.

(A-16).

Plaintiff conducted two tests on the defective hoses, which revealed that the hoses leaked. The first test occurred shortly after Plaintiff returned from installing the hydraulic power unit in Georgia. (A-35). The second test conducted by Plaintiff occurred on February 24, 2005 when Plaintiff and Anthony Cornetto, an associate of Plaintiff's expert Thomas Butler, Ph.D., tested the hoses. (C-4). On both occasions Plaintiff conducted a pressure test on three of the twenty failed hoses. On each occasion all three hoses were found to leak, which means the hoses sucked air into the hydraulic power unit. (A-35, C-1 thru C-10). Furthermore, Plaintiffs expert, Thomas Butler, examined the hoses and pumps and reviewed the findings of the February 24, 2005 test of the hoses and drafted a report in which he issued an opinion that the hoses leaked and the leak caused the pumps to be destroyed.

The evidence produced by Plaintiff establishes that the hoses purchased from Tipco were defective, and that at least three of the twenty hoses used on the hydraulic power unit leaked. Plaintiffs evidence also establishes that hydraulic hoses that leak will allow air to be sucked into

4

the hydraulic power unit and destroying the hydraulic pumps. Plaintiff's evidence raises general questions of fact, which will enable a jury to find for Plaintiff.

## III. CONCLUSION

For the reasons set forth above, Defendant Colony Insurance Company respectfully requests this Court deny Co-Defendant Tipco Technologies, Inc.'s Motion for Summary Judgment.

FIGLIOLA & FACCIOLO

/s/ Anthony A. Figliola
Anthony A. Figliola, Jr. (I.D. # 957)
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460

Dated: 10/18/05         Attorney for Defendant Colony Insurance Co.

**ZARWIN BAUM DEVITO KAPLAN SCHAER TODDY**

/s/ Joseph M. Toddy
Joseph M. Toddy
1515 Market St, Suite 1200
Philadelphia, PA 19102
(215) 569-2800
Attorney for Defendant Colony Insurance Co.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Don's Hydraulics, Inc. | : | |
|     Plaintiff | : | Civil Action No.: 04-1275 KAJ |
| | : | |
| vs. | : | |
| | : | |
| Colony Insurance Company and | : | |
| Truck Tech Industries, Inc., and | : | |
| Tipco Technologies, Inc. | : | |
|     Defendants | : | |

**CERTIFICATE OF SERVICE**

I, Anthony A. Figiola, do hereby certify that on this 18th day of October, 2005, copies of Defendant, Colony Insurance Company's Response to Co-Defendant Tipco Technologies Inc's. Motion for Summary Judgment was served on the following by first class U.S. Mail, postage pre-paid:

Michael Tighe, Esquire
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899-1031

Cindy Beam, Esquire
Reger & Rizzo, LLP
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801

Gary Kaplan, Esquire
222 Delaware Avenue, Suite 1110
P.O. Box 2206
Wilmington, DE 19899

FIGIOLA & FACCIOLO
/s/ Anthony A. Figiola
Anthony A. Figiola, Jr. (I.D. # 957)
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460
Attorney for Defendant Colony Insurance Company