IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Don's Hydraulics, Inc. | : | |
| Plaintiff | : | Civil Action No.:  04-1275 KAJ |
| | : | |
| vs. | : | |
| | : | |
| Colony Insurance Company and | : | |
| Truck Tech Industries, Inc., and | : | |
| Tipco Technologies, Inc. | : | |
| Defendants | : | |

**DEFENDANT COLONY INSURANCE COMPANY'S ANSWERING BRIEF IN
RESPONSE TO DEFENDANT TRUCK TECH INDUSTRIES, INC.'S
MOTION FOR SUMMARY JDUGMENT**

*Attorneys for Colony Insurance Company*

Anthony A. Figliola, Jr. (I.D. # 957)
FIGLIOLA & FACCIOLO
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460

Joseph M. Toddy
ZARWIN BAUM DeVITO KAPLAN SCHAER TODDY
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 569-2800

Dated: <u>10/18/05</u>

# TABLE OF CONTENTS

Table of Citations ................................................................... iii

Summary of the Argument ........................................................ iv

Statement of Facts ................................................................. v

I. Legal Standard .................................................................. 1

II. Argument ....................................................................... 1

    A.   Plaintiff's Breach of Implied Warranty of Fitness For A Particular Purpose   1
           Must Not Be Dismissed As Plaintiff Did Rely Upon The Expertise Of Truck
           Tech Industries In Selecting The Hoses.

    B.   The Factual Record Clearly Supports Plaintiff's Allegation of Truck Tech   2
           Violation of 6 Del. C. §2532.

    C.   Plaintiff Has Provided Sufficient Evidence That The Hoses Provided By   3
           Truck Tech Were Not Merchantable

III. Conclusion ................................................................... 5

# <u>TABLE OF CITATIONS</u>

**Cases**

<u>Anderson et al. v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986) ........................     1

**Other Authority**

Federal Rules Civil Procedure 56(b) ...................................................     1
Federal Rules Civil Procedure 56(c) ...................................................     1
Federal Rules Civil Procedure 56(e) ...................................................     1

## <u>SUMMARY OF THE ARGUMENT</u>

A.  Plaintiff's Breach of Implied Warranty of Fitness For A Particular Purpose Must Not Be Dismissed As Plaintiff Did Rely Upon The Expertise Of Truck Tech Industries In Selecting The Hoses.

B.  The Factual Record Clearly Supports Plaintiff's Allegation of Truck Tech Violation of 6 Del. C. §2532.

C.  Plaintiff Has Provided Sufficient Evidence That The Hoses Provided By Truck Tech Were Not Merchantable.

## STATEMENT OF FACTS

In 2003, Plaintiff entered into a contract with Fieldale Farms to build a hydraulic power unit for Fieldale Farm's poultry processing plant in Gainesville, Georgia. The construction of the hydraulic power unit required Plaintiff to purchase hoses, fittings and pumps from outside vendors. Plaintiff purchased twenty hydraulic suction hoses from Defendant Truck Tech Industries, Inc., (hereinafter "TTI"). TTI in turn purchased the hoses from Defendant Tipco Technologies, Inc., (hereinafter "Tipco"), who assembled the hoses and fittings and provided them to TTI. Upon receipt of the first set of hoses from TTI, Plaintiff became concerned when it was discovered that the internal stems of some of the hoses could be turned by hand. Concerned that the hoses would leak and destroy the hydraulic pumps, Plaintiff returned the hoses to TTI and waited for replacement hoses. TTI returned the defective hoses to Tipco for repair. Upon repair, the hoses were returned to Plaintiff who identified one hose with a cracked sleeve. This hose was returned to Tipco for repair and subsequently returned to Plaintiff.

Upon receipt of all the hoses Plaintiff completed the hydraulic power unit and shipped it to Fieldale Farm's plant for installation. When Plaintiff installed the power unit and began operations, it was noticed that the power unit was losing pressure and several pumps went down. Plaintiff feared the problem was caused by leaking hoses that allowed air to enter into the system and destroyed the pumps. In an attempt to slow the leak until replacement hoses could be ordered and installed, Plaintiff used tape around the hoses to stop any leaks. The tape slowed the leaks long enough for Don's to replace the hoses, however the leaking that had occurred caused air to enter into the hydraulic power unit resulting in damage to all twenty pumps in the unit. The damage caused by the leaking hoses resulted in a reduction in production at the Fieldale Farms plant. As a result of the damage caused by the leaking hoses, Plaintiff incurred damage to

all twenty hydraulic pumps used on the hydraulic power unit, as well as expenses incurred on behalf of itself and Fieldale Farms due to the reduction in the production of the plant.

## I.    LEGAL STANDARD

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, "a party against whom a claim … is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.C.P. 56(c). When deciding summary judgment motions, the court cannot weight evidence or make credibility determinations. The court must only determine whether there is a genuine issue of fact for trial. Anderson et al. v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.") To defeat a motion for summary judgment the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. Rule Civ. Pro. 56(e). There are sufficient facts set forth in this case to overcome Defendant Truck Tech Industries, Inc.'s motion for summary judgment.

