IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Don's Hydraulics, Inc. | : | |
|        Plaintiff | : | Civil Action No.:  04-1275 KAJ |
| | : | |
|    vs. | : | |
| | : | |
| Colony Insurance Company and | : | |
| Truck Tech Industries, Inc., and | : | |
| Tipco Technologies, Inc. | : | |
|        Defendants | : | |

**DEFENDANTS COLONY INSURANCE COMPANY, TRUCK TECH INDUSTRIES, INC. AND TIPCO TECHNOLOGIES, INC. MEMORANDUM IN SUPPORT OF JOINT MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF EVIDENCE OF PLAINTIFF'S DAMAGES**

Defendants, Colony Insurance Company, Truck Tech Industries, Inc. and Tipco Technologies, Inc., (hereinafter "Defendants") respectfully moves this Court to preclude Plaintiff, Don's Hydraulics, Inc., from attempting to produce documents supporting their unfounded claims for damages after the running of the discovery deadline; the production of defendants' expert reports; and, mediation as well as introducing into evidence documentation and/or testimony relative to the amount of damages allegedly sustained by Plaintiff.  This request is made on the grounds that such evidence will be unfairly prejudicial to Defendants, will confuse the issues at trial and will mislead the jury.

I.      INTRODUCTION AND STATEMENT OF FACTS

In May 2003, Plaintiff entered into a contract with Fieldale Farms to manufacture and install a hydraulic power unit at Fieldale's poultry processing plant in Gainesville, GA.  Plaintiff placed an order with Defendant Truck Tech Industries, Inc., for the purchase of twenty 2 ½" hydraulic suction hoses to be used on the hydraulic power unit.  Truck Tech,

in turn, purchased the twenty hoses from Defendant Tipco Technologies, Inc., and delivered them to Plaintiff.

After the installation and start up of the hydraulic power unit at Fieldale's plant, Plaintiff noticed the pumps were not working properly on the power unit. Plaintiff alleges that some of the suction hoses were leaking and that as a result of the leaking hoses, the hydraulic power unit failed, resulting in damage to all twenty pumps used on the unit. Plaintiff brought this action against Defendants to recover the damages incurred by Plaintiff as a result of the hydraulic power unit's failure. Plaintiff alleges to have sustained approximately $192,943.02 in damages. Specifically, Plaintiff seeks recover of $92,168.52 for costs incurred by Plaintiff in repairing the hydraulic power unit, and $100,774.50[1] for damages incurred by Fieldale Farms and invoiced to Plaintiff. Exhibit "A". Plaintiff's principal, Don Cathell was disposed on May 26 and May 27, 2005. During the deposition plaintiff was asked repeatedly to produce back up documentation for his alleged damages. Plaintiff's counsel assured defense counsel on the record that a formal discovery request was not necessary. Exhibit "C", pg. 31. The documentation was not forthcoming and the discovery cutoff was approaching so a formal request for production was served upon Plaintiff on July 12, 2005. Exhibit "D".

## II.   PROCEDURAL HISTORY

Plaintiff filed a Complaint against defendants on July 9, 2004 and the action was removed to Federal Court on September 17, 2004. On January 12, 2005 a Scheduling Order was entered providing that plaintiff's experts were to be listed by June 1, 2005; defendants by July 1, 2005; and a discovery cut-off date of September 2, 2005. Plaintiff

---

[1] The alleged damage originally sustained by Fieldale Farms and invoiced to Plaintiff was $100,774.50. Defendant Colony Insurance Company has previously paid $16,569.50 of this invoice for the costs sustained in filtering the contaminated oil, thus leaving a balance of $84,205.00.

informally requested a thirty day extension of time to provide expert disclosures, which was agreed to as long as all defendants had 10 days after receipt of the transcripts from plaintiff's expert depositions to provide their expert disclosures. Mediation of this matter occurred on September 27, 2005. The trial of this matter is scheduled to commence on April 3, 2006.

