## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DON'S HYDRAULICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 04-1275 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | |
| COLONY INSURANCE COMPANY, | ) | |
| TRUCK TECH INDUSTRIES, INC., | ) | |
| and TIPCO TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REPLY TO OPPOSITION TO MOTION IN LIMINE

To:     Joseph M. Toddy, Esquire            Anthony A. Figliola, Jr., Esquire
        Devon Snell, Esquire                 Figliola & Facciolo
        Zarwin Baume DeVito              1813 Marsh Road, Suite A
           Kaplan Schaer Toddy            Wilmington, DE 19810
        1515 Market Street, Suite 1200
        Philadelphia, PA 19102

      PLEASE TAKE NOTICE that the undersigned will present the attached Reply to Opposition to Motion in Limine at the convenience of the Court.

                                                             REGER RIZZO KAVULICH & DARNALL LLP


                                                             */s/ Cynthia G. Beam, Esquire*
                                                             Cynthia G. Beam, Esquire
                                                             Delaware State Bar I.D. No. 2565
                                                             1001 Jefferson Plaza, Suite 202
                                                             Wilmington, DE 19899
                                                             (302) 652-3611
                                                             Attorney for Defendant
                                                             Truck Tech Industries, Inc.

Dated:  October 25, 20005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DON'S HYDRAULICS, INC., ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 04-1275 (KAJ) |
| ) | |
| v. ) | |
| ) | |
| COLONY INSURANCE COMPANY, ) | |
| TRUCK TECH INDUSTRIES, INC., ) | |
| and TIPCO TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT TRUCK TECH INDUSTRIES, INC.'S REPLY BRIEF TO DEFENDANT COLONY INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE TO PRECLUDE TESTIMONY OF PLAINTIFF'S LIABILITY EXPERT IN REGARDS TO PROXIMATE CAUSE**

Co-Defendant Colony Insurance is correct in its argument that Truck Tech Industries does not question Dr. Butler's credentials as an expert. Dr. Butler would surely be qualified to test the hydraulic power unit in question to attempt to determine what had caused the unit to fail when Don's Hydraulics attempted its start up in September of 2003. Dr. Butler would also be qualified to test the pumps that allegedly failed on the hydraulic power unit. Dr. Butler is also qualified to test hydraulic suction hoses. The testing of hydraulic suction hoses is the only thing that was performed by Dr. Butler's assistant.

A cursory visual inspection of some disassembled pumps that had reportedly been removed from the hydraulic power unit in question and had passed through several hands of representatives of Livingston Haven and Fieldale Farms and employees of Don's Hydraulics and then left unsecurely stored in a warehouse for more than six months, is not a generally accepted way to examine pumps in the engineering field. For Co-Defendant Colony to assert that Dr. Butler "examined the damaged pumps and based on this examination of the pumps and the

results of the test conducted on the hoses, Dr. Butler opined that the leaking hoses caused the damage to the pumps" is an opinion which is a product of this instant litigation and not a theory that arose out of research or testing. *Bowen v. E.I. DuPont*, 2005 WL 1952859 (Del. Super.) This opinion of Dr. Butler cited by Co-Defendant Colony is based upon pure speculation.

Dr. Butler admits that there are many causes for failures of pumps on hydraulic power units. The record in this matter is clear that there are other obvious probable causes of this hydraulic power unit failure, the most obvious being the foreign objects present in the hydraulic power unit reservoir, as well as in the oil. Dr. Butler was never given the report from COT-Puritech which showed that there were foreign material in the oil system that could not be explained by the leaking suction hose, i.e., paper found in the system. Dr. Butler admitted during his testimony that unclean oil can certainly cause pump damage in a hydraulic power unit. In fact, Dr. Butler has offered no testimony to explain the methodology he used in coming to his conclusions except for "checking the manufacturer instructions and his general background in machinery over the years". Exhibit "E" page 67 of Defendant's Opening Brief. Dr. Butler's proposed testimony regarding the cause of the pump failure is nothing more than an unsupported theory or "*ipse dixit*".

