IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DON'S HYDRAULICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 04-1275 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | |
| COLONY INSURANCE COMPANY, | ) | |
| TRUCK TECH INDUSTRIES, INC., | ) | |
| and TIPCO TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**TRUCK TECH INDUSTRIES, INC.'S REPLY BRIEF TO**
**CO-DEFENDANT COLONY INSURANCE COMPANY'S**
**RESPONSIVE BRIEF TO MOTION FOR SUMMARY JUDGMENT**

                       **REGER RIZZO KAVULICH & DARNALL LLP**

                       **CYNTHIA G. BEAM, ESQUIRE**
                       Delaware State Bar I.D. No. 2565
                       1001 Jefferson Plaza, Suite 202
                       Wilmington, DE 19899
                       (302) 652-3611
                       Attorney for Defendant Truck Tech Industries, Inc.

Dated:   October 26, 2005

## **TABLE OF CONTENTS**

| | **PAGE(S)** |
|---|---:|
| TABLE OF CITATIONS.................................................................................... | ii |
| ARGUMENT I.................................................................................................... | 1 |
| ARGUMENT II................................................................................................... | 2 |
| ARGUMENT III.................................................................................................. | 2 |
| CONCLUSION.................................................................................................... | 4 |

## TABLE OF CITATIONS

| **CASES** | **PAGE(S)** |
|---|---|
| *Falcon Tankers, Inc. v. Litton Sys.*, 300 A.2d 231 (1972).................................................. | 3 |
| *Scheibe v. Fort James Corp.*, 276 F.2d 246, (Dist. Del. 2003)........................................ | 3 |

## ARGUMENTS

I.  Defendant argues that because Plaintiff did not specify the type or brand of hose to use or the brand of ends to use on the hoses that this indicates that the Plaintiff was relying upon the Defendant's expertise. Plaintiff's principal Don Cathell's testimony is directly contradictory to Defendant's assertions. Plaintiff Don Cathell has manufactured industrial and suction hoses for over 20 years himself. The only reason he did not manufacture the hoses at issue in this matter is because his shop could not manufacture hoses greater than two inches in diameter. Contrary to Defendant's assertions, Plaintiff did specify the type of hose to be used, i.e., a suction hose with a lower PSI than industrial hoses. Mr. Cathell explained in his deposition the different types of hoses used in this type of industry. He also explained what the difference in the PSI's are and how the difference is accomplished by various manufacturing techniques regarding the different number of inside wire cores of each hose. See deposition of Don Cathell, Volume I, Appendix pages A4-A15. Likewise, the Plaintiff, as the designer of the hydraulic pump system, chose the size and type of hose to be used according to the applicable SAE Codes. Volume II, Appendix pages A18-A33. Wherefore, the testimony is clear that Don Cathell indicated the type of hose to use, along with the other specifics of the manufacturer of the hoses.

Don Cathell also made it very clear by his testimony that he was not relying upon the personnel of Truck Tech Industries. Mr. Cathell admitted that he really did not care who the manufacturer of the hoses was. Volume II, Appendix page A34. When Don Cathell discussed with Mr. Swain the advantages of banding, as recommended by the manufacturer, Tipco, Mr. Cathell never even considered the manufacturer's suggestion because of the Plaintiff's own expertise in the field, he felt that he was correct and the manufacturer was wrong. Volume II, Appendix pages A35-A43.

Therefore, Plaintiff's own testimony refutes Defendant Colony's assertions that Don Cathell relied on the expertise of anyone at Truck Tech Industries. Mr. Cathell was relying upon the personnel of Truck Tech merely to deliver the hoses on time. When asked specifically, Question: "So you were not really looking to Sean Swain as someone who had a superior knowledge with technical ability above you in assembling hose, were you?" Answer: "No."

Volume II, Appendix page A44.

  II. Defendants argued that there is a material question of fact as to whether there was confusion or misunderstanding as to the source of sponsorship approval or certification of goods or services by Don Cathell with regards to the suction hoses at issue in this matter.  Again, Plaintiff's principal Don Cathell's testimony is in contradiction to Defendant's assertions.  Mr. Cathell testified very candidly that when he first placed his order, he did not care who the manufacturer of the hoses was.  Volume II, Appendix page A34.  Mr. Cathell never asked Truck Tech Industries who the manufacturer of the hoses was and never asked to speak with the manufacturer.  Mr. Cathell, as a manufacturer of hoses himself, knew that it was common practice for a hose distributor not to come right out and say that they were ordering the hoses from a third-party manufacturer.  Don Cathell also admitted that very early on in the process, right after they had the first problems with the stems turning in the hoses, Truck Tech Industries told Plaintiff Tipco was the manufacturer.  Deposition Volume I, Appendix pages A2-A3 and Appendix page A16.  Thus, as the sophisticated purchaser and an industrial hose manufacturer himself, if Don Cathell, at any point in the process, had wanted to know who the manufacturer was, all he had to do was ask.

