IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DON'S HYDRAULICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1275 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | |
| COLONY INSURANCE COMPANY, | ) | |
| TRUCK TECH INDUSTRIES, INC., | ) | |
| and TIPCO TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S DON'S HYDRAULICS RESPONSE TO DEFENDANT COLONY INSURANCE COMPANY, TRUCK TECH INDUSTRIES, INC, AND TIPCO TECHNOLOGIES JOINT MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF EVIDENCE OF PLAINTIFF'S DAMAGES**

Plaintiff, Don's Hydraulics hereby responds to Defendants' Colony Insurance Company, Truck Tech Industries, Inc, and TIPCO Technologies, Inc. Motion in Limine, and avers that Defendants' Motion must be denied.  The reasons therefore are more fully set forth in the accompanying Answering Brief.

                              TIGHE, COTTRELL & LOGAN, P.A.

                              /s/ Michael K. Tighe
                              Michael K. Tighe (DE ID 29)
                              First Federal Plaza
                              704 N. King Street, Ste. 500
                              P.O. Box 1031
                              Wilmington, DE 19899 - 1031
                              302-658-6400
                              Attorneys for the Plaintiff Don's
                              Hydraulic's, Inc.

Dated: November 7, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
DON'S HYDRAULICS, INC.,          )
                                 )
          Plaintiff,             )    C.A. No. 04-1275 (KAJ)
                                 )
              v.                 )
                                 )
COLONY INSURANCE COMPANY,        )
TRUCK TECH INDUSTRIES, INC.,     )
and TIPCO TECHNOLOGIES, INC.,    )
                                 )
          Defendants.            )
```

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2005, upon consideration of Defendants' Motion in Limine, and responses thereto,  IT IS HEREBY ORDERED that said Motion is denied.

_____
The Honorable Kent A. Jordan

_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DON'S HYDRAULICS, INC.,           )
                                  )
          Plaintiff,              )     C.A. No. 04-1275 (KAJ)
                                  )
          v.                      )
                                  )
COLONY INSURANCE COMPANY,         )
TRUCK TECH INDUSTRIES, INC.,      )
and TIPCO TECHNOLOGIES, INC.,     )
                                  )
          Defendants.             )

**PLAINTIFF'S DON'S HYDRAULICS RESPONSE TO DEFENDANT COLONY
INSURANCE COMPANY, TRUCK TECH INDUSTRIES, INC, AND TIPCO
TECHNOLOGIES JOINT MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF
EVIDENCE OF PLAINTIFF'S DAMAGES**

TIGHE, COTTRELL & LOGAN, P.A.

 /s/ Michael K. Tighe
Michael K. Tighe (DE ID 29)
First Federal Plaza
704 N. King Street, Ste. 500
P.O. Box 1031
Wilmington, DE 19899 - 1031
302-658-6400
Attorneys for the Plaintiff Don's
Hydraulic's, Inc.

## TABLE OF CONTENTS

Table of Citations . . . . . . . . . . . . . . . . . . v

Procedural Summary . . . . . . . . . . . . . . . . . 1

Summary of the Argument . . . . . . . . . . . . . . . .1

Statement of Facts . . . . . . . . . . . . . . . . . 2

Legal Standard . . . . . . . . . . . . . . . . . . . 3

Argument . . . . . . . . . . . . . . . . . . . . . . 4

A.   Labor Expense. . . . . . . . . . . . . . . . . .5

B.   Meals, Travel, and Lodging Expense. . . . . . . . 5

C.   Expenses for Replacement Pumps . . . . . . . . . .6

D.   Fieldale Farm Expenses . . . . . . . . . . . . .6


Conclusion . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF CITATIONS

**CASES**                                                                    **PAGE**

<u>Keith v. Melvin L. Joseph Const. Co.</u>, No. Civ. A. 81C-SE-49, 1985
WL 189316 (Del. Super. Nov. 26, 1985). . . . . . . . . . . . 3, 5

<u>North American Phillips Corp. v. Aetna Casualty and Surety Co.</u>,
Civ. A. 88C-JA-155, 1995 WL 628447 (Del. Super. April 22, 1995).
