IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Don's Hydraulics, Inc. | : | |
|     Plaintiff | : | Civil Action No.:  04-1275 KAJ |
| | : | |
| vs. | : | |
| | : | |
| Colony Insurance Company and | : | |
| Truck Tech Industries, Inc., and | : | |
| Tipco Technologies, Inc. | : | |
|     Defendants | : | |

**DEFENDANTS COLONY INSURANCE COMPANY, TRUCK TECH INDUSTRIES, INC. AND TIPCO TECHNOLOGIES, INC. MEMORANDUM IN REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF PLAINTIFF'S DAMAGES**

The gist of Plaintiff's argument in opposition to Defendants' Motion in Limine is that Defendants are not prejudiced by the introduction of Plaintiff's damage evidence because Defendants "were aware that Plaintiff incurred losses, due to the suction hoses, and as such, have the chance to rebut that evidence at trial." See Plaintiff's Response to Defendants' Joint Motion In Limine to Preclude Introduction of Evidence of Plaintiff's Damages, pg. 2.  If the Court were to follow this faulty logic, there would be no need for discovery beyond that which is needed to establish or defend liability issues, since once liability is found, the amount of damages would be a given based upon Plaintiff's, and only Plaintiff's, calculations.  This logic is clearly faulty and presents a prime example of why Defendants' motion must be granted.

Plaintiff's logic overlooks the fact that Plaintiff must prove its damages.  Plaintiff's logic also overlooks the fact that Defendants have a right to investigate and determine the actual damages Plaintiff alleges.  Plaintiff's actions in this case, as they relate to complying

with discovery regarding Plaintiff's damage claim, have been nothing more than a deliberate attempt to withhold from Defendants evidence Defendants are entitled to in order to prepare a proper defense. In addition to the examples set forth in Defendants' Memorandum in Support of its Motion in Limine, Plaintiff's Response to Defendants' Motion presents additional facts which show that Plaintiff's actions have in fact prejudiced Defendants. Not only has Plaintiff produced self-authored and unsubstantiated documents to support its allegations of damages, but Plaintiff's evidence, which attempts to support these damages, has been produced late. Furthermore, Plaintiff has not been completely forthcoming with its discovery production. Due to Plaintiff's actions, Defendants have been unable to properly evaluate this case and provide a proper defense. Therefore, Defendants have been and will be prejudiced at trial by the introduction of Plaintiff's unsubstantiated, self-authored documents in support of its damage claim.

Prior to initiating this action Plaintiff sought recovery of $192,943.02[1] from the Defendants for the amount of damages allegedly sustained by the Plaintiff. See Exhibit "A" of Defendant's Motion in Limine. Now, after the close of discovery and an unsuccessful mediation, Plaintiff claims the damages it allegedly sustained amounts to $196,359.85[2]. See Exhibit 3 of Plaintiff's Memorandum in Opposition. This amount is $19,986.33 greater than the original damages alleged by Plaintiff. Of this amount, $10,928.10 represents interest incurred by Plaintiff by purchasing the replacement pumps with Plaintiff's credit cards. See Exhibit 9 of Plaintiff's Memorandum in Opposition.

---

[1] Of the $192,943.02 amount, $16,569.50 has been paid by Colony Insurance Company leaving a balance allegedly due of $176,373.52.
[2] This amount does not include the $16,569.50 that has been paid by Colony Insurance Company. Plaintiff now claims to have suffered an additional $19,986.33 in damages than originally claimed.

Despite requests by Defendants for this information, this is the first time Defendants have been provided with these credit card statements. Exhibit "A", p. 105.

Not only did Plaintiff fail to produce this documentation as required under Fed.R.Civ.P 26(a), but Plaintiff failed to produce this information when specifically requested by Defendants. Plaintiff's claim that it just "recently received copies of the credit card statements from their issuers" is a weak attempt to justify Plaintiff's blatant violation of the rules governing discovery. See Plaintiff's Memorandum in Opposition, pg. 6. Given that the statements are dated September 2003, it is difficult to believe that through a diligent attempt Plaintiff was unable to obtain copies of theses statement prior to the end of discovery. Plaintiff had ample time to obtain this information and provide it to Defendants at an early stage of this litigation. Plaintiff's failure to comply with the rules of discovery after Defendants' requested this information is inexcusable and is a clear attempt on the part of Plaintiff to interfere with Defendants' ability to timely retain experts to examine documents, participate in a meaningful mediation; and, learn the details of and properly defend the claims alleged against them in this action. As a result, Defendants have clearly been unfairly prejudiced by Plaintiff's actions. Therefore, Defendants' Motion in Limine to Preclude Evidence of Plaintiff's Damages must be granted.

