IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DON'S HYDRAULICS, INC., : | |
| : | C.A. No.: 04-1275 KAJ |
| Plaintiff, : | |
| v. : | |
| : | |
| COLONY INSURANCE COMPANY, : | |
| TRUCK TECH INDUSTRIES, INC., : | |
| and TIPCO TECHNOLOGIES, INC., : | |
| : | |
| Defendants. : | |

## PROPOSED FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16, Federal Rules of Civil Procedure.

Plaintiff's Counsel:                Michael K. Tighe, Tighe Cottrell & Logan

Defendants' Counsel:

    Defendant Colony Insurance:     Joseph M. Toddy, Zarwin Baum DeVito
                                    Kaplan Schaer Toddy P.C.
                                    Local Counsel, Anthony A. Figliola, Jr.,
                                    Figliola & Facciolo

    Defendant Truck Tech Industries, Inc.:  Cynthia G. Beam, Reger & Rizzo

    Defendant Tipco Technologies, Inc.:  Gary H. Kaplan, Goldfein & Joseph

### I.    Nature of the Case

The parties should prepare a brief statement of the nature of the case including the claims of the parties (personal injury, federal tort claim, breach of contracts, etc.). The principal purpose of this statement is to assist the Court in explaining the case to prospective jurors upon selection of a jury.

Plaintiff, Don's Hydraulics, Inc., ("Don's") filed a complaint in the Superior Court in and for the County of New Castle on July 6, 2004 for damages arising out of the failure of a hydraulic power unit constructed by Don's for Fieldale Farm ("Fieldale"). Colony

1

Insurance Company, ("Colony") issued a general liability insurance policy to Don's. In its suit plaintiff alleges breach of contract against Colony and seeks coverage under the general liability insurance policy. Plaintiff's claims against TTI include; breach of contract, breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose and violation of Delaware Uniform Deceptive Trade Practices Act. Plaintiff's claims against Tipco include: negligent manufacture and design, breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose and violation of Delaware Uniform Deceptive Trade Practices Act.

**II.    Jurisdiction**

    A.    This is an action for:  Damages.

    B.    The jurisdiction of the Court is not disputed.

**III.   Uncontroverted Facts**

The following facts are not disputed or have been agreed to or stipulated to by the parties:

Don's proposed, designed and built a large hydraulic pumping station for Fieldale. As part of this project, Don's contracted with TTI to supply hoses and hose fittings and TTI subcontracted this work to Tipco. Hoses were assembled and delivered by Tipco to TTI and ultimately to Don's. Colony had issued a commercial general liability insurance policy to Don's Hydraulics with effective dates July 28, 2003 to July 28, 2004.

On September 12, 2003, Don's installed the hydraulic power unit and the system was operated for six hours the following day. Three pumps were run for one hour and three pumps were run overnight.

On September 15, 2003 Don's started operating eight pumps. Four of the pumps failed. By Friday, September 19, 2003 Don's procured twenty new hoses and retained a

2

cleaning company to filter and cleanse the oil in the machinery. The cleaning company found "moderate amounts of metal" and "some paper" in the oil and the oil reservoir.

**IV. Agreed to Issues of Law**

The parties agree that the following are the issues to be decided by the Court:

1. Motion for Summary Judgment filed on behalf of Colony.

2. Motion for Summary Judgment filed on behalf of Tipco.

3. Motion for Summary Judgment filed on behalf of TTI.

4. Cross Motion for Summary Judgment filed on behalf of Don's against Colony.

5. Negligence of plaintiff.

6. Negligence of defendants TTI and Tipco.

7. Breach of warranty claims against TTI and Tipco.

8. Don's ability to recover under the commercial general liability insurance policy issued by Colony Insurance Company.

9. Alleged violation of 6 Del. C. § 2532.

**V.    Witnesses (Please note those who will testify by deposition.)**

A. List of witnesses the plaintiff expects to call, including experts:

1. Expert witnesses.

   a. Anthony Cornetto, expert witness (Tipco and TTI Obj. FRE 702; 703; 801).

   b. Thomas W. Butler, expert witness (Tipco and TTI Obj. FRE 702; 703; 801).

   c. Don Cathell, expert witness (Tipco and TTI Obj. FRE 702, 703).

2. Non-expert witnesses.

   a. Sean Swain

      b.    James M. Biggs

Plaintiff reserves the right to call any witnesses listed by other parties to the litigation.

B.    List of witnesses defendant, Colony, expects to call, including experts:

    1.    Expert witnesses.
        a.  Thomas Butler (Tipco and TTI Obj. FRE 702; 703, 801).

        b.  Anthony Cornetto (Tipco and TTI Obj. FRE 702; 703, 801).

