IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DON'S HYDRAULICS, INC., | : | |
| | : | C.A. No.: 04-1275 KAJ |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| COLONY INSURANCE COMPANY, | : | |
| TRUCK TECH INDUSTRIES, INC., | : | |
| and TIPCO TECHNOLOGIES, INC., | : | |
| | : | |
| Defendants. | : | |

PRELIMINARY JURY INSTRUCTIONS

INTRODUCTION

Members of the jury: Now that you have been sworn, I am no going to give you some preliminary instructions to guide you in your participation in the trial.

THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

In this case, the plaintiff, Don's Hydraulics, claims that damages resulted from the failure of a hydraulic power unit constructed by Don's for Fieldale Farms ("Fieldale"). Don's alleges that suction hoses supplied by TTI and assembled by Tipco leaked causing the failure of the power unit. Don's alleges that Colony had a duty to pay claims related to the losses. Defendants deny these claims.

Defendant Colony Insurance Company contends that the alleged losses to Fieldale Farms and Plaintiff are not covered by the terms of the insurance policy. Therefore, Colony has not duty to pay the alleged losses.

Defendant Colony Insurance Company alleges that should the jury find that Plaintiff is entitled to recovery, such recovery is due to the negligence of Defendants Truck Tech Industries, Inc. and Tipco Technologies, Inc. As such, Defendant Colony Insurance Company has filed a cross-claim against Defendants Truck Tech Industries, Inc., and Tipco Technologies, Inc., alleging that Truck Tech and Tipco are solely liable, jointly and severally liable and/or liable over to Colony Insurance Company.

Truck Tech Industries, Inc. alleges that it extended no implied warranty, and denies that any warranty or contract was breached. Truck Tech Industries, Inc. further alleges that it was Don's Hydraulics' own negligent conduct that caused the alleged losses. Furthermore, Truck Tech Industries has a cross claim against Tipco Technologies for indemnification and contribution.

Tipco Technologies, Inc. maintains that it extended no implied warranty of merchantability and denies that any implied warranty of merchantability was breached. Tipco Technologies, Inc. further alleges that it was Don's Hydraulics' own negligent conduct that caused the alleged losses. Lastly, Tipco Technologies, Inc. has a cross claim against Truck Tech Industries for indemnification and contribution.

You will be asked to determine whether the suction hoses leaked and caused the failure of the hydraulic power unit, the negligence, if any, of Don's Tipco or TTI, whether Tipco or TTI breached their implied warranty of merchantability and whether Colony had a duty to pay claims related to the losses.

If appropriate, you will be asked to determine the amount of money damages necessary to compensate Don's for all of its losses.

## DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of facts. You will have them to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of evidence. You must follow what law whether you agree with it or not. In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the parties mean. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also do not let anything that I may say or do during the course of trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what the verdict should be.

## EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consists of the answers to the witnesses to questions posed by the attorneys or the court – you may not ask questions.) Evidence will also

consist of documents and other things received into the record as exhibits, and any facts that they lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or the by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything that you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find fact from all evidence in the case, whether direct or circumstantial or a combination of the two.

## CREDIBILITY OF WITNESSES – WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness's credibility. You should consider each witnesses' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; an all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you cannot do this, then it is your duty and privilege to believe the testimony that, in you judgment, is most believable and disregard any testimony that, in you judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

## SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decisions. But in order to help you follow the evidence, I will now give you a brief summary of the elements which plaintiff must prove to make its case. Summarize elements.

## BURDEN OF PROOF

As I told you during voir dire, this is a civil case. Here plaintiff has the burden of proving its case by what is called a preponderance of the evidence. That means the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true that not. To put it differently, if you put the plaintiff's and defendants' evidence on opposite sides of a scale, the

5

evidence supporting the plaintiff would have to make the scale tip somewhat on its side. If the plaintiff fails to meet this burden, the verdict must be for the defendants. The plaintiff must also prove its damages by a preponderance of the evidence.

Those of you have sat on a criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride in the elevator, or the like, remember it is because they are not supposed to talk to you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to any research or make any investigation about this case on your own.

Finally, do not form any opinion until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written

6

down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid you own individual memory and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, you memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for you own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decisions.

## COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

2. These preliminary instructions to you;

3. Opening statements which are intended to explain to you what each side intends to prove and offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their time to present evidence.

4. The presentation of evidence will include live witnesses and also may include previously recorded testimony, as well as documents and things;

5. My final instructions on law to you;

6. The closing arguments of the lawyers which will be offered to help you make your determination; and finally,

7. Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

## TRIAL SCHEDULE

Though you have heard me say this during voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take four days to try. We will normally begin at 9:00 A.M. promptly. We will go until 12:30 P.M. and, after a one hour break for lunch, from 1:30 P.M. to 4:30 P.M. There will be a fifteen minute break at 10:30 A.M. and another fifteen minute break at 3:00 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 P.M. We will post a copy of this schedule for your convenience in the jury deliberation room.