IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DON'S HYDRAULICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1275 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | |
| COLONY INSURANCE COMPANY, | ) | |
| TRUCK TECH INDUSTRIES, INC., | ) | |
| and TIPCO TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## VOIR DIRE

Good morning, ladies and gentlemen. I am Judge Jordan, and I will be presiding over the trial for which a jury is about to be drawn in the case. The parties are Don's Hydraulics, Inc., Colony Insurance Company, Truck Tech Technologies, Inc., and Tipco Technologies, Inc. Briefly stated, this is a case involving allegations of breaches of contracts and negligence. The defendants deny these allegations. The trial may last up to 4 days. I time my trials, so the attorneys will have to complete their trial presentations within these limits. While it appears unlikely at this point, jury deliberations may require you to be present longer than that number of days.

I am going to ask you a series of "yes or no" questions, the purpose of which is to: (1) enable the court to determine whether or not any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment in helping to determine the final composition of the jury. If any of you have "yes" answer to any of my questions, please keep track of that in your own mind. When I have concluded asking all the questions I will ask all those who had a "yes" answer to any of my questions to raise their hands.

1

Then we will call you to the bench individually to speak with you about your affirmative response or responses.

1. As I mentioned, this case is expected to take 4 or less business days to try. Is there any member of the panel who would be unable to sit as a juror in the case for that period of time?

2. Do you know anything about this case?

3. Plaintiffs are represented by Michael K. Tighe. Do you know, or are you a client of Michael K. TIghe, or his law firm, Tighe, Cottrell, & Logan?

4. Defendant, Colony Insurance Company, is represented by Joseph M. Toddy of the law firm Zarwin, Baum, DeVito, Kaplan, Schaer, & Toddy, P.C. and Local Counsel, Anthony A. Figliola, Jr., Figliola & Facciolo. Do you know, or are you a client of Joseph M. Toddy or his law firm Zarwin, Baum, DeVito, Kaplan, Schaer, & Toddy, P.C.? Do you know, or are you a client of Anthony A. Figliola, Jr., or his law firm Figliola & Facciolo.?

    Defendant, Truck Tech Industries, Inc., is represented by Cynthia G. Beam, of the law firm Reger & Rizzo. Do you know, or are you a client of Cynthia G. Beam or her law firm Reger & Rizzo?

    Defendant, Tipco Technologies, Inc., is represented by Gary H. Kaplan, of the law firm Goldfein & Joseph. Do you know, or are you a client of Gary H. Kaplan or his law firm Goldfein & Joseph?

5. Is any member of the panel related to or personally acquainted with any of the parties, either the Plaintiffs, Don's Hydraulics, or the Defendants Colony

Insurance Company, Truck Tech Technologies, Inc., and Tipco Technologies, Inc.?

6. Are you or any of your family members a present or former employee of Don's Hydraulics, Colony Insurance Company, Truck Tech Technologies, Inc., and Tipco Technologies, Inc.?

7. Do you know any of the witnesses who will appear in this trial?

They are:

>   Anthony Cornetto
>   Thomas W. Butler
>   Don Chathell
>   Sean Swain
>   James M. Biggs.
>   Timothy Bombick
>   Delmar Chathell
>   Richard Fisher
>   Roby Lyons
>   Ed Ball
>   Ken Wilson
>   Steven King
>   Tony Blackmon
>   Alfred Collins
>   Greg Knowles
>   Anna Lee Thmpson
>   Egbert Martin
>   Tom Hinsley
>   Claude Sullens

8. Do you have specialized training in hydraulics, distribution, or insurance?

9. Do you have any knowledge about, or familiarity with hydraulics, distribution, or insurance?

10. Do any of your immediate family members work in the hydraulics, distribution, or insurance?

11. Do you have any feelings or beliefs about breach of contract or negligence cases in general or damages awards that would influence your decision in a case like this one?

12. Would you be unable to render a fair and impartial verdict based solely upon the evidence presented in court and under the law as presented to you?

13. Have you ever been party in a lawsuit?

14. Have you or any member of your family ever made a claim or had a claim made against you for breach of contract or negligence?

15. Have you or any member of your family ever suffered a negligence claim, breach of contract claim, breach if warranty claim, or have an insurance company fail to reimburse you for a loss?

16. Do you know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?

**Voir Dire Questions Submitted By Defendant Colony Insurance Company**

17. Have you or any member of your family filed a claim against an insurance company for payment under an insurance policy?

18. Have you or any member of your family ever been employed by an insurance company or in the insurance industry?

19. Just because one of the Defendants is an insurance company, could you still render a fair and impartial verdict?

20. Have you or any member of your family ever had a negative experience with an insurance company?

21. Do you believe that just because someone has brought suit that they are entitled to money damages?

22. Is there any factor or circumstance, which you believe would prevent you from hearing the evidence and rendering a fair and impartial verdict?

23. Have you or anyone close to you been employed as a lawyer or in a law-related job?

24. Would you have any problem following the Court's instruction that the plaintiff has the burden of proof, but unlike a criminal case, the test is not beyond a reasonable doubt but "more likely than not"?

25. Would you have any problem putting aside sympathy for the plaintiff and deciding the case solely on the evidence?

26. Do you have any fixed views on the legal system or lawyers which might prevent you from reaching a fair and impartial verdict according to the facts and the law of this case?

27. Are there any prospective jurors among you who will be unable, for any reason whatsoever, to listen to the evidence, abide by the law as instructed to you by the Court at the close of all of the evidence, and decide the case based on the evidence and the law, fairly and impartially, fully respecting the law as given to you by the Court as the applicable law in this case, whether you personally agree with that law or not?

28. Do any of you own a company of small business?

29. Do you know of any other matter which you believe should be called to the court's attention as having some bearing upon your qualifications or ability to sit as a juror, or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?