IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Don's Hydraulics, Inc. | : | |
|     Plaintiff | : | Civil Action No.: 04-1275 KAJ |
| | : | |
| vs. | : | |
| | : | |
| Colony Insurance Company and | : | |
| Truck Tech Industries, Inc., and | : | |
| Tipco Technologies, Inc. | : | |
|     Defendants | : | |

### DEFENDANT COLONY INSURANCE COMPANY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF EVIDENCE OF FIELDALE FARMS DAMAGES

Defendant Colony Insurance Company (hereinafter "Colony") respectfully moves this Court to preclude Plaintiff, Don's Hydraulics, Inc., from introducing evidence of damages incurred by Fieldale Farms as a result of the failed hydraulic power unit manufactured by Plaintiff. This request is made on the grounds that the evidence is not relevant to the trial and will be unfairly prejudicial to Colony, will confuse the issues at trial and will mislead the jury.

I.    PROCEDURAL HISTORY

Plaintiff filed a Complaint on July 9, 2004 and the action was removed to Federal Court on September 17, 2004. In the complaint Plaintiff alleges that Colony breached it contract under the Policy and Plaintiff seeks to collect damages it incurred as a result of the failure of the hydraulic power unit as well as damages allegedly incurred by Fieldale Farms.

During the course of the litigation Colony filed a motion for summary judgment. By order dated March 2, 2006 the Court granted in part and denied in part Colony's

summary judgment request. The Court granted summary judgment in favor of Colony as to the alleged damages sustained by Plaintiff. The Court denied Colony's summary judgment request as to the alleged damages sustained by Fieldale Farms. On March 7, 2006, the Court held a final pretrial conference with the parties. During the conference the Court granted the parties leave to depose individuals from Fieldale Farms. The deposition of Tom Hensley, Executive Vice President and Chief Financial Officer of Fieldale Farms and Claude Sullens, General Manager of Fieldale Farm's Gainesville operations, took place on March 20, 2006. As a result of the testimony of the Fieldale Farms employees, Colony files this motion in limine asking that testimony regarding Fieldale Farms damages be precluded from evidence at trial.

## II.    STATEMENT OF FACTS

This case arises out of a failed hydraulic power unit manufactured by Plaintiff for a non-party entity, Fieldale Farms. In May 2003, Plaintiff entered into a contract with Fieldale Farms to manufacture and install a hydraulic power unit at Fieldale's poultry processing plant in Gainesville, GA. Plaintiff manufactured the power unit and delivered it to Fieldale Farms for installation. At some point after installation of the power unit at Fieldale Farm's Gainesville plant, the hydraulic power unit failed and Fieldale Farms incurred damages in the amount of approximately $100,774.50. During the time of the manufacture and installation of the hydraulic power unit, Plaintiff was insured under a commercial general liability policy (hereinafter the "Policy") issued by Colony.

The deposition of Tom Hensley, Executive Vice President and Chief Financial Officer of Fieldale Farms occurred on March 20, 2006. During the deposition, Mr. Hensley testified to the nature of the damages sustained by Fieldale Farms. Mr. Hensley

testified that the damages represented an increase in labor and overhead expense. Exhibit "A", pages 12-36. Mr. Hensley also testified that Fieldale Farms has never attempted to collect the damages from Plaintiff and Fieldale Farms has written the damages off as ordinary and necessary business expenses. Exhibit "A", page 19. None of the alleged damages incurred by Fieldale Farms has been passed on to Plaintiff. Given that the damages have been written off, it is unreasonable to expect that Fieldale Farms will attempt to collect the damages from Plaintiff. As such, of the approximate $100,774.50 in damages sustained by Fieldale Farms that Plaintiff attempts to collect from Colony, Plaintiff is not responsible for any of the damages.

### III.   ARGUMENT

Under Federal Rule of Evidence 402, only relevant evidence is admissible. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. Fieldale Farms damages evidence is not relevant to this action because it would not assist Plaintiff in establishing any fact that is of consequence to the determination of this action.

Under Delaware law, to prevail on a breach of contract claim the plaintiff must prove: 1) a contractual obligation existed, 2) a breach of that obligation by defendant, and 3) resulting damage to plaintiff. H-M Wexford LLC v. Encorp. Inc., 832 A.2d 129, 140 (Del. Ch. May 27, 2003). Even with the evidence of Fieldale Farms damages, Plaintiff cannot prove breach of contractual obligation by Colony nor can Plaintiff prove resulting damage. Therefore, testimony of Fieldale Farms damages is not relevant to the present case and must be omitted from evidence.