## II.    ARGUMENT

### A.    Plaintiff's Breach of Implied Warranty of Fitness For A Particular Purpose Must Not Be Dismissed As Plaintiff Did Rely Upon The Expertise Of Truck Tech Industries In Selecting The Hoses.

Contrary to Truck Tech argument, Plaintiff did rely upon Truck Tech's expertise in selecting the hoses. When placing the order for the hoses, Plaintiff merely provided the dimensions of the hoses needed for the project. When Plaintiff placed the order for the hoses it requested twenty, two-and-a-half inch I.D. suction hoses with a two-and-a-half inch male pipe

1

thread on one end and a two-and-a-half inch female JIC on the opposite end. (A-12). Plaintiff also requested that the ends of the hoses be crimped. (A-12). Crimping is one of several acceptable methods of attaching the ends to the hoses. The other methods are banding or swaging. Any of the three methods of attachment is acceptable and neither provides any disadvantage over the other method. (D-13, 14). Other than the requirements stated above, Plaintiff made no additional specification of the hoses. Plaintiff did not specify the type or brand of hose to use, nor did Plaintiff specify the brand of ends to use on the hoses. These decisions were left entirely up to Truck Tech.

Plaintiff has produced evidence to establish it relied upon the expertise of Truck Tech in selecting and manufacturing the hoses at issue in this case. Therefore, a genuine issue of material fact exists and summary judgment in favor of Truck Tech is improper and must be denied.

**B.    The Factual Record Clearly Supports Plaintiff's Allegation of Truck Tech Violation of 6 Del. C. §2532.**

There is sufficient factual evidence to overcome a summary judgment motion for Plaintiff's claim against Truck Tech for violation of the Delaware Deceptive Trade Practices act. The Delaware Deceptive Trace Practices act provides, in pertinent part, that a person engages in a deceptive trade practice when, during the course of business, that person:

> (2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
>
> ***
>
> (7) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

6 Del. C. § 2532.

2

Don Cathell, President and Owner of Don's Hydraulics, testified that when the order was placed with Truck Tech for the purchase of the hoses he was unaware that Truck Tech would be obtaining the hoses from a third party. (E-2). Mr. Cathell further testified that he was not aware that Truck Tech didn't assemble hoses greater than two inches in diameter, and therefore, would not be assembling the hoses ordered by Plaintiff. (A-12). The evidence establishes that Plaintiff placed an order for the hoses directly with Truck Tech and that Truck Tech never revealed to Plaintiff that the hoses were being obtained from Tipco. Even after Plaintiff returned several defective hoses to Truck Tech, Truck Tech never revealed to Plaintiff that the hoses were assembled by a third party. Because the evidence establishes that Truck Tech withheld this information from Plaintiff, there is a material question of fact as to whether there was confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services. Therefore, summary judgment in favor of Truck Tech is improper and must be denied.

### C.     Plaintiff Has Provided Sufficient Evidence That The Hoses Provided By Truck Tech Were Not Merchantable.

Truck Tech argues that since Plaintiff requested the hoses be crimped as opposed to banded or swaged then Plaintiff knew of the possibility of the hoses leaking and therefore, no implied warranty of merchantability arose and summary judgment is proper. This argument carries no weight as the evidence clearly establishes that either method of attachment of the hose ends to the hoses is acceptable and a question of fact exists as to whether the hoses provided to Plaintiff by Truck Tech were merchantable.

Plaintiff testified that he requested the hose ends be crimped because, based on his experience, hoses that are banded or swaged tended to leak. (A-14). Tim Bombick of Tipco testified that while banding is the more traditional method of attaching hose ends, any method,

3

whether crimping, banding or swaging is perfectly acceptable. (D-13, 14). Sean Swain of Truck

Tech testified that based on his knowledge crimping was the better method. (B-32). Thus, there

is clear evidence that either method of attaching the ends to the hoses is acceptable and that it

was not necessarily the method of attachment that caused the failure in this case, but rather

defective hoses and/or workmanship in assembling the hoses.

Furthermore, there is sufficient evidence to support Plaintiff's theory that the hoses

supplied by Truck Tech were defective and not merchantable. For example, there is evidence

that Plaintiff returned the hoses to Truck Tech several times because the stems of several hoses

turned and one hose had a cracked sleeve. (A-15, 16). There is also evidence that the type of

problems experienced by Plaintiff with the hydraulic hoses (i.e., turning stems and cracked

sleeves) will result in hoses that leak. (B-10).

Because there is a genuine issue of material fact regarding the merchantability of the

hoses supplied by Truck Tech to Plaintiff, Truck Tech's motion for summary judgment must be

denied.

4

## III.    CONCLUSION

For the reasons set forth above, Defendant Colony Insurance Company respectfully requests that this Court deny Co-Defendant Truck Tech Industries, Inc.'s Motion for Summary Judgment.

**Respectfully Submitted**

**FIGLIOLA & FACCIOLO**

/s/ Anthony A. Figliola
Anthony A. Figliola, Jr. (I.D. # 957)
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460
Attorney for Defendant Colony Insurance Co.

**ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.**

/s/ Joseph M. Toddy
Joseph M. Toddy
1515 Market St., Suite 1200
Philadelphia, PA 19102
(215) 569-2800
Attorney for Defendant Colony Insurance Co.

Dated: 10/18/05

5