### III.   ARGUMENT

Defendants move this Court for the entry of an Order precluding Plaintiff from submitting additional documentation to supplement its discovery and from introducing evidence at trial regarding Plaintiff's damages on the ground that Plaintiff has failed to produce any admissible evidence to support its claim for damages incurred as a result of the Fieldale Farms project. The scant evidence Plaintiff has produced in support of its claim for damages is unfairly prejudicial to Defendants, will mislead the jury and will confuse the issues at trial, and therefore, is inadmissible pursuant to Federal Rules of Evidence 403. Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Plaintiff alleges it sustained approximately $192,943.02 in damages as a result of leaking hoses, which were used on a hydraulic power unit Plaintiff designed and manufactured for Fieldale Farms. The evidence produced by Plaintiff to support its damages is nothing more than a speculative and unsubstantiated list of what Plaintiff claims to be expenses incurred by it as a result of its faulty workmanship. This evidence does not assist in establishing or proving Plaintiff's damages. As such, the introduction of

3

this information into evidence at trial will mislead the jury and prove unfairly prejudicial to Defendants, and therefore, must be precluded from trial.

    1.    <u>Labor Expense</u>

Of the approximately $192,943.02 in damages Plaintiff seeks to recover; approximately $35,000.00 represents labor incurred by Plaintiff in making repairs to the hydraulic power unit. The documentation supporting Plaintiff's damage claim are speculative and cannot be verified. This evidence must be precluded from trial as the record shows there is suspicion surrounding the accuracy and validity of the alleged damage amount. Plaintiff produced a self-authored document to support his claim for the damages he sustained. Exhibit "B". This document alleges that Plaintiff incurred labor expense of $1,000 per man per day for all of Plaintiff's employees who worked on the project. However, Plaintiff has failed to produce any evidence to support this claim. In fact, the evidence produced to date clearly shows Plaintiff did not pay its employees $1,000 per day.

Don Cathell, president and owner of Don's Hydraulics, Inc., testified that he does not pay his employees $1,000 per day for work they do for Plaintiff. Exhibit "C", pp. 147-148. Mr. Cathell, while not completely sure how much he pays his employees, did testify that they were not paid $1,000 per day. At his deposition when asked how much Mr. Collins received in salary from Plaintiff for a day's work, Mr. Cathell testified, "I think it was $700 or $750; I'm not sure." Exhibit "C", p. 148. Mr. Cathell also testified that Plaintiff does maintain payroll records for its employees, and that those records are available. Exhibit "C", p. 162. However, in response to Defendant Truck Tech, Inc.'s request for payroll documentation for paychecks issued to Don Cathell, Greg Knowles and

Al Collins for the years 2002 and 2003, Plaintiff only produced a four-page payroll summary report for Al Collins and Don Cathell. Exhibit "D", number 4; Exhibit "E", number 4. The payroll summary report shows Al Collins was paid $12.00 per hour during 2002 and 2003 for a total of $18,960.00 and $11,940.00 per year respectively. Exhibit "E", number 4. The payroll summary report does not show the rate Mr. Cathell was paid but does show him earning $17,500.00 for 2002 and $14,000.00 for 2003. No documentation was produced for Greg Knowles and no documentation supporting Plaintiff's claim of labor expense of $1,000 per man per day has ever been produced. In fact, Mr. Cathell testified that other than the self-authored list of damages (Exhibit "B") there is no other documentation to support the payment by Plaintiff of $1,000 per man per day. Exhibit "C", pg. 147. Mr. Cathell also testified that the $1,000 per man per day expense has not been paid. Exhibit "C", pg. 147.

The discrepancy between Plaintiff's unsubstantiated damages claim for labor expense and Mr. Cathell's testimony reveal the discovery produced by Plaintiff relative to its damages is not reliable and must be excluded from trial in order to prevent misleading the jury and unfair prejudice to Defendants.

2. Meals, Travel and Lodging Expense

The list of damages produced by Plaintiff (Exhibit "B"), lists expenses for meals, motel and travel that were allegedly incurred by Plaintiff that amount to approximately $5,700.00. Again, no supporting documentation has been produced by Plaintiff to substantiate this claim. While Mr. Cathell testified that he does have documentation for this expense, he has failed to produce the documentation as required under Fed.R.Civ.P. 26(a). Exhibit "C", p. 161. Whether Plaintiff's failure to produce this information is

intentional or merely an oversight, the fact remains that the information was not produced during discovery and since discovery has ended the claim cannot be substantiated by Defendants. Therefore, admission of the evidence at trial will only mislead and confuse the jury and result in prejudice to Defendants.