While it is clear that if Dr. Butler had performed an adequate examination testing of either the pumps or of the hydraulic power unit itself, he would be qualified to potentially give an opinion as to the proximate cause of the failure of the hydraulic power unit and/or of the pumps themselves. However, when dealing with such a complex unit as this hydraulic power unit that was built and given all of the complex factors that would have to be considered before one could draw such a conclusion, Dr. Butler's opinion here clearly must be precluded since he performed no such examination of this unit.

Even if we were to accept Colony's assertion that Dr. Butler's theory is that hydraulic hoses that leaked while being either pressure tested or vacuum tested would result in air entering the unit and ultimately destroying hydraulic pumps, it is also true that Dr. Butler was unable to testify to matters such as how long a system of this size would have to have leaking hose before the pumps were destroyed. The fact that three female ends of suction hoses leaked under pressure testing several months after they were moved in an unknown manner and stored in an unknown matter, under <u>Daubert,</u> cannot be taken as proof as to the cause of the ultimate destruction of hydraulic pumps. There needs to be some nexus between the two facts, i.e., actual examination and/or testing of the allegedly failed pumps. To allow Dr. Butler's proposed testimony would allow the jury to engage in speculation or result in confusion as well as undue prejudice to the defense. Thus, any testimony of Dr. Butler regarding the proximate cause of the hydraulic pump failures should be precluded.

REGER RIZZO KAVULICH & DARNALL LLP

*/s/ Cynthia G. Beam, Esquire*
Cynthia G. Beam, Esquire
Delaware State Bar I.D. No. 2565
CBeam@rrkdlaw.com
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
Attorney for Defendant
Truck Tech Industries, Inc.

Dated:   October 25, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DON'S HYDRAULICS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 04-1275 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | |
| **COLONY INSURANCE COMPANY,** | ) | |
| **TRUCK TECH INDUSTRIES, INC.,** | ) | |
| **and TIPCO TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW, TO WIT**, this _____ day of _____, 2005, having considered Defendant Truck Tech Industries, Inc.'s Motion in Limine to Preclude the Testimony of Plaintiff's Liability Expert in Regards to Proximate Cause, and the Response thereto, if any:

**IT IS HEREBY ORDERED** that the testimony of Thomas Butler, Ph.D. in regards to proximate cause of the pump failure will be precluded from trial.

**BY THE COURT:**

_____
**The Honorable Kent A. Jordan**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DON'S HYDRAULICS, INC., ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 04-1275 (KAJ) |
| ) | |
| v. ) | |
| ) | |
| COLONY INSURANCE COMPANY, ) | |
| TRUCK TECH INDUSTRIES, INC., ) | |
| and TIPCO TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

    I, the undersigned, do hereby certify on this 24th day of October, 2005 that a true and correct copy of Defendant Truck Tech Industries, Inc.'s Reply Brief to Defendant Colony Insurance Company's Memorandum in Opposition to Motion in Limine to Preclude Testimony of Plaintiff's Liability Expert in Regards to Proximate Cause has been served electronically and/or by first class mail, postage prepaid, upon the following:

| | |
|---|---|
| Michael K. Tighe, Esquire | Anthony Figliola, Jr., Esquire |
| Tighe, Cottrell & Logan | Figliola & Facciolo |
| First Federal Plaza | 1813 Marsh Road, Suite A |
| P.O. Box 1031 | Wilmington, DE 19810 |
| Wilmington, DE 19899 | |
| | |
| Michael Toddy, Esquire | |
| Devon Snell, Esquire | Gary H. Kaplan, Esquire |
| Zarwin, Baum, DeVito, Kaplan, | Goldfein & Hosmer |
|    Schaer, Toddy, P.C. | 222 Delaware Avenue, Suite 1110 |
| 1515 Market Street, Suite 1200 | P.O. Box 2206 |
| Philadelphia, PA 19102-1981 | Wilmington, DE 19899 |

REGER RIZZO KAVULICH & DARNALL LLP


    */s/ Cynthia G. Beam, Esquire*
Cynthia G. Beam, Esquire
Delaware State Bar I.D. No. 2565
CBeam@rrkdlaw.com
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
Attorney for Defendant
Truck Tech Industries, Inc.

Dated:   October 25, 2005