  Mr. Cathell admits that he never asked Truck Tech Industries who the manufacturer was and as soon as he did ask, he was told the Tipco was the manufacturer.  Plaintiff admits that he did not care who the manufacturer of the hose was until there was a problem with the order and then the information was given to him right away by Truck Tech Industries.  Thus again, Plaintiff's own testimony refutes the assertions by Co-Defendant, Colony Insurance.

  III. The factual record is clear that the buyer, Don Cathell, gave precise and complete specifications to the seller without relying on the seller.  The Plaintiff purchaser has held himself out as having superior knowledge in regards to the manufacturer of these subject suction hoses.  The fact that Mr. Swain was asked by counsel for Tipco at his discovery deposition if he had a belief to whether banding or crimping is a better system is not evidence that the question of material fact exists as asserted by counsel for Colony in its Responsive Brief.  Likewise, the fact that the Plaintiff returned the hoses several times because of problems with the manufacturer does not raise a question of material fact as to whether or not the Plaintiff, Don Cathell, held

himself out as having superior knowledge in regards to the manufacturer of the subject hoses. The evidence cited by Defendant Colony supports the finding that the way that the Plaintiff insisted that the hoses be manufactured a certain way led to the problem and logically, this is why the Courts have held that implied warranties are deemed excluded in these types of cases where Plaintiff insists on an item being manufactured one way and in contradiction to how the manufacturer has recommended it be manufactured.  The cites to the record by Colony did not raise any material issues of fact in regards to the law as cited in *Sheib* and *Falcon Tankers*. Therefore, under the facts in this case, no implied warranty of merchantability arises by application of Delaware law to the undisputed facts regarding how Plaintiff held himself out as an expert in the manufacture of suction hoses.

## **CONCLUSION**

For the reasons set forth above, Truck Tech Industries, Inc. respectfully requests that the Court grant its Motion for Summary Judgment.

REGER RIZZO KAVULICH & DARNALL LLP


*/s/ Cynthia G. Beam, Esquire*
Cynthia G. Beam, Esquire
Delaware State Bar I.D. No. 2565
CBeam@rrkdlaw.com
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
Attorney for Defendant Truck Tech Industries, Inc.

Dated: October 26, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DON'S HYDRAULICS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 04-1275 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | |
| **COLONY INSURANCE COMPANY,** | ) | |
| **TRUCK TECH INDUSTRIES, INC.,** | ) | |
| **and TIPCO TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW, TO WIT**, this _____ day of _____, 2005, having considered Truck Tech Industries, Inc.'s Reply Brief to Co-Defendant Colony Insurance Company's Responsive Brief to Motion for Summary Judgment and the Response thereto, if any:

**IT IS HEREBY ORDERED** that Defendant Truck Tech Industries, Inc.'s Motion for Summary Judgment has been GRANTED.

BY THE COURT:

_____
**The Honorable Kent A. Jordan**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DON'S HYDRAULICS, INC., ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 04-1275 (KAJ) |
| ) | |
| v. ) | |
| ) | |
| COLONY INSURANCE COMPANY, ) | |
| TRUCK TECH INDUSTRIES, INC., ) | |
| and TIPCO TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

    I, the undersigned, do hereby certify on this 26th day of October, 2005 that a true and correct copy of Truck Tech Industries, Inc.'s Reply Brief to Co-Defendant Colony Insurance Company's Responsive Brief to Motion for Summary Judgment and Truck Tech Industries, Inc.'s Appendix to Reply Brief to Co-Defendant Colony Insurance Company's Responsive Brief to Motion for Summary Judgment has been served electronically and/or by first class mail, postage prepaid, upon the following:

Michael K. Tighe, Esquire
Tighe, Cottrell & Logan
First Federal Plaza
P.O. Box 1031
Wilmington, DE 19899

Anthony Figliola, Jr., Esquire
Figliola & Facciolo
1813 Marsh Road, Suite A
Wilmington, DE 19810

Michael Toddy, Esquire
Devon Snell, Esquire
Zarwin, Baum, DeVito, Kaplan,
   Schaer, Toddy, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1981

Gary H. Kaplan, Esquire
Goldfein & Hosmer
222 Delaware Avenue, Suite 1110
P.O. Box 2206
Wilmington, DE 19899

    REGER RIZZO KAVULICH & DARNALL LLP

    */s/ Cynthia G. Beam, Esquire*
    Cynthia G. Beam, Esquire
    Delaware State Bar I.D. No. 2565
    CBeam@rrkdlaw.com
    1001 Jefferson Plaza, Suite 202
    Wilmington, DE 19801
    (302) 652-3611
    Attorney for Defendant Truck Tech Industries, Inc.

Dated: October 26, 2005