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4


**OTHER AUTHORITIES**

Federal Rule of Evidence (401) . . . . . . . . . . .1

Federal Rule of Evidence (402) . . . . . . . . . . .1

Federal Rule of Evidence (403) . . . . . . . . . . .1

v

## PROCEDURAL SUMMARY

Plaintiff filed a Complaint against Defendants on July 9, 2004 and the action was removed to Federal Court on September 17, 2004.  On January 12, 2005 a Scheduling Order was entered, and Mediation occurred on September 27, 2005.  Trial is scheduled for April 3, 2006.

## SUMMARY OF ARGUMENT

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, all relevant Evidence is admissible unless it is unfairly prejudicial.  Plaintiff is permitted to produce documentary evidence supporting its claim for damages.  Here, plaintiff's damages evidence is relevant, admissible, and is not prejudicial.

Plaintiff's damages evidence is relevant, in that, it proves the losses plaintiff incurred as a direct result of failure of the suction hoses in question.

The evidence is admissible because it is relevant to Plaintiff's claim.  Plaintiff's claim for damages is based on the losses he incurred as a result of the failure of the suction hoses.

Plaintiff's damages evidence is not unfairly prejudicial to Defendants, nor will it cause confusion to the jury.  To be unfairly prejudicial, Plaintiff's evidence probative value must be substantially outweighed by the danger of unfair prejudice,

1

confusion of the issue, or misleading the jury.  Plaintiff's
damages evidence is not unfairly prejudicial to Defendants
because they were aware that Plaintiff incurred losses, due to
the suction hoses, and as such, have the chance to rebut that
evidence at trial.  The evidence will show the jury the extent of
the Plaintiff's losses.

Plaintiff's damages evidence is relevant, admissible
and probative and will not confuse the issues or mislead the
jury, therefore Defendants' motion in limine must fail.

## STATEMENT OF FACTS

In May of 2003 Plaintiff, Don's Hydraulics ("Don's"),
entered into a contract with Fieldale Farms to manufacture a
large hydraulic power unit to run its production facility in
Gainesville, Georgia.  Plaintiff ordered from Defendant, Truck
Tech Industries, Inc. ("TTI") twenty 2 ½ inch suction hoses as
part of the power unit.  TTI could not assemble these hoses in
house and sought out TIPCO Technologies, Inc. ("TIPCO") to
manufacture these hoses.

TIPCO delivered the hoses to TTI and TTI delivered the hoses
to Don's.  Don's installed the hoses and noted defects
immediately.  The hoses were rejected and TTI returned them to
TIPCO to be corrected.  This occurred several times up until
hoses were finally delivered that did not appear to be defective.
Even on the final delivery, Don's noticed one hose that was

2

cracked and it was summarily replaced by TTI and TIPCO.  Don's
shipped the power unit to Georgia.

The power unit was installed in Fieldale's facility in
Georgia and it became apparent the hoses were yet again
defective.  Don's taped the hoses to slow their leaking of air.
The introduction of air into this closed system led to cavitation
which destroyed the pumps internally.  Don's incurred substantial
labor costs attending to the defective hoses and disabled pumps
for an additional eight days.  (See Exhibit # 7).  Don's incurred
costs for replacement pumps, to replace the pumps destroyed by
cavitation.  Don's further incurred costs from Fieldale for loss
of production due to the slowing down and shutting off of
production lines because of diminished hydraulic pressure to run
those lines.

Don's total damages are approximately $196,359.85.  (See
Exhibit # 3). Of that, $84,204.90 is for loss of production and
overhead costs incurred by Fieldale as a result of the slow down
in production.  (See Exhibit # 7). The pumps replacement costs
were $51,429.02 plus an additional $10,928.10 in interests
because Don's paid for them on credit cards.  (See Exhibit # 7).
Don's incurred another $42,800.03 in expenses for those extra
eight days, in the form of lodging, meals, and payroll expenses.

## **LEGAL STANDARD**

In rulings on motions in limine, the trial court must

exercise its inherent and discretionary power to prevent prejudicial occurrences from transpiring in the presence of the jury. <u>Keith v. Melvin L. Joseph Const. Co.</u>, 1985 WL 189316 (Del. Super.).  To justify exclusion under Rule 403 at the pretrial stage, the court must have before it a record complete enough on the point at issue to be considered a virtual surrogate for a trial record.  <u>North American Phillips Corp. v. Aetna Casualty and Surety Co.</u>, 1995 WL 628447 (Del. Super.).