Of the $19,986.33 in new damages, Plaintiff alleges, for the first time, that $5,845.00 of this amount represents the cost of hoses and $1,152.80 represents the cost of filters. See Exhibit 3 to Plaintiff's Memorandum in Opposition. Not only is this information made available to Defendants for the first time in Plaintiff's Memorandum in Opposition to Motion in Limine, but Plaintiff still has failed to provide any backup documentation (invoice, bill, canceled check, etc.) to show that Plaintiff incurred this cost

or to show what this cost actually represents.  Left with no supporting backup documentation to support these alleged damages, Defendants are forced to accept as true Plaintiff's allegation that these costs resulted from the failed hydraulic power unit at issue in this case, that the costs are accurate and that Plaintiff was actually liable for these costs. Defendants have no way of investigating the authenticity and accuracy of these charges, and therefore, have been prejudiced by Plaintiff's late production of these damages claims.

A closer examination of the excess of Plaintiff's new damage amount appearing in Exhibit "3" of Plaintiff's Memorandum in Opposition with Plaintiff's original damage amount which appears in Exhibit "A" of Defendants' Memorandum in Support (taking into account the $16,569.60 amount previously paid by Colony Insurance Company) reveals that $2,060.43 of the excess amount is unaccounted for in evidence produced by Plaintiff.[3] This is another example of how Defendants have been prejudiced and will be prejudiced at trial by the introduction of Plaintiff's damage evidence.  Because Plaintiff's damage amount cannot be corroborated and is constantly changing, Defendants are unaware of what to defend against, and therefore, how to construct a proper defense.

At no time during this litigation has Plaintiff been forthcoming in providing Defendants with evidence to support its damage claim.  Despite the fact that Defendants have worked with Plaintiff throughout this case by voluntarily agreeing to allow Plaintiff additional time to submit its expert reports, Plaintiff's actions have not only prejudiced Defendants, but have made a mockery of the court ordered mediation conference.  Without

---

[3] The difference between Plaintiff's original damage allegation (excluding the amount previously paid by Colony) of $176,373.52 and Plaintiff's new damage allegation (excluding the amount previously paid by Colony) of $196,359.85 amounts to $19,986.33.  However, the amount of new charges appearing on Exhibit "3" of Plaintiff's Memorandum in Opposition, charges which were not included in Plaintiff's original demand, is $17,925.90.  This leaves $2,060.43 in new damages that are unaccounted for in the evidence produced by Plaintiff.

complete and sufficient evidence to support Plaintiff's damages claim, meaningful discussion at mediation was limited and unsuccessful.

For the reasons set forth above and in Defendants' Memorandum in Support of Motion in Limine to Preclude Introduction of Evidence of Plaintiff's Damages, Defendants, Colony Insurance Company, Truck Tech Industries, Inc. and Tipco Technologies, Inc., respectfully request that this Honorable Court enter an Order precluding Plaintiff from introducing evidence of damages it sustained as a result of the Fieldale Farms project at the time of trial.

|  |  |
|---|---|
|  | **Respectfully Submitted** |
| Dated: <u>11/15/05</u> | GOLDFEIN & JOSEPH |
|  | <u>/s/ Gary H. Kaplan</u><br>Gary H. Kaplan (I.D. # 2965)<br>222 Delaware Avenue, Suite 1110<br>P.O Box 2206<br>Wilmington, DE 19899<br>(302) 656-3301<br>Attorney for Defendant Tipco Technologies, Inc. |
|  | FIGIOLA & FACCIOLO |
|  | <u>/s/ Anthony A. Figliola, Jr.</u><br>Anthony A. Figliola, Jr. (I.D. # 957)<br>1813 Marsh Road, Suite A<br>Wilmington, DE 19810<br>(302) 475-0460<br>Attorney for Defendant Colony Insurance Company |

ZARWIN, BAUM, DEVITO,
KAPLAN, SCHAER & TODDY, P.C.

/s/ Joseph M. Toddy
Joseph M. Toddy (PA I.D. # 42484)
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 569-2800
Attorney for Defendant Colony
Insurance Company


REGER RIZZO KAVULICH &
DARNALL, LLP

/s/ Cynthia G. Beam
Cynthia G. Beam (I.D. #2565
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Truck Tech
Industries, Inc.