    2.    Non-expert witnesses.
        a.  Lisa Lackovitch (Tipco, TTI and Plaintiff Obj. FRE 402)

        b.  Janet Kim (Tipco, TTI and Plaintiff Obj. FRE 402)

        c.  Connie Haso (Tipco; TTI and Plaintiff Obj. FRE 402)

        d.  Don Cathell

        e.  Sean Swain

        f.  James Biggs

        g.  Timothy Bombick

Defendant Colony reserves the right to call any witnesses listed by other parties to the litigation.

C.    List of witnesses defendant, TTI, expects to call, including experts:

    1.    Expert witnesses.

    2.    Non-expert witnesses.
        a.  Sean Swain

        b.  Jim Biggs

        h.  Don Cathell

        i.  Delmar Cathell

        j.  Rob Lyons

        k.  Ed Ball (Plaintiff Obj. FRE 402, 403)

        l.  Ken Wilson (Plaintiff Obj. FRE 402, 403)

    m. Steven King (Plaintiff Obj. FRE 402, 403)

    n. Tony Blackmon (Plaintiff Obj. FRE 402, 403)

    o. Alfred Collins* (Plaintiff Obj. FRE 402, 403)

    p. Greg Knowles* (Plaintiff Obj. FRE 402, 403)

    q. Anna Lee Thompson* (Plaintiff Obj. FRE 402, 403)

    r. Egbert Martin* (Plaintiff Obj. FRE 402, 403)

    s. Claude Sullens* (Plaintiff Obj. FRE 402, 403)

* Will only need to be called if Defendants joint Motion in Limine regarding additional evidence of Damages is denied.

Defendant Truck Tech Industries, Inc. reserves the right to call any witnesses listed by other parties to the litigation.

List of witnesses defendant, Tipco, expects to call, including experts:

1. Expert witnesses.

    a. Richard Fisher (Plaintiff Obj. FRE 702, 703)

2. Non-expert witnesses.

    a. Robert Lyons

    b. Edward Ball

    c. Tim Bombick

    d. Sean Swain

Defendant Tipco reserves the right to call any witnesses listed by other parties to the litigation.

    C. If there are any third parties to the action, they should include an identical list of witnesses as that contained in Parts A and B above.

    D. Rebuttal Witnesses. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

**VI.    Exhibits**

As set forth in Local Rule 16.4(d)(6), "A list of pre-marked exhibits, including designations of interrogatories and answers thereto, request for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rule of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit."

Don's:

    a.    Proposal

    b.    Photos of the hydraulic power unit taken 8/25/03.

    c.    Correspondence from TTI to Tipco dated 8/21/03.  *(Obj. FRE 801)*

    d.    Correspondence from Don's to TTI dated 8/25/03.  *(Obj. FRE 801)*

    e.    Don's Daily Activities from 9/10-9/16/03.  *(Obj. FRCP 801)*

    f.    Livingston & Haven invoices dated 9/18 & 9/29/03.  *(Obj. FREP 801)*

    g.    JGB Enterprises' invoices dated 9/22/03.  *(Obj. FRE 801; 402; 403)*

    h.    Correspondence from Don's to TTI dated 11/6/03.  *(Obj. FRE 801)*

    I.    Report of Colony's expert SEA Limited.  *(Tipco and TTI Obj. FRE 801; 402; 403)*

    j.    Photos of the hydraulic power unit taken 9/2/05 and 9/8/05.  *(Obj. FRE 801; 402; 403)*

    k.    Don's Damages  *(Colony, Tipco and  TTI Obj. FRE 402; 403; 801)*

    l.    An example of the suction hoses currently used on the hydraulic power unit.  (*Tipco's Obj. FRE 402; 403)*

Plaintiff reserves the right to introduce any exhibits identified by other parties to the litigation.

Tipco:

1. 5/5/03 Proposal from Don's Hydraulics to Fieldale Farms

2. Quote from Tipco to Truck Tech

3. 7/30/03 Purchase Order from Truck Tech to Tipco

4. 8/15/03 Shipping Order from Tipco to Truck Tech

5. 8/18/03 Invoice from Tipco to Truck Tech

6. 8/22/03 Invoice from Tipco to Truck Tech

7. 8/27/03 Invoice from Tipco to Truck Tech

8. 8/29/03 Invoice from Truck Tech to Don's Hydraulics

9. 9/11/03 letter from Tipco to Truck Tech (*TTI Obj. FRE 801*).

10. 10/4/03 Project Summary Report from Cot-Puritech to Don's Hydraulics

11. 4/12/04 Memo from Truck Tech *(Don's Obj. FRD 801-802).*

Defendant Tipco reserves the right to introduce any exhibits identified by other parties to the litigation.