To prove Colony breached it contractual obligation under the insurance policy, Plaintiff must prove that Colony failed to pay "those sums that *the insured becomes legally obligated* to pay as damages...." See Exhibit "A" of Colony's Motion for Summary Judgment, Commercial General Liability Coverage Form, Section 1.A.1.a. Emphasis added. Whether Plaintiff is legally obligated to pay the alleged damages suffered by Fieldale Farms turns on the definition of "legally obligated", and therefore, is a question for the Court to decide. CIGNA Ins. Co., v. Didimoi Property Holdings, 110 F. Supp. 2d 259, 263 (2000) ("The interpretation of insurance contracts is a question of law.") No breach has occurred because Plaintiff is not legally obligated to pay the alleged damages suffered by Fieldale Farms. Legally is defined as lawfully which means, "according to law". Black's Law Dictionary, Fourth Edition, p. 1043. Obligate is defined as "to bind or constrain; to bind to the observance or performance of a duty...." Black's Law Dictionary, Fourth Edition, p. 1223. Thus, in order for coverage to exist under the insurance policy for the Fieldale Farms damages, Plaintiff must owe a lawful obligation or be legally bound to compensate Fieldale Farms for the alleged damages it sustained as a result of the hydraulic power unit failure. Plaintiff has no obligation; much less a legal obligation to pay Fieldale Farms for the damages Fieldale incurred, and any testimony of Fieldale's damages will not establish such a legal obligation. The evidence is clear, Fieldale Farms Executive Vice President and Chief Financial Officer, Tom Hensley, testified that Fieldale Farms has made no attempt to collect the damages from Plaintiff. Exhibit "A", page 19. In fact, Fieldale Farms has written the damages off as ordinary and necessary business expenses. Exhibit "A", page 19. This testimony clearly establishes that Plaintiff is not legally bound by law to pay Fieldale Farms for the damages Fieldale allegedly incurred.

4

Furthermore, even with the Fieldale Farms damages evidence, Plaintiff is unable to establish that it suffered damages due to an alleged breached of contract by Colony. As established in Tom Hensley's deposition, Fieldale Farms has not attempted to collect the damages from Plaintiff, and has written off the damages as general business expense. Exhibit "A", page 19. Therefore, if Colony is found to be in breach of the insurance policy, which it is not, Plaintiff is unable to prove it suffered any damages because Fieldale Farms has not attempted to collect from Plaintiff. All Fieldale Farms damages testimony establishes is that Fieldale Farms incurred certain expenses as a result of the hydraulic power unit. The testimony does not establish that Plaintiff is legally bound to compensate Fieldale Farms for the damages. Thus, introduction of Fieldale Farms damages would not assist Plaintiff in establishing any fact that is of consequence to the determination of this action, and therefore, is not relevant to this action and must be excluded from evidence.

Any testimony or evidence regarding the damages sustained by Fieldale Farm does not have the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Therefore, the evidence is not relevant to Plaintiff's claim against Colony and must not be allowed at trial.

If the Court finds Fieldale Farms damages evidence is relevant, it must be excluded from trial because the evidence would be unfairly prejudicial, confuse the issues at trial and mislead the jury. F.R.E. 403. Admission of Fieldale Farms damages at trial would confuse the issues and mislead the jury by attributing damages allegedly suffered by Fieldale Farms to Plaintiff. As the evidence shows, Plaintiff is not responsible for the damages suffered by Fieldale Farms. Plaintiff does not owe Fieldale Farms for the

5

damages nor has Fieldale Farms attempted to collect from Plaintiff for any of the damages. Exhibit "A", page 19. Any testimony regarding Fieldale Farms damages will undoubtedly confuse the issues at trial and mislead the jury into believing that Plaintiff actually suffered the damages alleged by Fieldale Farms or that Plaintiff is liable to Fieldale Farms for the damages. Allowing such testimony into evidence would unfairly prejudice Colony. Therefore, testimony and evidence regarding Fieldale Farms damages must be precluded from trial.

IV. CONCLUSION

For the reasons set forth above, Colony Insurance Company respectfully requests this Court enter an Order precluding Plaintiff from introducing evidence of Fieldale Farms damages at the time of trial

Dated: 03/31/06

**Respectfully Submitted**

FIGLIOLA & FACCIOLO

/s/ Anthony A. Figliola, Jr.
Anthony A. Figliola, Jr. (I.D. # 957)
1813 Marsh Road, Suite A
Wilmington, DE 19810
(302) 475-0460
Attorney for Defendant Colony
Insurance Company

ZARWIN, BAUM, DEVITO,
KAPLAN, SCHAER & TODDY, P.C.

/s/ Joseph M. Toddy
Joseph M. Toddy (PA I.D. # 42484)
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 569-2800
Attorney for Defendant Colony
Insurance Company