    3.    <u>Expenses for Replacement Pumps</u>

Plaintiff alleges to have incurred a cost of $51,429.02 for replacement pumps. To support this claim Plaintiff produced an invoice from Livingston & Haven. Exhibit "F". This invoice is billed to Rob's Hydraulics, Inc. not Don's Hydraulics, Inc. At his deposition, Mr. Cathell testified that although the invoice was billed to Rob's Hydraulics, it was Plaintiff who actually paid the bill. Exhibit "C", p. 161. Plaintiff has produced no evidence during discovery to show that it was Plaintiff who paid the invoice. Plaintiff has failed to produce credit card receipts or cancelled checks indicating that Plaintiff paid the expense. Plaintiff has also failed to produce a written agreement between Plaintiff and Rob's Hydraulics indicating that Plaintiff was responsible for payment of the invoice. Again, this is evidence Plaintiff is required to voluntarily produce to Defendants pursuant to Fed.R.Civ.P 26(a). Admission of evidence by Plaintiff regarding the replacement pump expense will be unfairly prejudicial to Defendants as there is no proof that Plaintiff was responsible for and actually paid the invoice. Admission of this evidence would only mislead the jury into believing, without proper proof having been established, that Plaintiff paid this expense.

    4.    <u>Fieldale Farms Expense</u>

Although required under Fed.R.Civ.P 26(a) to voluntarily produce discovery regarding its damages claim within fourteen days of the Rule 26(f) conference, it was not

until August 19, 2005 that Plaintiff produced scant backup documentation to support its claim for damages alleged by Fieldale Farms.  Exhibit "E", number 5.  This documentation consists of proposed conclusionary testimony without any supporting documentation.  Thus, plaintiff's documents were not only deficient but also received long after the running of the appropriate deadline.

The defendants are greatly prejudiced by plaintiff's actions.  The documentation produced is without appropriate foundation; based upon hearsay; and, was produced long after the running of the appropriate deadline.  Based upon the deadline provided by this Court, defendants have evaluated the discovery properly produced and developed their trial strategies based upon plaintiff's presentation.  This included, but was not limited to, the retention of appropriate experts.  Although defendants collectively attempted to accommodate plaintiff's needs during the course of discovery by extending appropriate deadlines dates for expert testimony when requested, no Stipulation was ever sought nor granted permitting plaintiff to supplement its insufficient submissions regarding plaintiff's damage claim.  To now permit plaintiff to supplement its production of documents would not only be to ignore the Court's Orders but would prejudice the defendants in that they would now not only have to retain additional experts but have made a mockery and waste of time of the mediation process.

Plaintiff's use of the Fieldale Farms invoice and supporting back up material at trial must be precluded.  Not only are Defendants prejudiced by Plaintiff's late production of the material, but also admission of the material into evidence will only confuse the issues at trial and mislead the jury.  Therefore, pursuant to F.R.E. 403, Plaintiff must be precluded

from introducing at trial any evidence regarding the damages alleged to have been incurred by Fieldale Farms and subsequently passed on to Plaintiff.

**III    CONCLUSION**

For all of the foregoing reasons, Defendants, Colony Insurance Company, Truck Tech Industries, Inc. and Tipco Technologies, Inc., respectfully request that this Honorable Court enter an Order precluding Plaintiff from introducing evidence of damages it sustained as a result of the Fieldale Farms project at the time of trial.

**Respectfully Submitted**

Dated: 10/24/05                         GOLDFEIN & JOSEPH

/s/ Gary H. Kaplan
Gary H. Kaplan (I.D. # 2965)
222 Delaware Avenue, Suite 1110
P.O Box 2206
Wilmington, DE 19899
(302) 656-3301
Attorney for Defendant Tipco Technologies, Inc.


FIGIOLA & FACCIOLO

/s/ Anthony A. Figliola, Jr.
Anthony A. Figliola, Jr. (I.D. # 957)
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460
Attorney for Defendant Colony Insurance Company

        ZARWIN, BAUM, DEVITO,
        KAPLAN, SCHAER & TODDY, P.C.

        /s/ Joseph M. Toddy
        Joseph M. Toddy (PA I.D. # 42484)
        1515 Market Street, Suite 1200
        Philadelphia, PA 19102
        (215) 569-2800
        Attorney for Defendant Colony
        Insurance
        Company


        REGER RIZZO KAVULICH &
        DARNALL, LLP

        /s/ Cynthia G. Beam
        Cynthia G. Beam (I.D. #2565
        1001 Jefferson Plaza, Suite 202
        Wilmington, DE 19801
        (302) 652-3611
        Attorney for Defendant Truck Tech
        Industries, Inc.