### ARGUMENT

Plaintiff argues that it produced sufficient evidence to prove damages in this case.  Plaintiff should be allowed to produce additional evidence at trial.  Plaintiff argues that although discovery has ended, Plaintiff is under an obligation to produce evidence as he discovers it, thus obeying the edict to produce whatever a continuing discovery may uncover.

Plaintiff argues that none of the evidence produced is "unfairly prejudicial" to Defendants, nor will it mislead the jury, or confuse the issues.  Defendants will not be prejudiced by Plaintiff's damages evidence, because they were on notice of the damages incurred in this matter since Plaintiff's deposition. Therefore Plaintiff's damages evidence is admissible.

Plaintiff's damages evidence is relevant in that it has a tendency to show what losses Plaintiff incurred after the suction hoses failed.  All relevant evidence is admissible, unless it

4

unfairly prejudices a party or will confuse the jury.  Unfair prejudice connotes more than mere damage to the opposing party, it is also present when the admitted evidence has the tendency to move the jury to render a decision on an improper basis.  <u>Keith v. Melvin L. Joseph Const. Co.</u>, 1985 WL 189316 (Del. Super.).  Here, none of Plaintiff's damages documentation is unfairly prejudicial.  It does not do any damage to the opposing party, nor does it have a tendency to move the jury to render a decision on an improper basis.  Therefore, all of Plaintiffs damage evidence is relevant and admissible.

**A. Labor Expense**

Plaintiff is entitled to introduce evidence of damages he incurred as a result of having to repair the unit after its failure.  It is the jury's decision what compensation Plaintiff is entitled to for having to replace the pumps, defective hoses, and making all other required repairs to the hydraulic power unit.  Attached are invoices from Rob's Hydraulics and Collins Welding which explain the expenses incurred.  (See Exhibit # 4).  Also attached are the payroll summaries previously produced. (See Exhibit # 5).

**B. Meals, Travel, and Lodging Expense**

Plaintiff is entitled to introduce evidence of the expenses he incurred as a result of having to extend his stay in Georgia, to make the repairs to the hydraulic power unit after the leaking

suction hoses caused its failure.  It is a jury's decision to determine what compensation Plaintiff is entitled to for having to extend his stay in Georgia.  Attached are the breakdown of expenses previously produced. (See Exhibit # 6).

### C. Expenses for Replacement Pumps

Plaintiff testified at length regarding the invoices for the replacement pumps.  (See Exhibit # 7).  Plaintiff testified that he bought the pumps through his son in law's business, Rob's Hydraulics.  (See Exhibit # 8). Plaintiff had to purchase them through Rob's because Plaintiff was not in Livingston Hayes' territory, however Rob's Hydraulics was in Livingston Hayes' territory.  Livingston Hayes supplied Plaintiff with the most competitive price and therefore he purchased the pumps from them, via Rob's Hydraulics.  Plaintiff testified that he had paid for these pumps on personal credit cards.  Plaintiff has recently received copies of the credit card statements from their issuers. (See Exhibit # 9).  Plaintiff is entitled to introduce the pump invoices and the credit card records for the purchase of the pumps.

### D. Fieldale Farms Expenses

Plaintiff is entitled to produce evidence of the losses Fieldale incurred that were invoiced to Plaintiff.  Plaintiff should not be precluded from allowing the question of how much Plaintiff owes Fieldale to get to the jury.  The jury should have

6

the ultimate determination how much to compensate Plaintiff for the losses Fieldale incurred due to the slowdown of production, until the leaking hoses could be changed out and the pumps were replaced.  (See Exhibit # 10).

### CONCLUSION

For the foregoing reasons, none of the evidence presents an unfair prejudice to Defendants.  From the time of Plaintiff's deposition, Defendants were on notice regarding the extent and types of damages Plaintiff incurred.  Plaintiff has produced sufficient evidence to present to a jury.


Respectfully Submitted


Dated: 11/7/2005               TIGHE, COTTRELL & LOGAN, P.A.

                               /s/ Michael K. Tighe
                               Michael K. Tighe (DE ID 29)
                               First Federal Plaza
                               704 N. King Street, Ste. 500
                               P.O. Box 1031
                               Wilmington, DE 19899 - 1031
                               302-658-6400
                               Attorneys for the Plaintiff Don's
                               Hydraulic's, Inc.