Colony:

1. Don's commercial general insurance policy issued by Colony.

2. Report of SEA Ltd. authored by Thomas Butler and Anthony Cornetto. (*Tipco and TTI Obj. FRE 801; 402; 403*).

3. TTI's answer to Tipco's interrogatories.

4. TTI's answer to Plaintiff's interrogatories.

5. March 5, 2004 letter from Michael Tighe to Lisa Lackovitch (*Tipco, TTI and Plaintiff Obj. FRE 402; 403*).

6. Undated letter from Lisa Lackovitch to Michael Tighe. (*Tipco, TTI and Plaintiff Obj. FRE 402; 403*).

    7.    Deposition transcript of Don Cathell dated May 26 and May 27, 2005. (*Tipco and TTI Obj. FRE 801*).

    8.    Deposition transcript of James Biggs dated August 3, 2005. (*Tipco and TTI Obj. FRE 801*).

    9.    Deposition transcript of Sean Swain dated August 3, 2005. (*Tipco and TTI Obj. FRE 801*).

    10.    Deposition transcript of Timothy Bombick dated June 30, 2005. (*Tipco and TTI Obj. FRE 801*).

Defendant Colony reserves the right to introduce any exhibits identified by other parties to the litigation.

<u>Truck Tech:</u>

1. 8/21/03 letter from Truck Tech Industries to Tipco. (Tipco Obj. FRCP 801).
2. Tony Blackmon's report prepared on October 4, 2003 for Fieldale Farms and Don's Hydraulics. *(Don's Obj. FRE 801-802).*
3. Photo of paper found wedged in hydraulic unit. *(Don's Obj. FRE 801-802).*
4. 8/25/03 letter of Don Cathell to Truck Tech Industries. (Tipco Obj. FRCP 801).
5. Photos identified as Cathell Deposition Exhibits 4-8.

Defendant Truck Tech Industries reserves the right to introduce any exhibits identified by other parties to the litigation.

**VII.  Damages**

An itemized statement of all damages, including special damages.

<u>Plaintiff:</u>

    Fieldale Invoices for loss of production.    $100,774.50

8

|  |  |
|---|---|
| Pumps Invoice | $ 51,429.02 |
| Pumps Interest | $ 10,928.10 |
| Daily Expenses 9/17-9/23, & 10/31 | $ 42, 800.03 |
| Replacement Hoses | $ 5,845.00 |
| Filters | $  1,152.80 |
| Total | $196,359.85 |

Defendants:

Defendants maintain that plaintiff's damages total $51,429.02.  A Motion in Limine has been filed regarding damages.

Of the $100,774.50 listed by Plaintiff for the Fieldale Invoices, Defendant Colony has previously paid $16,569.60 to Fieldale Farms for clean up cost, leaving a balance of $84,204.90.  Colony alleges it is entitled to reimbursement of this amount from Tipco and/or TTI.

## VIII. Bifurcated Trial

Indicate whether the parties desire a bifurcated trial, and, if so, why.

Plaintiff:  Not applicable.

Defendants Tipco and TTI do not desire a bifurcated trial.

Defendant Colony requires a bifurcated trial to determine the coverage issue under the insurance policy.  If it is determined that coverage is provided under the policy, Colony requires a separate trial on the damage aspects of the case.

## IX. Trial Briefs

Motions in limine shall not be separately filed. Any in limine requests shall be set forth, with citation to authorities and brief argument, in the proposed pretrial order. Each party shall be limited to five in limine requests, unless otherwise permitted by the Court. Briefing shall not be submitted on in limine requests, unless otherwise permitted by the Court.

1. TTI's Motion in Limine to Preclude Plaintiff's Liability Expert from Testifying as to Causation

2. Tipco's Daubert Motion in Limine to Preclude Plaintiff's Expert from Testifying

   3. Defendants' Joint Motion in Limine to Preclude Plaintiff from Presenting Evidence of Damage

**X.     Limitations, Reservations and Other Matters**

   A. **Length of Trial.** The probable length of trial is 5 days. The case will be listed on the trial calendar to be tried when reached.

   Mark appropriate box:     Jury __X____
                             Non-jury _____

   Defendant Colony requires a non-jury trial on the bifurcated trial to determine coverage.

   B. **Number of Jurors.** There shall be six jurors and two alternate jurors.

   C. **Jury Voir Dire.** The Court will conduct voir dire. If voir dire questions are to be tendered, they should be submitted with the final pretrial order.

   IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: _____


                                          _____
                                          UNITED STATES DISTRICT JUDGE

                                          APPROVED AS TO FORM AND SUBSTANCE:

                                          _____
                                          ATTORNEY FOR PLAINTIFF, DON'S

                                          _____
                                          ATTORNEY FOR DEFENDANT, COLONY

_____
ATTORNEY FOR DEFENDANT, TTI


_____
ATTORNEY FOR DEFENDANT, TIPCO


NOTE:    Where a third-party defendant is joined pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, the pretrial order may be suitably modified. The initial page may be modified to reflect the joinder. List attorney's name, address, and telephone number.